# ORIGINAL[1]

$530$

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**FILED**

Name ___Moss_____Andrew_____ B_____
     (Last)                       (First)              (Initial)

JUN 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Prisoner Number E-74525_____

Institutional Address ___4-N-27 Up; San Quentin State Prison._____

                ___San Quentin, CA 94964_____

UNITED STATES DISTRICT COURT **E-filing**

NORTHERN DISTRICT OF CALIFORNIA

**CV 08 2891**

**PJH**

___Andrew Bernard Moss_____
Full Name of Petitioner

Case No.(To be provided by the
clerk of court)

(PR)

vs.

___Robert L. Ayers, Jr., (Warden)___ PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

08-2891/PJH

Read Comments Carefully Before Filling In

## When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

## Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.    What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Contra Costa Superiro Court
     Court                                 Location

(b)    Case number, if known  881964-1
(c)    Date and terms of sentence  February 20, 1990; 7 years-to-life.
(d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) YesX    No

Where? 4-N-27 Up; San Quentin State Prison; San Quentin, CA 94964.
     (Name of Institution)                (Address)

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Attempted murder; P.C. §§ 187 and 664.

3.    Did you have any of the following?

Arraignment: Yes X  No ___  Preliminary Hearing: Yes X  No ___ Motion to Suppress: Yes X  No ___

3

4.    How did you plead?

Guilty _____    Not Guilty __X___    Nolo Contendere _____

Any other plea (specify) _____

5    If you went to trial, what kind of trial did you have?

Jury _X___    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?  Yes X̶ No __

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment  Yes X̲        No __
(b)    Preliminary hearing        Yes X        No __
(c)    Time of plea  Yes X̲        No _
(d)    Trial  Yes X̲        No __
(e)    Sentencing  Yes X̲        No __
(f)    Appeal        Yes X̲        No
(g)    Other post-conviction proceeding    Yes __        No X̲

8.    Did you appeal your conviction?    Yes X̲  No __

(a)    If you did, to what court(s) did you appeal?

Court of Appeal        Yes X̲        No __        Unknown; conviction affirmed.
                                                   (Year)                    (Result)
Supreme Court of
California              Yes X̲        No __        1994 or 1995; review denied.
                                                   (Year)                    (Result)

Any other court        Yes X̲        No __        2003; HABEAS CORPUS DENIED.
                                                   (Year)                    (Result)

(b)    If you appealed, were the grounds the same as those that you are raising in this
petition?                                Yes __  No X̲

(c)    Was there an opinion?    Yes X  No

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                                         Yes        No X

4

If you did, give the name of the court and the result:

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes         No _X_

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court ___N/A.___

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

II. Name of Court ___N/A.___

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

III. Name of Court ___N/A.___

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

    (b)   Is any petition, appeal or other post-conviction proceeding now pending in any

court?   Yes __ No X

---

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One  PLEASE SEE ATTACHED PETITION.

Supporting Facts: PLEASE SEE ATTACHED PETITION.

Claim Two: PLEASE SEE ATTACHED PETITION.

Supporting Facts: PLEASE SEE ATTACHED PETITION.

Claim Three: NONE.

Supporting Facts: NONE.

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

N/A.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Hewitt v. Helms, 459 U.S. 460 (1983); Ake v. Oklahoma, 470 U.S. 68 (1985); In re Semons, 208 Cal.App.3d 1022 (1989); Superintendent v. Hill, 472 U.S. 445 (1985); In re Dikes, 121 Cal.App.4th 825 (2004).

Do you have an attorney for this petition?    Yes __ No X

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on <u>May 9,  2008</u>          <u>andrew B Thoss</u>
              Date                          Signature of Petitioner

( rev. 5/96)

9

1  Andrew Bernard Moss
   CDCR # E-74525
2  4-N-27 Up
   San Quentin State Prison
3  San Quentin, CA 94964

4  Petitioner In Pro Se

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  Andrew Bernard Moss,                )    No.
                                        )
11              Petitioner,             )    PETITION FOR WRIT OF
                                        )    HABEAS CORPUS; MEMORANDUM
12                                      )    OF POINTS AND AUTHORITIES
          v.                            )    IN SUPPORT THEREOF
13                                      )
                                        )
14  Robert L. Ayers, Jr., Warden,       )
                                        )
15              Respondent.             )

16      **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

17          **PETITION FOR WRIT OF HABEAS CORPUS**

18      Petitioner is a prisoner of the State of California[1],

19  and was unlawfully found guilty of a disciplinary infraction

20  in violation of the Constitution or laws or treaties of the

21  United States, in the matter of Rules Violation Report number

22  03-07-NB-03-012.

23      This Court has jurisdiction and power to issue a writ of

24  habeas corpus in this case pursuant to Title 28 U.S.C. § 2241.

25  _____

26  [1] Petitioner is incarcerated pursuant to a criminal conviction
    occurring in the Superior Court of California, County of Contra
27  Costa, case number 881964-1, which is not at issue in the instant
    petition.

28

                              1

1

## STATEMENT OF THE CASE

2     Petitioner was charged by administrative Rules Violation
3   Report ("RVR") with possession and distribution of a controlled
4   substance.

5     Approximately one and one half months after allegedly
6   finding the suspected marijuana in petitioner's cell and personal
7   property, on March 7, 2007, San Quentin's ("SQ") Special Security
8   Squad ("Squad") mailed the evidence to an outside laboratory
9   for toxicological testing.

10     After the toxicological report confirmed that the material
11  tested was in fact marijuana, petitioner had his disciplinary
12  hearing on April 3, 2007, wherein he was found guilty   of
13  the offense, assessed with corresponding credit forfeiture,
14  and ordered to submit to one year's time of urinalysis testing.

15     Upon exhaustion of his administrative remedies challenging
16  the disciplinary findings, petitioner sought collateral review
17  by filing a petition for writ of habeas corpus in the Superior
18  Court of California, County of Marin; he alleged the disciplinary
19  findings violated his due process rights as they were not
20  supported by some evidence, and the Squad deliberately and
21  unreasonably delayed in obtaining toxicological testing in
22  violation of his due process rights.

23     Following the Superior Court's September 21, 2007, denial
24  of his petition, petitioner filed an original petition for writ
25  of habeas corpus with the California First District Court of
26  Appeal on January 20, 2008. After the appellate court's denial
27  of the petition, petitioner finally took his claims before the
28  California Supreme Court on February 23, 2008.

2

1     The State's Supreme Court denied habeas corpus relief on
2   April 9, 2008.

3     There are no other petitions pending in any other courts
4   concerning petitioner's disciplinary conviction.

5                    **STATEMENT OF FACTS**

6     At approximately 0700 hours on January 22, 2007, the Squad
7   conducted cell searches on six (6) separate cells of SQ's North
8   Block,$\frac{2/}{}$ petitioner's cell was one of them. (SEE, Exhibit "A".)

9     Squad Officers George Lemos and Sung approached 4-N-27,
10  a cell being occupied by Larry Stiner and petitioner, and
11  directed Stiner to "step out." Once out of the cell, Stiner
12  was asked by the Squad "where is your property," at which time
13  Stiner pointed to the general area of his property's location.
14  Lemos and Sung subsequently entered the cell and began searching
15  petitioner's property.

16    During the search, it was said that Lemos discovered a
17  "plastic bindle containing plant matter" under the right insole
18  of a pair of K-Swiss tennis shoes believed to belong to
19  petitioner. (SEE, Exhibit "B" at p. 1.) After discovery of the
20  suspected contraband, Lemos secured the evidence on his person
21  and resumed searching the cell with negative results for
22  additional contraband. (Ibid.) Upon completion of their search,
23  the Squad permitted Stiner to reoccupy the cell without incident.
24    At some point after the Squad's search concluded, Lemos
25  returned to the Squad's office and conducted a Narcopouch field

26

27  $\frac{2/}{}$ North Block is comprised of five (5) tiers with forty-two
    cells on each tier except for the first tier which has forty-
28  one cells for a combined total of three hundred and thirty-two
    cells.

                             3

 1 drug test which tested positive for marijuana. (SEE, Exhibit
 2 "B" at 1.) The suspected marijuana was then received in the
 3 Squad's evidence room, per institutional procedure, to ultimately
 4 be forwarded to an external laboratory for toxicological testing.
 5 (Id.)

 6      On the same day, at approximately 0800 hours, Squad Officers
 7 Lemos and Sung arrived at petitioner's job assignment and strip
 8 searched him. In the process, petitioner inquired of the basis
 9 of such and was simply informed "we found a few items in your
10 cell we might want to talk to you about."

11      Subsequently, between 1030 and 1100 hours, petitioner was
12 summoned to SQ's Max Shack$^{3/}$ by Correctional Officer S. Moore
13 for what was then believed to be a random urinalysis test.

14      On February 5, 2007, the external laboratory SQ utilizes
15 for toxicological testing, National Toxicology Laboratories,
16 Inc., issued a copy of its report to the Squad confirming
17 Stiner's and petitioner's urinalysis test positive for THC
18 (cannabinoids). (SEE, Exhibit "C" at p. 11.)

19      On or about March 7, 2007, $^{4/}$ the Squad sent an envelope
20 containing the suspected marijuana allegedly retrieved from
21 petitioner's cell to the Santa Rosa Laboratory ("Laboratory")

22

23 $\underline{3/}$  The Max Shack is an officer watch or security post located
   on SQ's "upper yard" which is used by officers as a check point
24 for inmates and observation security post.

25 $\underline{4/}$  Petitioner estimates that this was the date of mailing seeing
   the toxicology report reflects the evidence was received on
26 March 9, 2007.

27

28

                                4

1 | for toxicological testing. (SEE, Exhibit "C" at p. 10.)

2 | On March 15, 2007, the Laboratory issued its report
3 | indicating that the 0.17 grams of plant matter sent to it by
4 | the Squad "tested positive for marijuana." (Ibid.) A copy of
5 | this report was faxed to SQ on March 16, 2007.

6 | At approximately 2030 hours on March 27, 2007, petitioner
7 | learned for the first time that marijuana was purportedly found
8 | in his cell. This information was provided by his receipt of
9 | a Rules Violation Report ("RVR") for "Possession [sic] Controlled
10 | Sub[stance] & Dist[ribution]." Petitioner also learned for the
11 | first time that this marijuana was said to have been found inside
12 | a pair of K-Swiss tennis shoes confiscated allegedly from his
13 | cell. (SEE, Exhibit "B".)

14 | Over the course of his 19 years of incarceration or while
15 | housed at SQ, petitioner has never owned a pair of K-Swiss tennis
16 | shoes.

17 | Relying exclusively on Lemos' statement that he retrieved
18 | the marijuana from petitioner's cell, and the Laboratory's report
19 | confirming the plant matter sent to it was marijuana, on April
20 | 3, 2007, Correctional Lieutenant, C.P. Young, found petitioner
21 | guilty of said RVR. (SEE, Exhibit "D" at p. 2.)

22 | During his nearly 20 years of incarceration, petitioner
23 | has not received any disciplinary actions for drug related
24 | offenses. This is the first instance.

25 | After exhausting his administrative remedies, on September
26 | 5, 2007, petitioner commenced his round of collateral attack
27 | within the state courts. (SEE, Exhibit "E".)

28 | ///

5

1    IV.

2    CONTENTIONS

3    I.

4    THE DEPARTMENT'S$^{5/}$ DELIBERATE AND UNREASONABLE
     DELAY IN OBTAINING THE TOXICOLOGICAL TEST
5    VIOLATES DUE PROCESS OF LAW AND SHOULD NOT BE
     CONDONED BY THIS COURT
6
     II.
7

8    THE DEPARTMENT'S DISCIPLINARY FINDINGS ARE NOT
     SUPPORTED BY SOME EVIDENCE AND THUS VIOLATES
9    PETITIONER'S DUE PROCESS RIGHTS

10   V.

11   PRAYER FOR RELIEF

12   Petitioner is without remedy save for habeas corpus.

13   WHEREFORE, petitioner respectfully requests the Court grant

14   the following relief:

15   1.) Grant the instant petition for writ of habeas corpus;

16   2.) Issue an order to show cause why the petition should

17   not be granted;

18   3.) Grant injunctive relief finding the toxicological

19   testing stale and thus the RVR barred from being heard;

20   4.) Vacate the Department's disciplinary findings, and

21   order all documentation related to the RVR at issue and related

22   toxicological testing to be removed from petitioner's Central

23   File ("C-File");

24   5.) Appoint counsel to represent petitioner; and,

25   6.) Grant all other relief the Court deems appropriate

26   _____
     $^{5/}$ For simplicity, petitioner refers to all prison officials,
27   except Squad officers, in their collective as "Department".

28
                            6

1 | and necessary.

2 | Date: May 9, 2008                          Respectfully Submitted,

3 |                                            Andrew B Moss
                                               Andrew Bernard Moss
4 |                                            Petitioner In Pro Se

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1  ## MEMORANDUM OF POINTS AND AUTHORITIES

2  ## LAW AND ARGUMENT

3  I.

4  ### THE DEPARTMENT'S DELIBERATE AND UNREASONABLE DELAY IN OBTAINING THE TOXICOLOGICAL TEST VIOLATES DUE PROCESS OF LAW
5  ### AND SHOULD NOT BE CONDONED BY THIS COURT

6  Petitioner contends the Department deliberately and

7  unreasonably delayed in its effort to obtain toxicological

8  testing for the presumed marijuana allegedly found in

9  cell and property.

10  The Supreme Court has long held that mandatory directives

11  in a state's regulations creates a protected liberty interest,

12  and the arbitrary deprivation thereof violates due process of

13  law. **Hewitt v. Helms**, 459 U.S. 460, 471-472(1983); **Ake v.**

14  **Oklahoma**, 470 U.S. 68, 76 (1985); U.S. Const., Amend. V, XIV.

15  While California courts have decided relatively few cases

16  in solving prison disciplinary issues, the California Penal

17  Code and court of appeal requires the Department to use

18  "reasonable diligence" to investigate prison misconduct. **Cal.**

19  **Pen. Code § 2932(c)(1)(A)**; see also, **In re Semons**, 208 Cal.App.3d

20  1022, 1029, n. 11 (1989) ("We do not in any way condone

21  deliberate delay in the obtaining of toxicological reports.").

22  On January 22, 2007, the Squad searched petitioner's cell

23  and purportedly found the marijuana therein. However, it would

24  be a lengthy 45 days,[6/] or until March 7, 2007, before the

25  mailed the evidence to the Laboratory for toxicological testing.

26

---

27  [6/] Counting Martin Luther King, Jr.'s birthday, it was 45 regular days and 33 working days the Department held the evidence before
28  sending it to the Laboratory for testing.

8

1 (SEE, Exhibit "C" at p. 9.)

2    In Semons, because both prisoners had disciplinary hearings
3 within the prescribed 45-day statutory period, the court left
4 open the question whether a "deliberate delay in the obtaining
5 of toxicological reports" could amount to a violation of a
6 prisoner's due process rights. (Semons, 208 Cal.App.3d at 1029,
7 n. 10.).

8    Although petitioner did not have his disciplinary hearing
9 until 72 days after the alleged misconduct, that is not at issue
10 here insofar as the court in Semons held the statutory period
11 for notice and a disciplinary hearing commences after issuance
12 of the toxicological report. On the contrary, petitioner
13 challenges the time frame in which the Department delayed to
14 obtain toxicological testing. In this setting, the Supreme Court
15 has held that the abritrary deprivation of a state protected
16 liberty interest violates due process, Ake, 470 U.S. at 76.
17 The arbitrary deprivation of timely toxicological testing lies
18 at the heart of petitioner's claim.

19    Despite the absence of any universal definition and
20 application of "unreasonable diligence," petitioner avers the
21 Department's 45-day delay in obtaining a toxicological report
22 fails to demonstrate any manner of reasonable diligence. Indeed,
23 by the Department's own concession, it normally takes no longer
24 than "14 days" for suspected illegal substances to be tested.
25 Semons, 208 Cal.App.3d at 1028. There has not been any
26 significant changes within the Department since Semons was
27 decided that would excuse or justify the unreasonable diligence
28 exercised in petitioner's case.

9

1    Given the advancement or personnel training and technology,
2   one would expect the Department to secure toxicological tests
3   in a time frame equivalent to or better than that set forth
4   in Semons, not a longer period. In fact, petitioner is currently
5   aware of at least one recent case where the SQ personnel obtained
6   toxicological testing in a reasonable time frame, which also
7   reveals the disproportionality    in petitioner's case. (SEE,
8   Exhibit "F".)

9    Furthermore, in the absence of any documented explanation
10   which manifests cause for the Department's unreasonable delay,
11   the inference arises that the Department's delay was in fact
12   deliberate, and should not be condoned by this Court.

13    Accordingly, petitioner requests the Court find the
14   Department's delay deliberate and unreasonable, impose injunctive
15   relief, and grant the Petition.

16                              II.

17   **THE DEPARTMENT'S DISCIPLINARY FINDINGS ARE NOT SUPPORTED
     BY SOME EVIDENCE AND THUS VIOLATES PETITIONER'S
18                   DUE PROCESS RIGHTS**

19    Petitioner contends the Department's disciplinary findings
20   are not supported by some evidence, and is therefore in violation
21   of his due process rights. U.S. Const., Amend. V, XIV.

22    A prison disciplinary hearing action must be supported
23   by "some evidence", **Superintendent v. Hill**, 472 U.S. 445, 447
24   (1985); and on review, this Court must uphold any Department
25   decision that is "supported by 'some evidence.'" **In re Dikes**,
26   121 Cal.App.4th **825**, 829 (2004) (citing **In re Scott**, 113 Cal.App.
27   4th 38, 44 (2003)). When the record is so devoid of evidence
28   that the findings of the disciplinary board are without support

                              10

1    or otherwise arbitrary, due process requires the Court to set

2    aside decisions of prison administrators. Dikes, supra, at 830

3    (citation).

4        To find petitioner guilty of the RVR, the Department relied

5    solely on the Laboratory's toxicological report confirming the

6    plant-like matter sent to it was marijuana, and Officer Lemos'

7    assertion that this material was retrieved from petitioner's

8    cell. (SEE, Exhibit "D" at p. 2.)

9        There is absolutely no evidence, aside of his self-serving

10   statements, which reveals Lemos retrieved a pair of tennis shoes

11   from petitioner's cell, yet alone any suspicious illegal

12   substance (marijuana). To be exact, nowhere on the search receipt

13   did Officer Lemos document or make any other pertinent notation

14   that he or Sung confiscated a pair of tennis shoes, or substance

15   believed to be marijuana, from petitioner's cell. In fact, the

16   very brand (K-Swiss) of tennis shoes Lemos alleged to have

17   retrieved from petitioner's cell are a name brand which have

18   long been barred from possession by California inmates.

19   Department Operations Manual ("DOM") § 54030.17.1; see also,

20   Exhibit "G" at p. 20 , 31 , 42, 53, and 64 . Hence, petitioner

21   has never owned or been in possession of a pair of K-Swiss tennis

22   shoes over the course of his 19 years of incarceration.

23       The Department imposes upon its employees a mandatory duty

24   to issue "written notice for any item(s) of personal and

25   authorized state-issued property removed from his or her quarters

26   during an inspection and the disposition made of such property.

27   The notice will also list any contraband picked up or breach

28   of security noted during the inspection, and the follow-up action

11

1  intended by the inspecting officer." **15 CCR § 3287(a)(4)** (2007)
2  (emphasis added). Thus, Officer Lemos was bound to document
3  on the search receipt that the K-Swiss tennis shoes allegedly
4  confiscated from the cell and believed to belong to petitioner
5  were, in fact, taken. Additionally, Lemos was equally bound
6  to note therein that a plant-like matter, or "contraband," was
7  also found and confiscated from petitioner's "personal property"
8  and cell. **United States v. Nixon**, 418 U.S. 683, 695-696 (1974);
9  **Atkins v. Rivera**, 744 U.S. 154 (1986); **In re French**, 106 Cal.App.
10 3d 74, 85, n. 24 (1980); **In re Reina**, 171 Cal.App.3d 638 (1985)
11 (CDC must follow its own regulations.).

12 As a veteran officer,$\frac{7}{}$ Lemos was well aware of Department
13 regulations to document any and all items confiscated from
14 petitioner's cell. This omission cannot be deemed as mere
15 oversight on Lemos' part--after all, Lemos took the time to
16 note frivolous paperwork had been confiscated and went so far
17 as to also document the <u>intended disposition</u>. (SEE, Exhibit
18 "B" at p. 3.) In light of Lemos' omission, there is not <u>some</u>
19 or even <u>any</u> evidence that K-Swiss tennis shoes, and thus the
20 marijuana, was ever in petitioner's possession or retrieved
21 from his cell by the Squad. The state court's contrary decision

22 Even with the urinalysis test, this still does not
23 constitute some evidence to sustain the Department's disciplinary
24 findings. To wit, the urinalysis test stemmed from Officer Lemos'

25 _____

26 $\frac{7}{}$ At the time of the search, Officer Lemos had been employed
   with the Department for "23 years, 8 months." (SEE, Exhibit
27 "C" at p. 8.) At some point in his career he advanced and joined
   the Special Security Squad.

28

12

1  false allegations that he obtained the marijuana from
2  petitioner's cell. In other words, the results of the urinalysis
3  test is essentially tantamount to fruit of the poisonous tree.
4  Absent Lemos' proclamation that presumed marijuana was found
5  in petitioner's cell, there would have never been an urinalysis
6  test.

7       It follows, "the record is so devoid of evidence that the
8  [Department's disciplinary findings] are without support" and
9  otherwise arbitrary. Dikes, 121 Cal.App.4th at 830. The state
10 court's opposite decision is contrary to and/or objectively
11 unreasonable application of clearly established federal law
12 in light of the facts presented. 28 U.S.C. § 2254(d)(1), (2).

13                          CONCLUSION

14      For the reasons set forth herein, petitioner respectfully
15 requests the Court grant the petition for writ of habeas corpus.
16 Date: May 9, 2008                    Respectfully Submitted,

17
                                       _Andrew B. Moss_
18                                     Andrew Bernard Moss
                                       Petitioner In Pro Se

19

20

21

22

23

24

25

26

27

28

                            13

# EXHIBIT A

Declaration of Andrew Moss
(CDCR #: E-74525; Housing: 4-N-27)

I, Andrew Moss, hereby declares the following:

1.) I am currently incarcerated at San Quentin State Prison located in San Quentin, California; and was so housed for all intents and purposes of this declaration.

2.) On January 22, 2007, I was informed by a third party that at approximately 0700 hours, while I was at my job assignment, Security Squad ("Squad") Officers G. Lemos and Sung conducted a search on the cell of which I was housed.

3.) During the search, the Squad removed from my cell miscellaneous paper work belonging to myself and indicated on the search receipt that said paper work would be returned after review.

4.) At approximately 0800 hours, Squad officers Lemos and Sung came to my job assignment and stripped searched me. In the process, I asked Officer Lemos "what's this about." Lemos replied "we found a few items in your cell we might want to talk to you about."

5.) Between 1030 and 1100 hours, the same day, I was summoned to the Max Shack by Correctional Officer Moore for random urine analysis testing.

6.) On March 27, 2007, at approximately 2030 hours, I received a Rules Violation Report ("CDC 115") for "possession and distribution of [a] controlled substance" therein alleging that marijuana was found in a pair of K-Swiss shoes allegedly belonging to myself.

7.) Over the course of my incarceration and being housed at San Quentin State Prison, I have never owned or possessed a pair of K-Swiss tennis shoes.

8.) My cell mate, Larry Stiner, did not observe the Squad remove a pair of K-Swiss or any other brand of tennis shoes from our cell on January 22, 2007, the day the Squad searched our cell. Nor is there any indication on the search receipt furnished by the Squad, of any such tennis shoes being removed from the cell occupied by Stiner and myself.

I declare under the penalty of perjury laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Date: January 20, 2008                    Respectfully Submitted,

                                          _andrew B Moss_
A-1                                       Andrew Moss
                                          Declarant

Declaration of Larry Stiner
(CDCR #: B-19861; Housing: 4-N-27)

I, Larry Stiner, hereby declares the following:

1.) I am currently incarcerated at San Quentin State Prison located in San Quentin, California; and was so housed for all intents and purposes of this declaration.

2.) On January 22, 2007 at approximately 0700 hours, Security Squad ("Squad") Officers G. Lemos and Sung approached my cell and inquired "where is your property." After pointing to the general area of my property's location, I was directed to step out of the cell, and both officers began searching my cell mate, Andrew Moss' property.

3.) During the course of the search, both officers placed various paper work belonging to my cell mate in a brown paper bag and ultimately left the cell, permitting me to reenter the cell. Although I watched the officers conduct their entire search, at no point did I observe either officer remove or confiscate from the cell, tennis shoes of any sort belonging to my cell mate or myself.

4.) Later in the day, at approximately 1000 hours, I was summoned to "4 Post" for random urinalysis testing.

I declare under the penalty of perjury laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Date: January 20, 2008

Respectfully Submitted,

Larry Stiner
Declarant

A-2

Declaration of C. Shields
(CDCR #: K-46235; Housing: 1-N-63)

I, C. Shields, hereby declares the following:

1.) I am currently incarcerated at San Quentin State Prison located in San Quentin, California; and was so housed for all intents and purposes of this declaration.

2.) On January 22, 2007, at approximately 0700 hours, Security Squad ("Squad") Officer Petrachelli and an unknown Squad Officer searched my cell.

3.) During said search, the following items were confiscated from my cell by the foregoing Squad officers: (1) four compact discs; (2) one pair of glasses; (3) one lighter; (4) miscellaneous paper work; and (5) my cell mate's address book.

I declare under the penalty of perjury laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Date: January 20, 2008                    Respectfully Submitted,

                                          _Cecil Shields_
                                          C. Shields
                                          Declarant

A-3

**Declaration of Wolfe Larnel**
(CDCR #: D-60092; Housing: 1-N-77)

I, Wolfe Larnel, hereby declares the following:

1.) I am currently incarcerated at San Quentin State Prison located in San Quentin, California; and was so housed for all intents and purposes of this declaration.

2.) On January 22, 2007 at approximately 0700 hours, unknown Security Squad ("Squad") officers conducted a search on the cell I was housed in.

3.) To my knowledge, nothing was confiscated or taken out of my cell by the Squad nor was a cell search receipt left behind by the Squad.

I declare under the penalty of perjury laws of the State of California that the foregoing is true and correct to the best of my recollection and knowledge.

Date: January 20, 2008                    Respectfully Submitted,

                                          Wolfe Larnel
                                          Declarant

A-4

Declaration of Bobby Williams
(CDCR #: C-33295; Housing: 3-N-27)

I, Bobby Williams, hereby declares the following:

1.) I am currently incarcerated at San Quentin State Prison located in San Quentin, California; and was so housed for all intents and purposes of this declaration.

2.) On January 22, 2007, I was informed by a third party that while I was at my job assignment, unidentified Security Squad ("Squad") officers searched the cell of which I was being housed in.

3.) To my knowledge, nothing was confiscated or taken out of my cell by the Squad nor was a cell search receipt left behind by the Squad.

I declare under the penalty of perjury laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Date: January 20, 2008

Respectfully Submitted,

Bobby Williams
Declarant

A- 5

Declaration of Quinton Walker
(CDCR #: C-59834; Housing: 4-N-77)

I, Quinton Walker, hereby declares the following:

1.) I am currently incarcerated at San Quentin State Prison
located in San Quentin, California; and was so housed for all
intents and purposes of this declaration.

2.) On January 22, 2007, I was informed by a third party
that while I was at my job assignment, officers of the Security
Squad ("Squad") conducted a search of the cell I occupied.

3.) During said search, the following items were taken
by the Squad: (1) my cell mate's paper work; and (2)
miscellaneous items considered to be contraband.

· I declare under the penalty of perjury laws of the State
of California that the foregoing is true and correct to the
best of my knowledge.

Date: January 20, 2008                    Respectfully Submitted,

                                          Quinton C. Shalke
                                          Quinton Walker
                                          Declarant

A-6

# EXHIBIT B

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

03-07-A09-03-012

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-74524 | MOSS | | | CSP SQ | 4N027 | |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR §3016 | | Poss. Controlled Sub. & Dist. | | North Block | 01/22/07 | 0700 |

CIRCUMSTANCES

On March 16, 2007 The Investigative Services Unit, (I.S.U.) received a fax from the California Department Of Justice (D.O.J.) Toxicological Laboratory. This fax contained a copy of drug testing results of tests that were conducted on suspected drugs that were discovered in in the property of Inmate MOSS, E-74525. The results of this test reflect a positive reading for the presence of THC (Marijuana) The following results the circumstances surrounding the discovery of the drugs.

On Monday, January 22, 2007, at approximately 0700 hours, while conducting a search of cell 4N027 occupied by Inmates MOSS, E-74525 and STINER, B-19861, I discovered a plastic bindle containing plant matter under the right insole of a pair of K-Swiss tennis shows identified as belonging to Inmate MOSS. The shoes were located on the floor under the lower bunk near the rear of the cell. I secured the item on my person and I continued the search of the cell with negative results for further contraband. Upon returning to I.S.U., I conducted a Narcopouch drug test which indicated positive for marijuana. The suspected marijuana was secured in the Security Squad evidence room as per institutional procedures and will forwarded to the Department Of Justice Laboratory for further testing. Total weight of the item with plastic is 0.17 Grams.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ G. Lemos, Security Squad | | 3-26-07 | Pos. 293 | S/S/N |
| REVIEWING/SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
| ▶ K. R. Dennis, Correctional Sergeant | 3-26-07 | DATE | LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY: (Typed Name and Signature) | | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | | | | | |
| ☑ SERIOUS | F | 3/2/07 | ▶ Honey Facility Captain | | ☐ HO | ☐ SHO | ☐ SC | ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 3/27/07 | 2020 | DOJ DRUG REPORT RECIPIENT |
| ☑ INCIDENT REPORT LOG NUMBER: SQP-003-07 | BY: (STAFF'S SIGNATURE) | DATE | TIME | NATIONAL TOXICOLOGY LABORATORY |
| 01-003-1 | ▶ | 4/2/07 | 0900 | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME 0700 |
| HEARING | | | | |

R Part C for Hearing & Disposition

V

REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| C. P. Young, Correctional Lieutenant | See R | ▶ | | 4/3/07 | 1900 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ S. Henry, Facility Captain | 4/25/07 | ▶ J. Allen, Associate Warden | | 4/24/07 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME 1250 |

B-1

STATE OF CALIFORNIA

**SERIOUS RULES VIOLATION REPORT**

03-07-NB-03-072

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO |
|---|---|---|---|---|---|
| E-74524 | MOSS | §3016 | | CSP-S-Q | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☑ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I **DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| I **REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ INMATE'S SIGNATURE | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| I **REVOKE** my request for postponement. | | INMATE'S SIGNATURE ▶ | DATE |

## STAFF ASSISTANT

| STAFF ASSISTANT | | | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | | |
| ☑ NOT ASSIGNED | REASON | | DNMC 3315 D (2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | | |
| ☐ NOT ASSIGNED | REASON | | DNMC 3315 D (1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE     ☐ STAFF ASSISTANT     ☐ INVESTIGATIVE EMPLOYEE     ☐ OTHER _____     ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | | | | | |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | | DATE |
|---|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 2030 | DATE 3/27/07 |

# SPECIAL SECURITY SQUAD

4A(2)

Cell Number: _MOSS - E7985̲2̲5̲_ Date: _1-22-07_

Your cell was searched this date by the Special Security Squad. An effort has been made to leave the cell in the condition which it was found.

The following items of contraband were removed from the cell.

_misc paper work_
_misc personal after review_

By: _C. W. Davis_ _Jno Sury_
    Special Security Squad

SQ R6-20

B-3

# EXHIBIT C

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDCR 837-A (Rev. 07/05)

| | | |
|---|---|---|
| PAGE 1 OF 4 | INCIDENT LOG NUMBER: SQP-003-07-01-0031 | INCIDENT DATE: 01/22/07 | INCIDENT TIME: 700 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION |
|---|---|---|---|---|
| CSP-SQ | N/BLK | ☐ I  ☒ II  ☐ III  ☐ IV | N/B | 4N27U |

☐ ASU  ☐ SHU  ☐ PSU  SEG YARD  USE OF FORCE
☐ SNY  ☐ PHU  ☐ CTC  ☐ CC  ☐ WA  ☐ YES  ☒ NO
☒ GP  ☐ RC  ☐ RM

SPECIFIC CRIME / INCIDENT
POSSESSION OF A CONTROLED SUBSTANCE (MARIJUANA)

☒ CCR  ☐ PC  ☐ N/A
NUMBER/SUBSECTION: 3016

| D. A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID REQUEST | PIO/AA NOTIFIED |
|---|---|---|---|
| ☒ YES  ☐ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO | ☐ YES  ☒ NO |

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL  ☐ NATURAL | ☐ ON INMATE | ☐ BEATING  ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION  ☐ UNKNOWN | ☐ ON STAFF | ☐ GASSING  ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING  ☐ STRANGLING |
| ☐ OTHER: | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL  ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING |
| ☒ N/A | ☒ N/A | ☒ N/A | ☐ SLASHING  ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE  TYPE: | WEAPON:  WARNING #  EFFECT #  BATON ROUND |
| ☐ STAFF | ☐ CLUB / BLUDGEON  ☐ COMMERCIAL WEAPON | ☐ MINI 14 _____ _____  TYPE / NO: |
| ☐ VISITOR | ☐ EXPLOSIVE | ☐ 38 CAL. _____ _____  WOOD _____ |
| ☐ OTHER: | ☐ FIREARM  ☐ INMATE MANUFACTURED WEAPON | ☐ 9MM _____ _____  RUBBER _____ |
| | ☐ HANDS / FEET | ☐ SHOTGUN _____ _____  FOAM _____ |
| ☒ N/A | ☐ KNIFE | LAUNCHER:  STINGER: |
| | ☐ SAP/SLUNG SHOT | ☐ 37MM _____ _____  .32 (A) _____ |
| | ☐ PROJECTILE | ☐ L8 _____ _____  .60 (B) _____ |
| ESCAPES | ☐ SPEAR | ☐ 40MM _____ _____  EXACT IMPACT |
| | ☐ SLASHING INSTRUMENT: (TYPE) _____ | ☐ 40MM MULTI _____ _____  CTS 4557 _____ |
| ☐ W / FORCE | ☐ STABBING INSTRUMENT: (TYPE) _____ | ☐ HFWRS _____ _____  XM 1006 _____ |
| ☐ W/O FORCE | ☐ OTHER: _____ | FORCE  CHEMICAL |
| ☐ ATTEMPTED | ☐ BODILY FLUID  ☐ OTHER FLUID: _____ | ☐ EXPANDABLE BATON  ☐ OC _____ |
| | ☐ UNKNOWN LIQUID | ☐ PHYSICAL FORCE  ☐ CN _____ |
| ☒ N/A | ☒ N/A | ☐ X10 _____  ☐ CS _____ |
| | | ☐ OTHER: _____  ☒ N/A |

| CONTROLLED SUBSTANCE | WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☐ POSITIVE UA | ☐ WITH PACKAGING | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION  ☐ WEATHER |
| ☐ CONTROLLED MEDS | ☐ W/O PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD  ☐ SEARCH WARRANT |
| | PRELIMINARY  LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION  ☐ ARREST |
| ☐ AMPHETAMINE | .017 | | ☐ FIRE  ☐ OTHER: |
| ☐ BARBITURATES | _____ _____ | IF YES, LIST AFFECTED PROGRAMS: | ☐ GANG/DISRUPTIVE GROUP |
| ☐ COCAINE | _____ _____ | | ☐ HOSTAGE |
| ☐ CODEINE | _____ _____ | | ☐ INMATE STRIKE |
| ☐ HEROIN | _____ _____ | | ☐ MAJOR DISTURBANCE  EXTRACTION: |
| ☒ MARIJUANA/THC | _____ _____ | | ☐ MAJOR POWER OUTAGE  ☐ CALCULATED |
| ☐ METHAMPHETAMINE | _____ _____ | | ☐ NATURAL DISASTER |
| ☐ MORPHINE | _____ _____ | | ☐ PUBLIC DEMONSTRATION  ☐ EMERGENCY |
| ☐ OTHER: _____ | _____ _____ | ☒ N/A | ☐ SPECIAL INTEREST I/M  ☒ N/A |
| ☐ N/A | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Monday, January 22, 2007, at approximately 0700, ISU Officer G Lernos discovered a plastic bindle containing plant like matter which appeared to be marijuana under the right insole of a pair of K-Swiss tennis shoes located in cell 4N27 and identified as belonging to inmate Moss, E74525.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| B. A. Walls | Lieutenant | 236175 | 47150 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| | 5808 | 01/22/07 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| | Associate Warden - GP | |

| STATE OF CALIFORNIA | | | DEPARTMENT OF CORRECTIONS AND REHABILITATION | |
|---|---|---|---|---|

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (07/05)

| | PAGE___2_ OF __4__ | INCIDENT LOG NUMBER |
|---|---|---|
| | | SQP-003-07-01-0031 |

| INSTITUTION | FACILITY | | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CSP-SQ | | N/BLK | 01/22/07 | 700 |

TYPE OF INFORMATION:
☐ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

**NARRATIVE:**

On January 22,2007 approximately 0700 hours ISU Officer G Lemos conducted a cell search of cell 4N27 occupied by inmates Moss E74525 and Stiner B19861. Lemos discovered a bindle containing plant matter under the right insole of a pair of K-Swiss tennis shoes belonging to inmate Moss. The shoe was located under the lower bunk near the rear of the cell.

Officer Lemos returned to the ISU Office and conducted a field test of the plant matter using a Narcopouch drug test which indicated positive for marijuana. The suspected marijuana was secured in the Security Spuad evidence room as to institutional procedures and will be forwarded to the Department of Justice Laboratory for further testing. Total weight of with the plastic is 0.17 grams.

Victim(s) :none

Suspect(s):
Inmate Moss E-74525

Escort(s) :
Correctional Officer S. Moore

Staff involved:
ISU Officer G Lemos

Staff injuries: none

Use of Force: no force used

CDC-115: Inmate Moss will be receiving a CDC-115 for Possession of a control substance.

Medical/ Mental Health Evaluation: not a participate in the mental health delivery system.

Crime Scene/Evidence: 0.17 grams of suspected marijuana
                       Urine samples collected from inmates Moss E74525 and Stiner B-19861

The following administrative staff were notified of this incident: Watch Commander G Graham and Facility Captain P Speer.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| B. A. Walls | Lieutenant | 236175 | 47150 |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| | 5808 | 01/22/07 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| | Associate Warden - GP | |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDCR 837-B1 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE __3__ OF __4.00__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CSP-SQ | N/BLK | SQP-003-07-01-0031 |

### INMATE (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| MOSS | ANDREW | B | E74525 | M | BLK | 009731FA5 | A07651069 |

CHECK ONE: ☐ VICTIM ☒ SUSPECT ☐ WITNESS

CLASS SCORE | PV RTC: ☐ YES ☒ NO | DATE REC'D BY CDC 11/07/90 | DATE REC'D BY INST 11/07/90 | ANTICIPATED RELEASE DATE | EXTRACTION ☐ YES ☒ NO | DOB 10/08/65 | HOUSING ASSIGN 4N27U

☐ CCCMS ☐ EOP ☐ DPP ☐ DMH ☐ MHCB ☐ DDP ☒ N/A

COMMITMENT OFFENSE: PC-187 (664) PC-597, PC-12021 (A) | COUNTY OF COMMITMENT: CONTRA COSTA

DESCRIPTION OF INJURIES: ☒ N/A

PRISON GANG / DISRUPTIVE GROUP: ☐ VALIDATED ☐ ASSOCIATED ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ___ | NAME/LOCATION OF HOSP./TREAT. FACILITY ☒ N/A ☒ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| STINER | LARRY | J. | B-19861 | M | BLK | 358449G | A02972163 |

CHECK ONE: ☐ VICTIM ☒ SUSPECT ☐ WITNESS

CLASS SCORE | PV RTC: ☐ YES ☒ NO | DATE REC'D BY CDC 06/30/76 | DATE REC'D BY INST 03/03/94 | ANTICIPATED RELEASE DATE | EXTRACTION ☐ YES ☒ NO | DOB 01/30/48 | HOUSING ASSIGN 4N27L

☐ CCCMS ☐ EOP ☐ DPP ☐ DMH ☐ MHCB ☐ DDP ☒ N/A

COMMITMENT OFFENSE: ISL | COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES: ☒ N/A

PRISON GANG / DISRUPTIVE GROUP: ☐ VALIDATED ☐ ASSOCIATED ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ___ | NAME/LOCATION OF HOSP./TREAT. FACILITY ☒ N/A ☒ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

CHECK ONE: ☐ VICTIM ☐ SUSPECT ☐ WITNESS

CLASS SCORE | PV RTC: ☐ YES ☐ NO | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION ☐ YES ☐ NO | DOB | HOUSING ASSIGN

☐ CCCMS ☐ EOP ☐ DPP ☐ DMH ☐ MHCB ☐ DDP ☐ N/A

COMMITMENT OFFENSE | COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES: ☐ N/A

PRISON GANG / DISRUPTIVE GROUP: ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT ☐ DECEASED DATE: ___ | NAME/LOCATION OF HOSP./TREAT. FACILITY ☐ N/A ☐ N/A

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

CHECK ONE: ☐ VICTIM ☐ SUSPECT ☐ WITNESS

CLASS SCORE | PV RTC: ☐ YES ☐ NO | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION ☐ YES ☐ NO | DOB | HOUSING ASSIGN

☐ CCCMS ☐ EOP ☐ DPP ☐ DMH ☐ MHCB ☐ DDP ☐ N/A

COMMITMENT OFFENSE | COUNTY OF COMMITMENT

DESCRIPTION OF INJURIES: ☐ N/A

PRISON GANG / DISRUPTIVE GROUP: ☐ VALIDATED ☐ ASSOCIATED ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART B2- STAFF**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CDCR 837-B2 (07/05)

PAGE __4__ OF __4__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| CSP-SQ | N/BLK | SQP-003-07-01-0031 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|
| LEMOS | GEORGE | | C/O | | M | MEX | S/S |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| [X] PRIMARY  [ ] CAMERA | 11932 | 220293 | SECURITY SQUAD |
| [ ] RESPONDER | DESCRIPTION OF INJURIES: | | |
| [ ] WITNESS | | | |
| [ ] VICTIM | [X] N/A | | |

| [ ] HOSPITALIZED | [ ] TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| [ ] REFUSED TREATMENT | | | [ ] YES  [X] NO | |
| [ ] DECEASED DATE: _____ [X] N/A | [X] N/A | | TYPE: _____ | [X] YES  [ ] NO |

| NAME: LAST | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|
| MOORE | S. | | C/O | | M | W | F/S |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| [ ] PRIMARY  [ ] CAMERA | NOT AVAIL. | 230490 | N/BLK FLOOR |
| [X] RESPONDER | DESCRIPTION OF INJURIES: | | |
| [ ] WITNESS | | | |
| [ ] VICTIM | [X] N/A | | |

| [ ] HOSPITALIZED | [ ] TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| [ ] REFUSED TREATMENT | | | [ ] YES  [X] NO | |
| [ ] DECEASED DATE: _____ [X] N/A | [X] N/A | | TYPE: _____ | [X] YES  [ ] NO |

| NAME: LAST | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| [ ] PRIMARY  [ ] CAMERA | | | |
| [ ] RESPONDER | DESCRIPTION OF INJURIES: | | |
| [ ] WITNESS | | | |
| [ ] VICTIM | [ ] N/A | | |

| [ ] HOSPITALIZED | [ ] TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| [ ] REFUSED TREATMENT | | | [ ] YES  [ ] NO | |
| [ ] DECEASED DATE: _____ [ ] N/A | [ ] N/A | | TYPE: _____ | [ ] YES  [ ] NO |

| NAME: LAST | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| [ ] PRIMARY  [ ] CAMERA | | | |
| [ ] RESPONDER | DESCRIPTION OF INJURIES: | | |
| [ ] WITNESS | | | |
| [ ] VICTIM | [ ] N/A | | |

| [ ] HOSPITALIZED | [ ] TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| [ ] REFUSED TREATMENT | | | [ ] YES  [ ] NO | |
| [ ] DECEASED DATE: _____ [ ] N/A | [ ] N/A | | TYPE: _____ | [ ] YES  [ ] NO |

| NAME: LAST | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| CHECK ONE | BADGE # | POST ASSIGN. # | POSITION |
|---|---|---|---|
| [ ] PRIMARY  [ ] CAMERA | | | |
| [ ] RESPONDER | DESCRIPTION OF INJURIES: | | |
| [ ] WITNESS | | | |
| [ ] VICTIM | [ ] N/A | | |

| [ ] HOSPITALIZED | [ ] TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| [ ] REFUSED TREATMENT | | | [ ] YES  [ ] NO | |
| [ ] DECEASED DATE: _____ [ ] N/A | [ ] N/A | | TYPE: _____ | [ ] YES  [ ] NO |

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                      P. 01    X
X                                TRANSACTION REPORT                             X
X                                                        JAN-23-07 TUE 09:22 AM X
X                                                                               X
X    DATE  START    RECEIVER        TX TIME   PAGES TYPE      NOTE          M#  DP X
X                                                                               X
X   JAN-23 09:19 AM 919163226041     2'29"     5   SEND       OK           036   X
X                                                                               X
X                                                                               X
X                                          TOTAL :      2M 29S  PAGES:   5       X
X                                                                               X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                          P. 01    X
X                               TRANSACTION REPORT                                  X
X                                                            JAN-23-07 TUE 09:44 AM  X
X                                                                                    X
X    DATE  START    RECEIVER          TX TIME   PAGES TYPE        NOTE          M#  DP X
X                                                                                    X
X   JAN-23 09:42 AM 919163248852       2' 18"    5  SEND         OK            039   X
X                                                                                    X
X                                               TOTAL :     2M 18S  PAGES:   5       X
X                                                                                    X
X                                                                                    X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

```
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
X                                                                          P. 01  X
X                             TRANSACTION REPORT                                   X
X                             ──────────────────            JAN-31-2007 WED 11:19 PM X
X                                                                                  X
X      FOR:                                                                        X
X                                                                                  X
X────────────────────────────────────────────────────────────────────────────────X
X     SEND                                                                         X
X                                                                                  X
X   DATE  START    RECEIVER         TX TIME   PAGES TYPE        NOTE        M#  DP  X
X────────────────────────────────────────────────────────────────────────────────X
X   JAN-31 11:18 PM 919163224038    1'09"     5  FAX TX         OK          038     X
X────────────────────────────────────────────────────────────────────────────────X
X                                                                                  X
X                                            TOTAL :    1M  9S  PAGES:   5          X
X                                                                                  X
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
```

# FAX

STATE OF CALIFORNIA

Date: 1 -23-07

Number of pages including cover sheet: 5

| TO: | ID/Warrants |
| | AD-Reception Center |

Subject: CDC837#

SQP-003-07-01-0031

Phone:
Fax Phone: 916-322-6041
cc: 916-324-8852

FROM:      DEPARTMENT OF
           CORRECTIONS AND
           REHABILITATION
           R. L. Ayers, Warden
           San Quentin State Prison
           J. C. Allen,
           Associate Warden
           General Population
           jc.allen@cdcr.ca.gov
Phone:     415-455-5036
Fax Phone: 415-454-6288

REMARKS:  ☐ Urgent   ☒ For your review   ☐ Reply ASAP   ☐ Please Comment

CONFIDENTIAL

WARNING

This Message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (415)455-5036 and return the original message to San Quentin State Prison, San Quentin, CA 94964, via U.S. Postal Service. – Thank You

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __1__

INCIDENT LOG NUMBER
SPP-003-07-01-0031

| NAME: LAST | | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|---|
| LEMOS | | G | | D | 01/22/07 | 700 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| #293 | SECURITY SQUAD | 23 YR. 8 MO. | 01/22/07 | UNIT 3 , NORTH BLOCK |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S,S,H | 0600-1400 | CONTROLLED SUB, DRUG PARAPHERNALIA, AND DIST. | 3016 | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | | MOSS E74525 4N27U |
| ☐ RESPONDER | | STINER B19861 4N27 L |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USE BY YOU | |
|---|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | | NO: TYPE: | | TYPE: |
| ☐ PHYSICAL | ☐ MINI-14 | | ☐ 37MM | | ☐ OC | |
| ☐ CHEMICAL | ☐ 9 MM | | ☐ 40 MM | | ☐ CN | |
| ☒ NONE | ☐ 38 CAL | | ☐ L8 | | ☐ CS | |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | | ☐ 40 MULTI | | ☐ OTHER: | |
| ☐ WEAPON | | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES | ONE SMALL BINDLE CONTAINING PLANT MATTER WRAPPED IN PLASTIC. | RETAINED IN THE INVESTIGATIVE SERVICES UNIT EVIDENCE ROOM | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY    ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE:
On January 22 , 2007, at approximately 0700 hours while conducting a search of 4n27 occupied by inmate MOSS
E-74525 (upper bunk) and inmate STINER B-19861 (lower bunk), I discoverd a plastic bindle containing plant
matter under the the right insole of a pair of K-Swiss tennis shoes identified as belonging to inmate Moss . The
Shoes were located on the cell floor under the lower bunk near the rear of the cell. I secured the item on my person
and continued the search of the cell with negative results for further contraband. Upon returning to I.S.U. , I
conducted a Narcopouch drug test which indicated positive for marijuana. The suspected marijuana was secured in
the Security Squad evidence room as per institutional procedures and will be forwarded to the Department of Justice
Laboratory for further testing. Total weight of the item with plastic is 0.17 grams.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| *[signature]* | C/O | 11932 | 01/22/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED    CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| *[signature]* | 1-22-07 | ☒ YES ☐ NO   ☐ YES ☐ NO | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART C- STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE _____ OF _____

INCIDENT LOG NUMBER
SNCO3-07-07-0031
SOP-003-070-100-31

| NAME: LAST | | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|---|
| MOORE | | S. | | B | 01/22/07 | 1300 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 490 | NORTH BLOCK FLOOR OFFICER | YR. 11 | MO. 6 | 1/22/07 | NORTH BLOCK |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| F/S | 0600-1400 | URINALYSIS TESTING | 3290(D) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | MOORE, S. | STINER, B-19861, 4N027 |
| ☒ RESPONDER | | MOSS, E-74525, 4N027 |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USE BY YOU |
|---|---|---|---|---|---|
| ☐ WEAPON | | NO: | NO: | TYPE: | TYPE: |
| ☐ PHYSICAL | ☐ MINI-14 _____ | ☐ 37MM _____ | | ☐ OC | |
| ☐ CHEMICAL | ☐ 9 MM _____ | ☐ 40 MM _____ | | ☐ CN | |
| ☒ NONE | ☐ 38 CAL _____ | ☐ L8 _____ | | ☐ CS | |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN _____ | ☐ 40 MULTI _____ | | ☐ OTHER: _____ | |
| ☐ WEAPON | | ☐ HFWRS | | | |
| ☐ PHYSICAL | ☒ N/A | ☐ BATON | | ☒ N/A | |
| ☐ CHEMICAL | | | | | |
| ☒ NONE | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☐ N/A  URINE SAMPLE | ☐ N/A  URINALYSIS COLLECTION BOX | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: _____ | |

NARRATIVE:

On Monday, January 22, 2007, at approximately 1300 hours, while working position #490, North Block Tier Officer, I was instructed by North Block Lieutenant B. A. Walls to escort Inmate STINER, B-19861, cell 4N027 to 4-Post (Yard Office) to conduct a Urinalysis Test. Inmate Stiner agreed to take the Urinalysis Test Without incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| S. Moore | C/O | 51392 | 1-22-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED   CLARIFICATION NEEDED | DATE |
|---|---|---|---|
| SGT M. | 01-22-07 | ☒ YES  ☐ NO   ☐ YES  ☐ NO | 01-23-07 |

03/16/2007  14:55    7075762141                    DEPT OF JUSTICE SANT                    PAGE  02/02

AGENCY CASE NUMBER          **DEPARTMENT OF JUSTICE**          BFS CASE NUMBER
                            **BUREAU OF FORENSIC SERVICES**          SR-07-000972-0001

TO:  DOJ Drug Report Recipient                    FROM:  Santa Rosa Laboratory
     California State Prison at San Quentin                7505 Sonoma Highway
     San Quentin, CA  94964                                Santa Rosa, CA  95409
                                                           (707) 576-2415 FAX 576-2141

### Controlled Substances

SUBJECT: ANDREW MOSS                              OFFENSE DATE:  1/22/2007

SUMMARY:
     Submission 01:
               Item 1:  Marijuana:  0.12 grams net

EVIDENCE:
On 3/5/2007, the following evidence was received from T. Lay of the California State Prison at San Quentin:

     Submission 01:    One evidence envelope with suspected controlled substances.
               Item 1:  "Plant matter 0.17 grams - Valtox tested positive for marijuana"

DISPOSITION:

The evidence will be returned to your agency in the normal course of business.

If called as a witness, I would testify that I am employed by the State of California Department of Justice and conducted examinations and formed
conclusions as stated in this report. Information regarding the examination and conclusions are entered into and are maintained within the DOJ
Laboratory Information Management System (LIMS) database. I, the undersigned, declare this information is true and correct under penalty
of perjury.

DATE OF REPORT:  3/15/2007

                                                  SAMANTHA  EVANS
Technical Reviewer:                               Senior Criminalist
Administrative Reviewer:

cc: DOJ Drug Report Recipient  DAMAR 415-499-3719

NATIONAL TOXICOLOGY LABORATORIES, INC.                NATIONAL TOXICOLOGY LABORATORIES
1100 CALIFORNIA AVE.                                  1100 CALIFORNIA AVE.
BAKERSFIELD, CA 93304

                        Daily Laboratory Report
          FOR UNIT/OFFICE #   012    CAL. STATE PRI. SAN QUENTIN
                      DATE REPORTED: 02/05/07

|            |        |         |          |       | Tests Orded | A M P A L | M E A T H | M O A T H | C O P H | C O T P | B A R D N | A P C R B | L C C B P | T H O C |
|------------|--------|---------|----------|-------|-------------|-----------|-----------|-----------|---------|---------|-----------|-----------|-----------|---------|
| ccession Name |      | CDC #   | Agt Int  | Rec. Date | Coll. Date |     |     |     |     |     |     |     |     |     |

070205150 MOSS, A            E74525 MOR 02/02 01/22  X X X  N N N N N N N N (P)


DIRECTOR: NARESH JAIN                    TOXICOLOGIST: THOMAS SNEATH

PA = PANEL   AL = ALCOHOL   TH(C) = CANNABINOIDS   AMPH = AMPHETAMINE
METH = METHAMPHETAMINE   MORP = MORPHINE   CODN = CODEINE   COCN = COCAINE
BARB = BARBITUATES   ALCO = ETHANOL   PCP = PHENCYCLIDINE
N = Negative  P = Positive  T = Sample was Tampered  U = Sample is Untestable
Q = Quantity not Sufficient to Confirm
1 = Phenobarbital 2 = Short Acting Barbituates
3 = Phenobarbital and Short Acting Barbituates 4 = Morphine (Large Amount)

NATIONAL TOXICOLOGY LABORATORIES, INC.
1100 CALIFORNIA AVE.
BAKERSFIELD, CA 93304

Daily Laboratory Report
FOR UNIT/OFFICE #  ▓▓▓▓     CAL. STATE PRI. SAN QUENTIN
DATE REPORTED: 02/05/07

| | | | | | Tests Orded | A M E P A L | M E T H | M O T R P H | C O O D C P N | C O C R N B | B A R C B P O | A P L C C | L T C H O C |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Accession | Name | CDC # | Agt Int | Rec. Date | Coll. Date | | | | | | | | |
| 070205142 | ▓▓▓▓ | ▓▓▓▓ | | 02/02 | 01/30 | X X X | ▓▓▓▓ | | | | | | |
| 070205134 | STINER, L | B19861 | DM | 02/02 | 01/22 | X X X | N N N N N N N N Ⓟ | | | | | | |
| 070205133 | | | | 02/02 | 01/ | | | | | | | | |
| 070205141 | | | | 02/02 | 01/ | | | | | | | | |
| 070205126 | | | | 02/02 | 01/ | | | | | | | | |
| 070204257 | | | E | 02/02 | 02/ | | | | | | | | |
| 070205137 | | | | 02/02 | 01/ | | | | | | | | |
| 070205131 | | | | 02/02 | 01/ | | | | | | | | |
| 070205148 | | | | 02/02 | 01, | | | | | | | | |
| 070205147 | | | T | 02/02 | 01, | | | | | | | | |
| 070204262 | | | E | 02/02 | 02, | | | | | | | | |
| 070205146 | | | | 02/02 | 01, | | | | | | | | |

PA = PANEL    AL = ALCOHOL    TH(C) = CANNABINOIDS    AMPH = AMPHETAMINE
METH = METHAMPHETAMINE    MORP = MORPHINE    CODN = CODEINE    COCN = COCAINE
BARB = BARBITUATES    ALCO = ETHANOL    PCP = PHENCYCLIDINE
N = Negative P = Positive T = Sample was Tampered U = Sample is Untestable
Q = Quantity not Sufficient to Confirm
1 = Phenobarbital 2 = Short Acting Barbituates
3 = Phenobarbital and Short Acting Barbituates 4 = Morphine (Large Amount)

# EXHIBIT D

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-74524 | MOSS | 03-07-NB-03-012 | CSP-SQ | 04/03/07 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES ☒  ☐ HEARING  ☐ IE REPORT  ☐ OTHER_____

On Tuesday, April 03, 2007, inmate Moss, E-74524, appeared before Senior Hearing Officer, C.P. Young, Correctional Lieutenant for adjudication of a Division "B" rule violation report. Inmate Moss stated that he was in good health, and acknowledged receipt of all reports to be used as evidence, and that he was ready to proceed with the hearing.

The purpose of the hearing was explained to Inmate Moss and he stated that he understood. Inmate Moss stated that he received a copy of all reports to be used in evidence more than 24 hours prior to the hearing. The following documentation was reviewed by the SHO: CDC-115 Log #03-07-NB-03-012.

A review of inmate Moss' Disciplinary history reflects that this is his first offense of this nature.

This Rules Violation Report was served to the inmate within 15 days of discovery. The hearing was held within 30 days of service. All time constraints have been met. Inmate Moss is not a participant in the Mental Health Delivery System.

A Staff Assistant was not assigned to the hearing per CCR Title 15, §3315(d)(2).

An Investigative Employee was not deemed to be necessary per CCR Title 15, §3315(d)(1).

Inmate Moss did not request any witnesses to be present at the hearing.

**PLEA:** The charges were read aloud to Inmate Moss. He acknowledge that he understood the charges, and pleaded "NOT GUILTY" and made the following statement:

They did not take any shoes out of my cell.

SEE CONTINUATION OF HEARING PART "C"

| | |
|---|---|
| SIGNATURE OF WRITER<br>C.P. Young, Correctional Lieutenant | DATE SIGNED<br>4/3/07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED<br>5/11/07 | TIME SIGNED<br>1230 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

D-1

| STATE OF CALIFORNIA | | | | | DEPARTMENT OF CORRECTIONS |
| RULES VIOLATION REPORT - PART C | | | | | PAGE 2 OF 2 |

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-74524 | MOSS | 03-07-NB-03-012 | CSP-SQ | 04/03/07 |

☐ SUPPLEMENTAL  ☑ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER_____

**FINDINGS:** Inmate Moss has been found **"GUILTY"** of the Division **"B"** offense, and for the specific act of "POSSESSION OF CONTROLLED SUBSTANCE & DISTRIBUTION." The preponderance of the evidence relied upon to render a finding of **"GUILTY"** included:

1.  The information contained in the CDCR Rules Violation Report authored by Correctional Officer G. Lemos, dated, 02/06/07, documents the following:

On March 16, 2007, the Investigative Services Unit (I.S.U.) received a fax from the California Department of Justice (D.O.T.) Toxicological Laboratory. The fax contained a copy of drug testing results of tests that were conducted on suspected drugs that were discovered in property located under the lower bunk in a common area. The results of this test reflected a positive reading for the presence of THC (Marijuana). The following results the circumstances surrounding the discovery of the drugs.

On Monday, January 22, 2007, at approximately 0700 hours, while conducting a search of cell 4N027 occupied by Inmates MOSS, E-74525 and Stiner, B-19861, I discovered a plastic bindle containing plant matter under the right insole of a pair of K-Swiss shoes identified as belonging to inmate Moss. The shoes were located on the floor under the lower bunk near the rear of the cell. I secured the item on my person and I continued the search of the cell with negative results for further contraband. Upon returning to I.S.U., I conducted a Narcopouch drug test which indicated positive for marijuana. The suspected marijuana was secured in the Security Squad evidence room as per institutional procedures and forwarded to the Department of Justice Laboratory for further testing. Total weight of the item with plastic is 0.17 grams.

**Note:** Toxicological report of urine sample collected on January 22, 2007, from inmate Moss tested positive for THC.

**DISPOSITION: GUILTY.** This SHO notes that the RVR documents inmate Moss' CDC Number as "E-74525," but it is actually "E-74524." This typographical error is noted and has no bearing on the findings.

**ASSESSED:**    (a.) Loss of 130 Days Behavior Credits for a Division "B" Offense.
(b.) Random Drug testing (once a month) for one (1) year effective from 04/03/07 through 04/02/08.
(c.) 90 Days Loss of Visits to be followed by 90 Days of Non-Contact visits.

Inmate Moss was advised that the disposition of the Rules Violation Report would not become final until approved by the Chief Disciplinary Officer, at which time he will receive a final copy of the completed CDC-115 Inmate Moss was also advised of his right to appeal the findings of this hearing, and the methods of appealing.

**Refer:** To UCC for the following: Placement in Privelede Group B of C, and mandatory participation in Narcotics Anonoymous meetings.

| SIGNATURE OF WRITER | DATE SIGNED |
| C.P. Young, Correctional Lieutenant | 4/3/07 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 5/1/07 | 1230 |

CDC 115-C (5/95)                D-2                OSP 99 25082

# EXHIBIT E

1

2

3

4

5

6

7

8                           SUPERIOR COURT OF CALIFORNIA

9                                COUNTY OF MARIN

10   In re ANDREW BERNARD MOSS,        )
                                       )   Case No. SC 155496A
11          Petitioner,                )
                                       )   **ORDER DENYING PETITION FOR**
12                                     )   **WRIT OF HABEAS CORPUS**
                                       )
13   _____ )

14          Petitioner complains about a disciplinary proceeding at San Quentin State Prison.  Based

15   upon a review of the Petitioner's pleadings, it appears to the Court that the discipline imposed

16   was supported by the evidence.

17          The burden is on Petitioner to establish a prima facie case for relief (see _People v._

18   _Romero_ (1994) 8 Cal.4th 728, 737; _People v. Duval_ (1995) 9 Cal.4th 464, 474).  The Court,

19   having reviewed Petitioner's Petition, concludes that he has not met that burden.

20   Dated:  September 21, 2007

21                                              _____
                                                JUDGE OF THE SUPERIOR COURT
22

23

24

25

26

27

28

E - 1

STATE OF CALIFORNIA )
COUNTY OF MARIN )

IN RE: **ANDREW BERNARD MOSS**

ACTION NO.: **SC155496A**

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF JUSTICE, SAN RAFAEL, CA 94903. ON **September 21, 2007** I SERVED THE WITHIN ***ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*** IN SAID ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CA ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *ANDREW BERNARD MOSS*<br>*CDC#: E-745254*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* | *WARDEN*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* |
| *ATTORNEY GENERAL*<br>*DEPARTMENT OF JUSTICE*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE*<br>*12TH FLOOR*<br>*SAN FRANCISCO, CA 94102-7004* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:    9/21/07        M Murphy



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

In re ANDREW MOSS

on Habeas Corpus.

A120583

FILED
Court of Appeal First Appellate District

FEB 13 2008

Diana Herbert, Clerk
By_____Deputy Clerk

(Marin County
Super. Ct. No. 155496A)

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated:    FEB 13 2008              **KLINE, P. J.**    P.J.

A120583

Andrew Bernard Moss
CDC:E74525
San Quentin State Prison
4-N-27
San Quentin, CA 94974

## NOTICE

*Please include both the appellate case number and the division number on any written communication or filing submitted to this court.*

**Our website address is**
**http://appellatecases.courtinfo.ca.gov**

pet

S161267

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ANDREW BERNARD MOSS on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

APR - **9** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
GEORGE
Chief Justice

E-5

# EXHIBIT F

| AGENCY CASE NUMBER | **DEPARTMENT OF JUSTICE** | BFS CASE NUMBER |
|---|---|---|
| ISU1479 | **BUREAU OF FORENSIC SERVICES** | SR-06-003734-0001 |

TO: DOJ Drug Report Recipient
California State Prison at San Quentin
San Quentin, CA  94964

FROM: Santa Rosa Laboratory
7505 Sonoma Highway
Santa Rosa, CA  95409
(707) 576-2415 FAX 576-2141

### Controlled Substances

SUBJECT: DUNG H. LE                          OFFENSE DATE: 9/13/2006
LOC D. NGUYEN
CUONG VO

SUMMARY:
    Submission 01:
        Item 01_1: Marijuana:  0.47 grams net
        Item 01_2: Marijuana:  22.25 grams net
        Item 01_3: Marijuana:  1.64 grams net

EVIDENCE:
On 10/11/2006, the following evidence was received from R. Pennington of the California State Prison at San Quentin:

    Submission 01:    One evidence envelope with suspected controlled substances.
        Item 01_1: "3.17 grams (approx) suspected THC"
        Item 01_2: "25.25 grams (approx) suspected THC"
        Item 01_3: "3.33 grams (approx) suspected THC"

DISPOSITION:

The evidence will be returned to your agency in the normal course of business.

If called as a witness, I would testify that I am employed by the State of California Department of Justice and conducted examinations and formed conclusions as stated in this report. Information regarding the examination and conclusions are entered into and are maintained within the DOJ Laboratory Information Management System (LIMS) database. I, the undersigned, declare this information is true and correct under penalty of perjury.

DATE OF REPORT:  10/13/2006

Technical Reviewer:
Administrative Reviewer:

JOHN YOUNT
Senior Criminalist

cc: DOJ Drug Report Recipient  DAMAR  415-499-3719

F-1

# EXHIBIT G



| | Department of Corrections and Rehabilitation | Number: 07/11 |
|---|---|---|
| | **NOTICE OF CHANGE TO REGULATIONS**<br><br>Sections 3190 and 3191 | **Publication Date:** 08/24/07 |
| | | **Effective Date:** 08/13/07 |

This notice announces the amendment to Sections 3190 and 3191 of the California Code of Regulations (CCR), Title 15, Crime Prevention and Corrections, to incorporate into the CCR provisions regarding inmate personal property.

**IMPLEMENTATION: IMMEDIATELY**

**PUBLIC COMMENT PERIOD**
Any person may submit written comments about the proposed regulations to the California Department of Corrections and Rehabilitation, Regulation and Policy Management Branch (RPMB), P.O. Box 942883, Sacramento, CA 94283-0001, by fax to (916) 341-7366, or by e-mail to *RPMB@cdcr.ca.gov*. All written comments must be received by the close of the public comment period, October 17, 2007 at 5:00 pm.

**PUBLIC HEARING INFORMATION**
A public hearing regarding these proposed regulations will be held <u>October 17, 2007</u> from <u>9:00 am to 11:00 am</u> in the <u>Corrections Standards Authority, Large Conference Room – West Entrance, 660 Bercut Drive, Sacramento, CA  95814.</u>  The purpose of the hearing is to receive oral comments about this action.  It is not a forum to debate the proposed regulations.  No decision regarding the permanent adoption of these regulations will be rendered at this hearing.  Written or facsimile comments submitted during the prescribed comment period have the same significance and influence as oral comments presented at the hearing. This hearing site is accessible to the mobility impaired.

**POSTING**
This notice shall be posted immediately upon receipt at locations accessible to inmates, parolees, and employees in each department facility and field office. Also, facilities shall make this notice available for review by inmates in segregated housing who do not have access to the posted copies and shall distribute it to inmate law libraries and advisory councils.

**CONTACT PERSON**
Inquiries regarding this notice should be directed to Timothy M. Lockwood, Chief, RPMB, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001, by telephone (916) 341-7390 or e-mail *RPMB@cdcr.ca.gov*.  Inquiries regarding the subject matter of these regulations may be directed to Anthony Freese, Facility Captain, Division of Adult Operations at (916) 322-1843.

K. W. PRUNTY
Undersecretary, Operations
Department of Corrections and Rehabilitation

Attachments

## NOTICE OF ADOPTION OF EMERGENCY REGULATIONS

**California Code of Regulations**
**Title 15, Crime Prevention and Corrections**
**Department of Corrections and Rehabilitation**

**NOTICE IS HEREBY GIVEN** that the Secretary of the California Department of Corrections and Rehabilitation (CDCR), pursuant to the authority granted by Government Code Section 12838.5, Penal Code (PC) Section 5058, and the rulemaking authority granted by PC Section 5058.3, in order to implement, interpret and make specific PC Sections 2601 and 5054, proposes to adopt and amend Sections 3190 and 3191 of the California Code of Regulations (CCR), Title 15 concerning inmate personal property.

### PUBLIC HEARING:

| | |
|---|---|
| Date and Time: | October 17, 2007 – 9:00 am to 11:00 am |
| Place: | Corrections Standards Authority<br>Large Conference Room – West Entrance<br>660 Bercut Drive<br>Sacramento, CA  95814 |
| Purpose: | To receive comments about this action. |

### PUBLIC COMMENT PERIOD:

The public comment period will close, <u>October 17, 2007 at 5:00 p.m.</u>  Any person may submit public comments in writing (by mail, by fax, or by e-mail) regarding the proposed changes.  To be considered by the Department, comments must be submitted to the CDCR, Regulation and Policy Management Branch, P.O. Box 942883, Sacramento, CA 94283-0001; by fax at (916) 341-7366; or by e-mail at *RPMB@cdcr.ca.gov* before the close of the comment period.

### CONTACT PERSON:

Please direct any inquiries regarding this action to:

**Timothy M. Lockwood, Chief**
**Regulation and Policy Management Branch**
**Department of Corrections and Rehabilitation**
**P.O. Box 942883, Sacramento, CA 94283-0001**
**Telephone (916) 341-7390**

In the event the contact person is unavailable, inquires should be directed to the following back-up person:

**Ann Cunningham**
**Regulation and Policy Management Branch**
**Telephone (916) 341-7390**

Questions regarding the substance of the proposed regulatory action should be directed to:

**Anthony Freese, Facility Captain**
**Division of Adult Operations**
**Telephone: (916) 322-1843**

### LOCAL MANDATES:

This action imposes no mandates on local agencies or school districts, or a mandate which requires reimbursement pursuant to Government Code Section 17561.

**FISCAL IMPACT STATEMENT:**

- Cost to any local agency or school district that is required to be reimbursed: *None*

- Cost or savings to any state agency: *None*

- Other nondiscretionary cost or savings imposed on local agencies: *None*

- Cost or savings in federal funding to the state: *None*

**EFFECT ON HOUSING COSTS:**

The Department has made an initial determination that the proposed action will have no significant effect on housing costs.

**COST IMPACTS ON REPRESENTATIVE PRIVATE PERSONS OR BUSINESSES:**

The Department is not aware of any cost impacts that a representative private person or business would necessarily incur in reasonable compliance with the proposed action.

**SIGNIFICANT STATEWIDE ADVERSE ECONOMIC IMPACT ON BUSINESS:**

The Department has initially determined that the proposed regulations will not have a significant statewide adverse economic impact directly affecting businesses, including the ability of California businesses to compete with businesses in other states.

**EFFECT ON SMALL BUSINESSES:**

The Department has determined that the proposed regulations may not affect small businesses. It is determined that this action has no significant adverse economic impact on small business because they are not affected by the internal management of state prisons.

**ASSESSMENTS OF EFFECTS ON JOB AND/OR BUSINESS CREATION, ELIMINATION OR EXPANSION:**

The Department has determined that the proposed regulation will have no affect on the creation of new, or the elimination of existing jobs or businesses within California, or affect the expansion of businesses currently doing business in California.

**CONSIDERATION OF ALTERNATIVES:**

The Department must determine that no reasonable alternative considered by the Department, or that has otherwise been identified and brought to the attention of the Department, would be more effective in carrying out the purpose for which the action is proposed, or would be as effective and less burdensome to affected private persons, than the proposed regulatory action. Interested persons are accordingly invited to present statements or arguments with respect to any alternatives to the changes proposed at the scheduled hearing or during the written comment period.

**AVAILABILITY OF PROPOSED TEXT AND INITIAL STATEMENT OF REASONS:**

The Department has prepared, and will make available, the text and the Initial Statement of Reasons (ISOR) of the proposed regulations. The rulemaking file for this regulatory action, which contains those items and all information on which the proposal is based (i.e., rulemaking file) is available to the public upon request directed to the Department's contact person. The proposed text, ISOR, and Notice of Proposed Action will also be made available on the Department's website http://www.cdcr.ca.gov.

**AVAILABILITY OF THE FINAL STATEMENT OF REASONS:**

Following its preparation, a copy of the Final Statement of Reasons may be obtained from the Department's contact person.

**AVAILABILITY OF CHANGES TO PROPOSED TEXT:**

After considering all timely and relevant comments received, the Department may adopt the proposed regulations substantially as described in this Notice. If the Department makes modifications which are sufficiently related to the originally proposed text, it will make the modified text (with the changes clearly indicated) available to the public for at least 15 days before the Department adopts the regulations as revised. Requests for copies of any

modified regulation text should be directed to the contact person indicated in this Notice. The Department will accept written comments on the modified regulations for 15 days after the date on which they are made available.

## INFORMATIVE DIGEST/POLICY STATEMENT OVERVIEW:

Penal Code (PC) Section 5000 provides that commencing July 1, 2005, any reference to the Department of Corrections in this or any code, refers to the CDCR, Division of Adult Operations.

PC Section 5054 provides that commencing July 1, 2005, the supervision, management, and control of the state prisons, and the responsibility for the care, custody, treatment, training, discipline, and employment of persons confined therein are vested in the Secretary of the CDCR.

PC Section 5058 authorizes the Director to prescribe and amend regulations for the administration of prisons.

PC Section 5058.3 authorizes the Director to adopt, amend, or repeal emergency regulations conducted pursuant to Government Code Section 11340.

In this regulatory action, the Secretary proposes to amend its regulatory provisions pertaining to inmate personal property which are set forth in CCR, Title 15, Sections 3190 and 3191 as follows:

- This action amends provisions governing inmate personal property based upon institution mission and security levels. It also incorporates by reference the Approved Personal Property Schedule (APPS) Matrix with revision date of February 1, 2007. The specific items of personal property have been established by a consensus of individual facilities within each of the five mission-based regions of the Division of Adult Institutions. The timely update of the five mission-based regional property lists is critical to maintaining the safety and security of facilities throughout the State. Frequent updates are necessary in order to accurately reflect the safety and security needs of the facilities of the Department in a timely manner. Updates are limited to twice yearly as a result of staff workload issues. Any changes to the APPS shall be adopted in accordance with the rulemaking requirements of the Administrative Procedure Act. Local exceptions to the individual mission-based property lists shall also continue to be permitted due in part to the wide range in variances of facility construction and needs of specific local inmate populations.

- These regulations allow for a standardized personal property schedule. Based upon the Department's reorganized management structure, the Department will now have the ability to identify inmate personal property needs based upon institution mission, which is directly related to the institution's security level.

- The Department weighed institutional concerns against the concerns of inmates in order to determine reasonable personal property standards. Reasons requiring the personal property standards include, but are not limited to: (1) increases staff's ability to detect contraband, drugs, and weapons; (2) reduces the ability for inmates to barter or trade; (3) reduces inmate personal property claims; (4) provides property distinctions for the five mission-based programs; (5) reduces the ability of inmates to intimidate other inmates into relinquishing personal property; and (6) in the interest of security and safety.

- The specific items of personal property have been established by a consensus of individual facilities within each of the five mission-based regions of the Division of Adult Institutions. The APPS Matrix, which is incorporated by reference, and will consist of the following five different mission-based programs: (1) APPS – Reception Center (facilities within this mission provide short term housing to male inmates for evaluation of long term housing and programming needs); (2) APPS – Levels II and III, Male Conservation Camps and Community Correctional Facilities (CCFs) (facilities within this mission provide long term housing and services to minimum, low and lower medium custody, general population male inmates and provide for the training and placement of male inmates in the conservation camp program); (3) APPS – Levels III and IV (facilities within this mission provide long term housing and services to higher medium and maximum custody general population male inmates); (4) APPS – High Security and Transitional Housing, (facilities within this mission provide long term housing and services to maximum custody, high security male inmates that have proven to be unsuitable for placement in less restrictive facilities); and (5) APPS – Female Offenders Programs, (facilities within this mission serve as Reception Centers, providing short term housing to female inmates for initial assessment, and provide long term housing and services to all levels of custody and security for female inmates). It is the

separation of the current single matrix into these five separate matrices that allows the Department to permit a wider array of personal property items for inmates as an incentive to program in a positive manner and to address the security needs of the higher security levels.

- These regulations allow for an inmate to possess personal clothing in their quarters/living area, subject to section 3190(a), unless otherwise prohibited by these regulations. These regulations also allow for inmate special purchases from a locally-approved vendor as described in 3190(i), with the exception of books and subscriptions to periodicals which are subject to 3006; and purchases by inmate correspondents of appliances for qualifying inmates, including health care and entertainment appliances and/or musical instruments from a locally-approved vendor, pursuant to section 3044. Inmates assigned to Privilege Groups A or B may now possess up to three approved appliances (a musical instrument may be substituted as one of the three appliances), not to exceed the six cubic feet maximum limitation.

- These regulations address property retention for inmates pending the outcome of an Initial Classification Committee review. Additionally, they address the reissue of the property as determined by departmental regulations.

- The amendments to Section 3191(c) revise provisions pertaining to the disposal of unauthorized personal property, particularly with regard to the disposal of specified contraband.

- The regulations include other miscellaneous amendments, all of which relate to inmate possession of inmate personal property.

## INITIAL STATEMENT OF REASONS:

This action amends provisions governing inmate personal property based upon institution mission and security levels. It also incorporates by reference the Approved Personal Property Schedule (APPS) Matrix. The inmate property matrix consists of five mission-based regional property lists which are incorporated by reference into the Title 15. The timely update of the five mission-based regional property lists is critical to maintaining the safety and security of facilities throughout the State. Therefore it is necessary to file these regulations on an Emergency Operational Necessity basis to reflect the ever changing safety and security concerns of the facilities within the Division of Adult Institutions (DAI).

Current DAI policies provide a single property schedule for all inmates regardless of security level or institution mission. This currently makes it difficult to create incentives for inmates that program in a positive manner or to address issues specific to female offenders. Female offenders in particular have demonstrated a lower level of violence, less escape risk and a need for the building of self-esteem.

These regulations will continue to allow for a standardized personal property schedule. However, based upon the Department's reorganized management structure, the Department will now have the ability to identify inmate personal property needs based upon institution mission, which is directly related to the institution's security level. Any changes to the APPS shall be adopted in accordance with the rulemaking requirements of the Administrative Procedure Act.

The Department weighed institutional concerns against the concerns of inmates in order to determine reasonable personal property standards. Reasons requiring the personal property standards include, but are not limited to: (1) increases staff's ability to detect contraband, drugs, and weapons; (2) reduces the ability for inmates to barter or trade; (3) reduces inmate personal property claims; (4) provides property distinctions for the five mission-based programs; (5) reduces the ability of inmates to intimidate other inmates into relinquishing personal property; and (6) in the interest of security and safety.

The specific items of personal property have been established by a consensus of individual facilities within each of the five mission-based regions of the Division of Adult Institutions. The APPS Matrix, which is incorporated by reference, and will consist of the following five different mission-based programs: (1) APPS – Reception Center (facilities within this mission provide short term housing to male inmates for evaluation of long term housing and programming needs); (2) APPS – Levels II and III, Male Conservation Camps and Community Correctional Facilities (CCFs) (facilities within this mission provide long term housing and services to minimum, low and lower medium custody, general population male inmates and provide for the training and placement of male inmates in the conservation camp program); (3) APPS – Levels III and IV (facilities within this mission provide long term housing and services to higher medium and maximum custody general population male inmates); (4) APPS – High Security and Transitional Housing, (facilities within this mission provide long term housing and services to maximum custody, high security male inmates that have proven to be unsuitable for placement in less restrictive facilities); and (5) APPS – Female Offenders Programs, (facilities within this mission serve as Reception Centers, providing short term housing to female inmates for initial assessment, and provide long term housing and services to all levels of custody and security for female inmates). It is the separation of the current single matrix into these five separate matrices that allows the Department to permit a wider array of personal property items for inmates as an incentive to program in a positive manner and to address the security needs of the higher security levels.

G-6

**Subsection 3190(a) is unchanged**

**New subsection 3190(b) is adopted** to identify the specific mission-based programs that the APPS will be based upon. It is necessary that each mission-based program develop and update a list of allowable property based specifically on the safety and security needs inherent to the mission. The APPS Matrix, which is incorporated by reference, and will consist of the following five different mission-based programs and matrixes as discussed above.

The personal property list shall be developed or updated no more frequently than twice yearly. Frequent updates are necessary in order to accurately reflect the safety and security needs of the facilities of the Department in a timely manner. This includes the continuing trends in the use of personal property items as weapon stock by inmates. Updates are limited to twice yearly as a result of staff workload issues. Any changes to the APPS shall be adopted in accordance with the rulemaking requirements of the Administrative Procedure Act. Local exceptions to the individual mission-based property lists shall also continue to be permitted due in part to the wide range in variances of facility construction and needs of specific local inmate populations.

The personal property list is necessary due to the lack of storage space and constrictive conditions in the inmates' quarters/living area. Also, restricting the amount of property will aid staff in detecting contraband during a cell search and will reduce the possibility of fire hazards in the inmate's cell. Inmate cells, quarters/livings areas are typically no larger than 6' x 10' in size. Most cells at the institutions/facilities are not single-celled, but are occupied by two inmates, thereby allowing even less space, and creating an even greater fire hazard if the 6 cubic feet limit is not adhered to. The intent is to permit the inmate population within a given mission-based program to possess as much personal property as practical, in keeping with safety and security needs.

**Existing subsections 3190(b) through 3190(d) are renumbered to 3190(c) through 3190(e) and are unchanged.**

**Existing subsection 3190(e) is renumbered to 3190(f) and amended** to add personal clothing as a recognized category of allowable personal property. Inmates have always been able to possess personal clothing, this change corrects that omission.

**Existing subsections 3190(f) and 3190(g) are renumbered to 3190(g) and 3190(h) and are unchanged.**

**Existing subsection 3190(h) is renumbered to 3190(i) and amended** to specify that inmates shall be allowed special purchases of authorized personal property items from locally approved special purchase vendors, except as provided for books and subscriptions to periodicals in Section 3190(i)(7). This is necessary to permit local facilities the discretion to select special purchase vendors as needed. It is impractical to manage special purchase vendors department-wide as these types of purchases include, but are not limited to health care appliances from local physicians, hobby craft items from local lumber yards and correspondence courses from any educational institution in the country.

**Subsection 3190(i)(1) is amended** to correct the reference to the six cubic foot limitation to 3190(c). This is necessary due to the renumbering of these regulations.

**Subsection 3190(i)(2) through 3190(i)(6) are unchanged.**

**Subsection 3190(i)(7) is amended** to specify that there shall be no "Approved Vendor Lists" for any publications. The First Amendment allows for freedom of the press, which includes books and subscriptions to periodicals. An "Approved Vendor List" would be so voluminous that it would be impossible for the Department to maintain this list. The potential number of publishers and vendors would be unmanageable to identify and list. The Department, therefore, will not create nor will it provide an "Approved Vendor List" for any publications. This is necessary due to the enormity of such a list and its impact on workload for staff to maintain and update such a list.

**Existing subsection 3190(i) is renumbered to 3190(j) and 3190(j)(1) and is amended** to increase the amount of approved appliances from two to three for Privilege Groups A or B in their quarters/living area as long as it does not exceed the six cubic feet maximum limitation. This also includes one musical instrument as one of the three appliances. This increase will allow greater flexibility for inmates regarding their choice of approved appliances. For example, an inmate may possess, under these regulations, a television, a fan and a guitar in their quarters/living area as long as it does not exceed the six cubic feet maximum limitation.

**Subsection 3190(j)(2) through 3190(j)(5) are unchanged.**

**Existing subsections 3190(j) through 3190(l) are renumbered to 3190(k) through 3190(m) and are unchanged.**

**Existing subsection 3190(m) is renumbered to 3190(n) and is amended** to change the departmentally-approved vendor list to a locally-approved vendor list regarding the purchase of appliances, including health care and entertainment appliances and/or musical instruments. This is necessary to permit local facilities the discretion to select special purchase vendors as needed. It is impractical to manage special purchase vendors department-wide with these types of purchases. For example, Health Care Appliances may be provided from local physicians and hospitals that provide services to inmates at each facility. These may consist of, but are not limited to hearing aids, prescription eyeglasses and prosthetic devices.

**Existing subsections 3190(n) through 3190(r) are renumbered to 3190(o) through 3190(s) and are unchanged.**

**Existing subsection 3190(s) is renumbered to 3190(t) and amended** to reflect the level of classification committee responsible for review of Administrative Segregation inmates, and to capture the Department's intent that inmates housed in Administrative Segregation should have the ability to possess all their personal property unless it represents a safety or security threat in this type of housing environment. It specifies that if the inmate is retained in Administrative Segregation, all of their allowable property as determined by current departmental regulations shall be reissued to the inmate.

**The Note Section of 3190 is amended** to add Penal Code Section 5058.3 to the Authority cited due to the filing of Emergency Operational Necessity. Additionally, Section 2601(c)(2) in the Reference Section has been changed to Section 2601 so as to make the reference broader.

**Subsections 3191(a) and 3191(b) are unchanged.**

**Subsection 3191(c) is amended** to provide several methods of disposal of non-allowable inmate personal property not meeting the criteria established in Section 3190. Property that is considered contraband pursuant to subsections 3006(a) or (c) of the Title 15 will be disposed of by staff

determination. This is necessary as property identified in subsections 3006(a) or (c) includes drugs, weapons and weapon stock, pornography, etc., and the disposal of such cannot be subject to inmate determination.

**Subsections 3191(c)(1) through 3191(d) are unchanged.**

**The Note Section of 3191 is amended** to add Penal Code Section 5058.3 to the Authority cite due to the filing of Emergency Operational Necessity. Additionally, Section 2601 has been added as a Reference cite.

The Department, in proposing amendments to these regulations, has not identified nor has it relied upon any technical, theoretical, or empirical study, report, or similar document.

The Department has determined that no reasonable alternatives to the regulations have been identified or brought to the attention of the Department that would lessen any adverse impact on small business.

The Department has made an initial determination that the action will not have a significant adverse economic impact on business. Additionally, there have been no facts, evidence, documents, testimony or other evidence provided that would alter the Department's initial determination.

The Department has determined that this action imposes no mandates on local agencies or school districts, or a mandate, which requires reimbursement pursuant to Part 7 (Section 17561) of Division 4.

The Department must determine that no alternative considered would be more effective in carrying out the purpose of this action or would be as effective and less burdensome to affected private persons than the action proposed.

**Text of Proposed Regulations**

Deleted text is indicated by ~~strikethrough~~ and added or amended text is indicated by underline.

**Article 9. Personal Property**

**3190. General Policy.**

Subsection 3190(a) is unchanged.

New subsection 3190(b) is adopted to read:

(b) Specific items of personal property shall be established by a consensus of individual facilities within each of five mission-based regions of the Division of Adult Institutions. A list of allowable property shall be developed and updated by each mission-based region no more frequently than twice yearly. Local exceptions to the individual mission-based property lists shall also be identified. All changes to the Authorized Personal Property Schedule shall be adopted in accordance with the rulemaking requirements of the Administrative Procedure Act (Government Code Sections 11340 through 11364).

The following five mission-based regional property lists are incorporated by reference:

(1) Authorized Personal Property Schedule – Reception Centers (Rev. 2/1/07): Facilities within the Reception Center mission provide short term housing to male inmates for evaluation of long term housing and programming needs. Facilities within the Reception Center Mission are subject to this Authorized Personal Property Schedule, and include:

(A) California Institution for Men – Reception Center and Administrative Segregation Unit Housing,

(B) Deuel Vocational Institution – Reception Center and Administrative Segregation Unit Housing,

(C) North Kern State Prison – Reception Center and Administrative Segregation Unit Housing,

G-10

(D)  Richard J. Donovan Correctional Facility – Reception Center and Administrative Segregation Unit Housing,

(E)  San Quentin State Prison – Reception Center and Administrative Segregation Unit Housing, and

(F)  Wasco State Prison – Reception Center and Administrative Segregation Unit Housing.

(2)  Authorized Personal Property Schedule – Levels II, III, Male Conservation Camps and Community Correctional Facilities (Rev. 2/1/07):    Facilities within the Levels II, III, Male Conservation Camps and Community Correctional Facilities mission provide long term housing and services to minimum, low and lower medium custody, general population male inmates; and provide for the training and placement of male inmates in the conservation camp program. Facilities within the Levels II, III, Male Conservation Camps and Community Correctional Facilities mission are subject to this Authorized Personal Property Schedule, and include:

(A)  Avenal State Prison – Levels I and II General Population and Administrative Segregation Unit Housing,

(B)    California Correctional Center – Levels I, II, III General Population, Administrative Segregation Unit Housing and Male Conservation Camps,

(C)  California Institution for Men – Level I General Population Housing,

(D)    California Rehabilitation Center – Levels I and II General Population and Administrative Segregation Unit Housing,

(E)    California State Prison, Solano – Levels II and III General Population and Administrative Segregation Unit Housing,

(F)    Correctional Training Facility – Levels, I, II, and III General Population and Administrative Segregation Unit Housing,

(G) Chuckawalla Valley State Prison – Levels I and II General Population and Administrative Segregation Unit Housing,

(H) Deuel Vocational Institution – Levels I and II General Population Housing,

(I) Folsom State Prison – Levels I, II, and III General Population and Administrative Segregation Unit Housing,

(J) Ironwood State Prison – Levels I and II General Population and Administrative Segregation Unit Housing,

(K) Pleasant Valley State Prison – Levels I, III and IV General Population and Administrative Segregation Unit Housing,

(L) California Substance Abuse Treatment Facility and State Prison, Corcoran – Levels I, II, III and IV General Population and Administrative Segregation Unit Housing,

(M) North Kern State Prison – Levels I and II General Population Housing,

(N) Richard J. Donovan Correctional Facility – Levels I and III General Population Housing,

(O) San Quentin State Prison – Levels I and II General Population Housing,

(P) Sierra Conservation Center – Levels I, II and III General Population, Administrative Segregation Unit Housing and Male Conservation Camps, and

(Q) Wasco State Prison – Levels I and III General Population Housing.

(3) Authorized Personal Property Schedule – Levels III and IV (Rev. 2/1/07). Facilities within the Levels III and IV mission provide long term housing and services to higher medium and maximum custody general population male inmates. Facilities within the Levels III and IV mission are subject to this Authorized Personal Property Schedule, and include:

(A)  Calipatria State Prison – Levels I and IV General Population and Administrative Segregation Unit Housing,

(B)  Centinela State Prison – Levels I and III General Population and Administrative Segregation Unit Housing,

(C)  California Men's Colony – Levels I, II and III General Population and Administrative Segregation Unit Housing,

(D)  California Medical Facility – Levels I, II and III General Population and Administrative Segregation Unit Housing,

(E)  California State Prison, Los Angeles County – Levels I, IV and Reception Center and Administrative Segregation Unit Housing

(F)  Mule Creek State Prison – Levels I, II, III and IV General Population and Administrative Segregation Unit Housing,

(G)  Pleasant Valley State Prison – Levels I, III and IV General Population and Administrative Segregation Unit Housing,

(H)  California Substance Abuse Treatment Facility and State Prison, Corcoran – Levels I, II, III and IV General Population and Administrative Segregation Unit Housing, and

(I)  Richard J. Donovan Correctional Facility – Level IV General Population Housing.

(4)  Authorized Personal Property Schedule – High Security and Transitional Housing (Rev. 2/1/07).  Facilities within the High Security and Transitional Housing mission provide long term housing and services to maximum custody, high security male inmates that have proven to be unsuitable for placement in less restrictive facilities.  Facilities within the High Security and Transitional Housing mission are subject to this Authorized Personal Property Schedule, and include:

(A)  California Correctional Institution – Levels I, II and IV General Population, Reception Center, Administrative Segregation Unit and Security Housing Unit Housing,

(B)  Corcoran State Prison – Levels I, III, and IV General Population, Administrative Segregation Unit and Security Housing Unit Housing,

(C)  High Desert State Prison – Levels I, II, III and IV General Population, Administrative Segregation Unit and Reception Center Housing,

(D)  Kern Valley State Prison – Levels I and IV General Population and Administrative Segregation Unit Housing,

(E)  Pelican Bay State Prison – Levels I and IV General Population, Administrative Segregation Unit and Security Housing Unit Housing,

(F)  California State Prison, Sacramento – Levels I, II and IV General Population and Administrative Segregation Unit Housing, and

(G)  Salinas Valley State Prison – Levels I, II, III and IV General Population and Administrative Segregation Unit Housing.

(5) Authorized Personal Property Schedule – Female Offenders Programs (Rev. 2/1/07).  Facilities within the Female Offenders Programs mission serve as Reception Centers, providing short term housing to female inmates for initial assessment, and provide long term housing and services to all levels of custody and security for female inmates.  Facilities within the Female Offenders Programs mission are subject to this Authorized Personal Property Schedule, and include:

(A)  Central California Women's Facility – Levels I, II, III and IV General Population, Administrative Segregation Unit and Reception Center Housing,

(B)  California Institution for Women – Levels I, II and III General Population, Administrative Segregation Unit and Reception Center Housing, and

(C) Valley State Prison for Women – Levels I, II, III and IV General Population, Reception Center, Administrative Segregation Unit and Security Housing Unit Housing.

**Existing subsections 3190(b) through (d) are renumbered to 3190(c) through (e) and are unchanged.**

**Existing subsection 3190(e) is renumbered to 3190(f) and amended to read:**

(ef) Inmates may possess allowable food and personal care/hygiene items, and personal clothing in their quarters/living areas, subject to section 3190(a), unless otherwise prohibited by these regulations. The total volume of canteen merchandise retained in possession of an inmate shall be pursuant to section 3094. Inmates shall be required to maintain their purchase receipt to verify purchases until such items are expended.

**Existing subsections 3190(f) through (g) are renumbered to 3190(g) through (h) and are unchanged.**

**Existing subsections 3190(h) through (i) are renumbered to 3190(i) through (j) and amended to read:**

(hi) Inmates shall be allowed special purchases of authorized personal property items from ~~departmentally~~ locally-approved special purchase vendors (except as provided for books and subscriptions to periodicals in Section 3190(i)(7) below). The institution head or designated staff shall ensure approved vendor catalogs and order forms are available to inmates who qualify. Special purchases shall only include the following:

(1) Health Care Appliances, subject to prescription by health care staff and approval by designated custody staff, shall be excluded from the six cubic foot limitation of section 3190(bc).

(2) Legal Material, including legal reference material, books, and legal pads not available in the institution canteen, pursuant to section 3161.

(3) Correspondence Courses, subject to approval by supervisor of correctional education programs and designated custody staff.

(4) Religious Items, subject to approval by institutional chaplain and designated custody staff.

(5) Handicraft Material, subject to approval by handicraft manager and designated custody staff.

(6) Entertainment Appliances and Musical Instruments, subject to qualifying privilege group and/or security level/institution mission.

(7) Books and subscriptions to periodicals, subject to section 3006. There shall be no "Approved Vendor Lists" for any publications.

(i̶i̲) Inmates may be allowed to possess appliances and one musical instrument as follows:

(1) Inmates assigned to Privilege Groups A or B may possess up to two̶three approved appliances in their quarters/living area and shall not exceed the six cubic feet maximum limitation. One musical instrument with case not exceeding 46'' x 24'' x 12'' may be substituted as one of the two̶three appliances.

**Subsection 3190 (j)(2) through (5) are unchanged.**

**Existing subsections 3190(j) through (l) are renumbered to 3190 (k) through (m) and are unchanged.**

**Existing subsection 3190(m) is renumbered to 3190(n) and is amended to read:**

(m̶n̲) Inmate correspondents shall be permitted to purchase appliances for qualifying inmates, including health care and entertainment appliances and/or musical instruments from a departmentally locally-approved vendor, pursuant to section 3044.

**Existing subsections 3190(n) through (r) are renumbered to 3190(o) through (s) and are unchanged.**

**Existing subsection 3190(s) is renumbered to 3190(t) and is amended to read:**

(s̶t̲) Privilege Group A or B inmates placed in administrative segregation (AD SEG) shall have their property inventoried and stored pending the outcome of AD SEG placement Initial Classification Committee review. If the inmate is released to general population and maintains their Privilege Group A or B assignment, all allowable property shall be returned. If the inmate is retained in AD SEG, all allowable property as determined by current departmental regulations shall be reissued to the inmate. If the inmate received a SHU term, the inmate shall be required to dispose of

unallowable property due to privilege group and/or security level and/or institution mission change in accordance with section 3191(c).

NOTE: Authority cited: Section 5058 and 5058.3, Penal Code. Reference: Sections 2601(e)(2), 5006 and 5054, Penal Code; *In re Alcala,* Marin County Superior Court, No. 117925, December 20, 1984 and *Armstrong* v. *Davis Court Ordered Remedial Plan,* Amended January 3, 2001; *In re Armstrong,* N.D. Cal, No. C 94-02307, March 20, 1998.

**3191. Property Registration and Disposition.**

**Subsections 3191 (a) through (b) are unchanged.**

**Subsection 3191 (c) is amended to read:**

(c) Inmate personal property not meeting the criteria in section 3190, shall be disposed of in accordance with this section. An inmate shall select one of the methods listed below for disposing of non-allowable personal property which is unauthorized pursuant to subsection (b) and sections 3006 and 3190. If the inmate makes no selection or has insufficient funds, staff shall document that fact and determine the method of disposition.  Property that is considered contraband pursuant to section 3006(a) or (c) will be disposed of by staff determination.

**Subsections 3191(c)(1) through (d) are unchanged.**

NOTE: Authority cited: Section 5058 and 5058.3, Penal Code. Reference: Sections 2601 and 5054, Penal Code.

INMATE PROPERTY

*(REV 2-1-07)*

## MATRIX - AUTHORIZED PERSONAL PROPERTY SCHEDULE (APPS)

Facilities may submit requests to be exempted from the personal property items detailed in these schedules. These Exemption Requests are to be submitted to the Chief, Standardized Procedures Liaison Unit, with a copy to the appropriate mission-based Associate Director. All requests must include rationale and supporting data such as incident reports, physical plant limitations, etc. In the case of a safety/security related request, the requesting institution may immediately implement the requested exemption pending approval/disapproval by the Deputy Director, Division of Adult Institutions (DAI).

Inmates may request to have items added to the APPS through their Inmate Advisory Council (IAC). All IAC requests are subject to review by local institutional administration and may be included with any facility Exemption Requests forwarded to the DAI.

### TABLE OF CONTENTS

PROGRAM DESCRIPTION ........................................................................................................ PAGE #

Reception Centers ............................................................................................................ 2

Levels II, III, Male Conservation Camps and Community Correctional Facilities..................... 12

Levels III and IV .............................................................................................................. 23

High Security and Transitional Housing ........................................................................... 34

Female Offenders Programs ............................................................................................. 45

## RECEPTION CENTERS

## TABLE OF CONTENTS

ITEM DESCRIPTION .................................................................................................................................... PAGE #

Granted Exemption Requests ............................................................................................................ 2

Personal Clothing ................................................................................................................................ 3

Personal Care / Hygiene .................................................................................................................... 4

Food ...................................................................................................................................................... 6

Miscellaneous ...................................................................................................................................... 7

Games ................................................................................................................................................... 8

Registerable Property ........................................................................................................................ 9

- Registerable Appliances ....................................................................................................... 9

- Other Registerable Items ................................................................................................... 10

## GRANTED EXEMPTION REQUESTS

**California Institution for Men**

> No Exemptions

**Deuel Vocational Institution**

> No Exemptions

**North Kern State Prison**

> No Exemptions

**Richard J. Donovan Correctional Facility**

> No Exemptions

**San Quentin State Prison**

> No Exemptions

G - 19

## PERSONAL CLOTHING FOR RECEPTION CENTER INMATES

- INMATES ARE ONLY PERMITTED ITEMS OF PERSONAL CLOTHING LISTED IN THIS SCHEDULE UNLESS AUTHORIZED FOR MEDICAL REASONS.
- INMATES ARE PERMITTED TO WEAR SOLID COLORS ONLY UNLESS OTHERWISE INDICATED.
- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING ITEMS IN ANY SHADE OR TINT OF GREEN, BLACK, BROWN, TAN, RED, OR BLUE UNLESS OTHERWISE INDICATED.
- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING WITH HOODS, PICTURES, DECORATIVE ZIPPERS, INSIDE POCKETS, OR ZIPPERED POCKETS.
- ALL INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING ITEMS WHICH ARE OBSCENE OR WHICH HAVE LOGOS, LETTERING, PICTURES WHICH ADVERTISE OR DEPICT ALCOHOL, GANGS, PROFANITY, SEX, WEAPONS, DRUGS, OR DRUG PARAPHERNALIA.
- MALE INMATES SHALL NOT RECEIVE OR POSSESS ITEMS OF CLOTHING DESIGNED AND MANUFACTURED SPECIFICALLY FOR WOMEN UNLESS AUTHORIZED FOR MEDICAL REASONS.

| **Item Description** With additional requirements and restrictions. | **RECEPTION CENTER** | | **ASU** |
|---|---|---|---|
| | **PRIVILEGE GROUP** | | |
| | (Initial Intake) **U** | (Processing) **U** | **D** |
| **ATHLETIC SHORTS** (White or light gray only, no logos or printing). | **0** | **0** | **0** |
| **ATHLETIC SUPPORTER** | **0** | **0** | **0** |
| **BRIEFS** (White only). | **10** | **10** | **0** |
| **GLOVES** (Cold weather gloves upon approval of Warden, no zippers, pockets or metal) | **0** | **1** | **0** |
| **HATS and CAPS** | **0** | **1** | **0** |
| • BASEBALL (White or light gray only, no black). | | | |
| • WATCH CAPS (No black). | | | |
| • Additional hats consistent with these regulations may be allowed by local institution discretion. | | | |
| (No stripes, designs, or logos, neutral colors only) | | | |
| **HEAD BAND** (Terry cloth, plain, white, or gray). | **0** | **0** | **0** |
| **RAIN COAT/PONCHO** (Transparent only). | **0** | **1** | **0** |
| **SHOWER SHOES** (Foam or soft rubber, single layer, thong type construction, not exceeding 1-inch in thickness). | **1 pair** | **1 pair** | **1 pair** |
| **SLIPPERS / HOUSESHOES** (No leather or leather-like materials). | **0** | **1 pair** | **0** |
| **SOCKS** (White only. Any combination of short to knee-high). | **0** | **7** | **0** |
| **SWEAT SHIRT** (Light grey, white, or off-white only). | **0** | **1** | **0** |
| **SWEAT PANTS** (Light grey, white, or off-white only). | **0** | **1** | **0** |
| **TENNIS SHOES** (No shades of red or blue. Low, mid or high tops are permitted. Must be predominantly white in color. No K-Swiss, Bugle Boys, Joy Walkers, Pumps, Gels, British Knights or Airlifts. Shoe laces white only. Not to exceed $75.00. No hidden compartments, zippers, or laces that are covered or concealed. No metal components including eyelets). | **0** | **1 pair** | **0** |

## PERSONAL CLOTHING FOR RECEPTION CENTER INMATES (Continued)

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake) U | (Processing) U | D |
| UNDERWEAR, THERMAL, OR LONG (Grey, white, or off-white only. One pair consists of top and bottom or solid one piece). | 0 | 1 set | 1 set |
| UNDER SHIRTS (White only. Any combination of crew neck, v-neck or sleeveless athletic tank-top). | 0 | 5 | 0 |
| WAVE CAPS (White or grey only). | 0 | 1 | 0 |

## PERSONAL CARE / HYGIENE FOR RECEPTION CENTER INMATES

- NO ALCOHOL-BASED PRODUCTS AND NO AEROSOL CONTAINERS ALLOWED.
- NO METAL CONTAINERS.
- PRODUCTS CONTAINING PHOSPHATES ARE NOT ALLOWED.
- DISPOSABLE RAZORS ARE RESTRICTED FROM ALL LEVEL IV 180 DESIGN PROGRAM YARDS AND HOUSING.
- INSTITUTIONS MAY REQUIRE DISPOSABLE RAZORS TO MEET SAFETY TAMPER PROOF SPECIFICATIONS.

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake) U | (Processing) U | D |
| BODY POWDERS (Baby powder, foot powder, etc.). | 0 | 1 | 0 |
| COMB (Non-metal, maximum of 6" in length, no handle). | 1 | 1 | 0 |
| COSMETIC/SHAVING BAG (Not to exceed 6" x 6" x 8"). | 0 | 1 | 0 |
| COTTON SWABS | 0 | 100 | 0 |
| DENTAL ADHESIVE (For approved denture wearers only) | 0 | 2 | 2 |
| DENTAL FLOSSERS/GLIDERS (No more than 3 inches in length, amount allowed in possession to be determined by local institutional procedure). | 0 | YES | YES |
| DENTURE CLEANSER | 0 | 1 box | 1 box |
| DEPILATORYS (Hair removers, Magic Shave, etc.) | 0 | 1 | 0 |
| DEODORANT / ANTIPERSPIRANT (Stick or roll-on, deodorant must be clear and in clear container only) | 0 | 4 | 2 |
| HAIR CONDITIONER | 0 | 1 | 0 |
| HAIR OIL / GREASE | 0 | 1 | 0 |
| INSECT REPELLANT (Must contain N,N-diethyl-m-toluamide (DEET) as main active ingredient) | 0 | 2 | 0 |
| LAUNDRY DETERGENT (Powder or liquid). | 0 | 1 | 0 |

PERSONAL CARE / HYGIENE FOR RECEPTION CENTER INMATES (CONTINUED):

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake) U | (Processing) U | D |
| LIP BALM (No pigmentation added) | 0 | 1 | 0 |
| LOTIONS (Includes sun-block and baby oil) Baby Oil is restricted from Level IV housing. | 0 | 1 | 0 |
| MEDICATIONS, OVER-THE-COUNTER (Only those OTC medications permitted by the Division of Correctional Health Care Services shall be stocked by institution canteens, OTC medications are not approved for inmate packages). | YES | YES | YES |
| MIRROR (Maximum of 6" diameter). | 0 | 1 | 0 |
| MOUTHWASH (Non-alcohol only). | 0 | 1 | 0 |
| NAIL CLIPPER (Maximum of 2" length, no file blade). | 0 | 1 | 0 |
| PALM BRUSH/COMB (No handle, plastic only). | 1 | 1 | 1 |
| PETROLEUM JELLY (Restricted from level IV design housing). | 0 | 1 | 0 |
| RAZOR, DISPOSABLE (Not permitted in Level IV 180 design housing). | 0 | 5 | 0 |
| SHAMPOO | 0 | 1 | 1 |
| SHAVING CREAM (Non-aerosol). | 0 | 1 | 0 |
| SOAP, BAR | 0 | 6 | 2 |
| SOAP DISH (Non-metal). | 0 | 1 | 0 |
| SOAP, LIQUID | 0 | 1 | 0 |
| TOOTHBRUSH Subject to local determination of maximum length, local facility is required to shorten if necessary, to meet local requirements.). | 1 | 2 | 1 |
| TOOTHBRUSH HOLDER (Plastic only, may only cover head of toothbrush). | 0 | 1 | 0 |
| TOOTHPASTE / POWDER (Toothpaste must be clear and in clear container) | Powder | 1 | 2 |
| WASHCLOTHS (White only) | 0 | 2 | 0 |

**FOOD FOR RECEPTION CENTER INMATES**

- NO GLASS CONTAINERS.
- CANNED ITEMS AND METAL CONTAINERS ARE RESTRICTED FROM SECURITY LEVEL IV, ASU AND SHU).
- NO PRODUCTS REQUIRING REFRIGERATION ARE PERMITTED.
- NO FOIL PACKAGED ITEMS PERMITTED.
- FOODS MEETING SPECIFIC RECOGNIZED RELIGIOUS DIETARY REQUIREMENTS MAY BE ORDERED FROM A LOCALLY APPROVED RELIGIOUS SPECIALITY VENDOR. RELIGIOUS SPECIALTY FOODS MUST MEET REQUIREMENTS OF THE APPS.
- THE APPS IS NOT INTENDED TO REFLECT ITEMS INTENDED FOR IMMEDIATE CONSUMPTION, SUCH AS ICE CREAM.

| Item Description — With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake) U | (Processing) U | D |
| **BEVERAGES** (Soda, water, etc. No fruit juice containing sugar. Canned soda in aluminum cans is permissible for all Security Levels. Privilege group D is restricted from plastic bottles and aluminum cans). | 0 | YES | YES |
| **CANDY** (Shall not contain alcohol or liqueurs, hard candy shall be sugar free only). | 0 | YES | 1 pound limit |
| **CANNED GOODS** (Canteen only. Not approved for inmate packages. Restricted from Level IV, ASU and SHU). NOTE: for canned soda, refer to BEVERAGES. | 0 | YES | 0 |
| **CEREALS** (Dry, single serving packets only). | 0 | YES | YES |
| **CHEESE** (Non-aerosol). | 0 | YES | 0 |
| **CHIPS** | 0 | YES | YES |
| **COCOA** (Sugar free). | 0 | YES | YES |
| **COOKIES** | 0 | YES | YES |
| **COFFEE** (Instant only). | 0 | YES | YES |
| **CONDIMENTS** (Hot sauce, mustard, etc. are permissible. Items containing sugar such as ketchup, jams, jellies, honey, syrup, juices and sugar are restricted from personal possession). | 0 | YES | 0 |
| **CRACKERS** | 0 | YES | YES |
| **CREAMER** (Powdered only). | 0 | YES | 0 |
| **DRY MIX DRINKS** (Non-flammable, sugar-free only). | 0 | YES | YES |
| **MEATS, DRY** (Salami, jerky, sausages, etc.). | 0 | YES | YES |
| **FOODS, VACUUM PACKED** (Tuna, sardines, vegetables, etc.). | 0 | YES | 0 |
| **MISCELLANEOUS SNACK ITEMS** (Snack cakes, bars, pies, etc., are permissible. Dried fruit is not permitted). | 0 | YES | YES |
| **NUTS** (No shells). | 0 | YES | YES |
| **PROTEIN SUPPLEMENTS** (Solid tablet or capsule form only. No bulk powdered products). | 0 | YES | Medical Rx. Only |
| **SOUPS** (Styrofoam containers are restricted from ASU and SHU) | 0 | YES | YES |
| **ARTIFICIAL SWEETENER** | 0 | YES | YES |

G-23

## FOOD FOR RECEPTION CENTER INMATES (Continued)

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake) U | (Processing) U | D |
| TEA (Bags and instant). | 0 | YES | YES |
| VITAMIN / MINERAL SUPPLEMENTS (Solid tablet or capsule form. No bulk powdered products). | 0 | YES | YES |

## MISCELLANEOUS ITEMS FOR RECEPTION CENTER INMATES

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake) U | (Processing) U | D |
| ADDRESS BOOK (Paperback only, 3" x 5" maximum). | 1 | 1 | 1 |
| AUDIO CASSETTES (Professionally pre-recorded only). | 0 | 0 | 0 |
| BALLPOINT PENS (Non-metal, clear plastic only. Flexible pens or pen fillers may be required for ASU/SHU by local facility procedure). | 1 | 1 | 1 |
| BATTERY RECHARGER (Does not count as an electrical appliance). | 0 | 0 | 0 |
| BATTERIES | 0 | 0 | 0 |
| BOOKS MAGAZINES AND NEWSPAPERS (Paperback or hardback with cover removed only. Limits do not apply to legal materials). | 5 | 5 | 5 |
| BOWL (Plastic, maximum of 8" in diameter). | 0 | 1 | 0 |
| CALENDAR (12" x 12" maximum dimensions, no metal). | 0 | 0 | 0 |
| CLOCK (Non-electric, no alarm). | 0 | 0 | 0 |
| COAXIAL CABLE (Based on local facility determination, maximum 6-feet in length). | 0 | 0 | 0 |
| COMPACT DISCS (Factory pre-recorded only, sets including DVDs shall not be permitted). | 0 | 0 | 0 |
| CORRESPONDENCE COURSE (Does not impact the limit on books, must be within the established 6-cubic feet limit of allowable property). | 0 | 0 | 0 |
| ENVELOPES, BLANK AND/OR PRE-STAMPED | 10 | 40 | 40 |
| ENVELOPES, METERED (Indigent inmates only). | 0 | 5 | 5 |
| EXTENSION CORD (Maximum length of 6', UL approved only, must adhere to requirements established in California Electric Code Section 400.8, three prong outlet only, upon local facility discretion). | 0 | 0 | 0 |
| GREETING CARDS | 0 | 10 | 5 |

G-24

## MISCELLANEOUS ITEMS FOR RECEPTION CENTER INMATES (Continued)

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake) U | (Processing) U | D |
| HANDKERCHIEFS (White or light gray only). | 0 | 5 | 0 |
| INSTRUMENT STRINGS, SPARE (As determined by local institutional procedures). | 0 | 0 | 0 |
| LEGAL MATERIAL (Books, pamphlets and other legal reference). | YES | YES | YES |
| LEGAL PADS / TABLETS AND NOTEBOOKS (No spiral bound). | 1 | 1 | 1 |
| PENCILS, DRAWING (Colored), OR WRITING (Non-mechanical only). | 1 | 3 | 0 |
| PENCIL SHARPENER (Non-electric, hand held only, no metal cover, maximum 2" length).  Use in Level IV facilities subject to approval of Warden. | 1 | 1 | 0 |
| PHOTOS / PORTRAITS (Maximum of 8" x 10"). | 15 | 15 | 15 |
| PHOTO ALBUMS (Maximum of 9" x 12". | 0 | 0 | 0 |
| PLASTIC TUMBLER (16 ounce or less). | 1 | 1 | 0 |
| READING GLASSES – NON PRESCRIPTION  (Magnifying glasses). | 1 | 1 | 1 |
| RELIGIOUS ITEMS (As approved by the local religious review committees, i.e., kufi caps, yamikas, prayer rugs, etc.) | YES | YES | YES |
| SPLITTER (For use with Television) | 0 | 0 | 0 |
| STAMPS (U.S. Postal only). | 40 | 40 | 40 |
| STATIONERY (For written correspondence, may be decorated and have matching envelopes). | 15 sheets | 500 sheets | 15 sheets |
| SUN GLASSES – NON-PRESCRIPTION (No steel frames, non-mirrored, no red or blue lenses.  Purchase value not to exceed $50.00, excludes prescription sun glasses). | 0 | 0 | 0 |
| STORAGE CONTAINER (As permitted by local institutional authority, may include clear storage containers, foot lockers, denture holders, etc.) | 0 | 0 | 0 |
| WALLET (Plain brown or black, no engravings). | 0 | 0 | 0 |

## GAMES FOR RECEPTION CENTER INMATES

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake) U | (Processing) U | D |
| CARDS (No role playing). | 0 | 1 | 0 |
| CHECKERS | 0 | 1 | 0 |
| CHESS | 0 | 1 | 0 |
| DOMINOS | 0 | 1 | 0 |

G-25

## REGISTERABLE PROPERTY FOR RECEPTION CENTER INMATES

- A MAXIMUM OF THREE ELECTRICAL APPLIANCES OF ANY TYPE ARE ALLOWED PER MALE INMATE.

- BATTERY OPERATED, NON-ENTERTAINMENT APPLIANCES SHALL NOT COUNT TOWARDS THE APPLIANCE LIMIT.

- APPLIANCES WITH INTERNAL MECHANISMS FOR RECORDING OR TRANSMITTING CAPABILITY SHALL NOT BE ALLOWED. VENDOR OR MANUFACTURER ALTERATIONS THAT DISABLE AN APPLIANCES CAPABILITY TO RECORD OR TRANSMIT SHALL NOT BE ALLOWED. COMPACT DISC AND CASSETTE TAPE PLAYERS ARE RESTRICTED TO ORIGINAL MANUFACTURER PLAY CAPABILITY ONLY.

- APPLIANCES SHALL BE PORTABLE MODELS, AND HAVE AN INTERNAL ANTENNA. NO REEL-TO-REEL OR SPOOL TYPE PLAYERS.

- ENTERTAINMENT APPLIANCES SHALL HAVE EARPHONES/EARPLUGS, WHICH SHALL BE WORN, ON HEAD OR IN EAR WHEN APPLIANCE IS IN USE. EARPHONES/EARPLUGS MAY BE PURCHASED AND POSSESSED WHEN INMATE HAS TV, OR AUDIO DEVICE AS PERSONAL PROPERTY.

- THE POSSESSION OF ACCESSORIES FOR APPLIANCES AND MUSICAL INSTRUMENTS SUCH AS RIBBONS AND DAISY WHEELS FOR TYPEWRITERS IS AUTOMATICALLY IMPLIED. INSTITUTIONS MAY LIMIT ACCESSORIES BASED UPON SAFETY/SECURITY CONCERNS.

- MANUAL TYPEWRITERS ARE RESTRICTED FROM LEVEL IV, 180 DESIGN PROGRAM YARDS AND HOUSING.

    NOTE:    CERTAIN INMATE HOUSING CONFIGURATIONS MAY JUSTIFY THE PRECLUSION OF THE POSSESSION AND USE OF SPECIFIC APPLIANCES. WARDENS MUST REQUEST APPROVAL FOR AN EXEMPTION FROM THE DEPUTY DIRECTOR, INSTITUTIONS DIVISION.

## REGISTERABLE APPLIANCES FOR RECEPTION CENTER INMATES

| Item Description<br><br>With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake)<br>U | (Processing)<br>U | D |
| AUDIO ENTERTAINMENT APPLIANCE (PG D, AM/FM radio only. AC power only. Must have earphone jack and earphones/earbuds. Clear Case only. No detachable speakers. Outside measurements not to exceed 3" x 6" x 6". Possession by PG D precludes any other entertainment appliance. Purchase value not to exceed $150). | 0 | 0 | 1 |
| FAN (AC power or battery operated, plastic blade and cage. Not to exceed 9" not to exceed $25). | 0 | 0 | 0 |
| HAIR/TRIMMER (AC power, battery operated, or rechargeable, includes attachments and combs. Spare blades may not be kept in possession of inmate. | 0 | 0 | 0 |
| HOT POT (UL approved, maximum 350 watts, 40 oz liquid capacity. Clear, non-removable base from body, temperature sensitive thermal fuse, allowable based upon local facility determination). *NOTE: If this item is used in an assault or in a manner that constitutes a safety/security threat, the inmate shall permanently lose the privilege of possession of this item.* | 0 | 0 | 0 |
| LAMP (Not to exceed 3 pounds or 12" extended length. Not to exceed 30 watts. Not to exceed $25. Flexible neck only. AC power or battery operated). | 0 | 0 | 0 |
| RAZOR, ELECTRIC<br><br>(AC power or battery operated, purchase value not to exceed $50). | 0 | 0 | 0 |

G- 26

**REGISTERABLE APPLIANCES FOR RECEPTION CENTER INMATES (Continued)**

| Item Description<br><br>With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake)<br>U | (Processing)<br>U | D |
| **TELEVISION SET** (PG D, AC power only, no batteries, portable models only). Must have jack and earphones/earbuds. Outside cabinet clear case only and not to exceed 16" x 16" x 20" deep. Screen not to exceed 13" measured diagonally. Possession by PG D precludes any other entertainment appliance. (Purchase value not to exceed $300. NO REMOTE CONTROL DEVICES). | 0 | 0 | 1 |
| **TYPEWRITER, ELECTRIC**<br><br>AC power or battery operated. Portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). Temporary internal memory up to one-line for correction purposes is permissible. Memory must automatically clear when device is turned off. No capability to transfer information. Existing memory typewriters may be retained with owner's manual until no longer operational.<br><br>(Purchase value not to exceed $200). | 0 | 0 | 0 |

**OTHER REGISTERABLE ITEMS FOR RECEPTION CENTER INMATES**

| Item Description<br><br>With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | PRIVILEGE GROUP | | |
| | (Initial Intake)<br>U | (Processing)<br>U | D |
| **CALCULATOR**<br><br>Hand held, battery or solar battery operated. No games clock or alarm. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information.<br><br>(Purchase value not to exceed $25). | 0 | 0 | 0 |
| **HANDICRAFT** (Requires institutional approval). | 0 | 0 | 0 |
| **HEADPHONES** (Not to exceed $25) | 0 | 0 | 1 |
| **HEALTH CARE APPLIANCE** (Dr. Rx. Only). | YES | YES | YES |
| **MUSICAL INSTRUMENT**<br><br>(As determined by local institutional procedures. Combined instrument and case dimensions shall not exceed 46" x 24" x 12". New purchases of keyboards are no longer permitted in male facilities, existing keyboards are permitted). | 0 | 0 | 0 |

G-27

OTHER REGISTERABLE ITEMS FOR RECEPTION CENTER INMATES (Continued)

| GENERAL INFORMATION<br><br>**Item Description**<br><br>With additional requirements and restrictions. | RECEPTION CENTER | | ASU |
|---|---|---|---|
| | **PRIVILEGE GROUP** | | |
| | (Initial Intake)<br>**U** | (Processing)<br>**U** | **D** |
| **RELIGIOUS MEDAL AND CHAIN** (Not to exceed $100, chain not to exceed 18" in length, obtainable as a set only, chains may not be purchased separately from medal). | 1 | 1 | 0 |
| **RING** (Wedding band, one only, yellow or white metal only. Not to exceed $100, maximum declared value, and may not contain a set or stone). | 1 | 1 | 1 |
| **TYPEWRITER, MANUAL**<br><br>(Restricted from Level IV 180 design housing. Portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information. (Purchase value not to exceed $200). | 0 | 0 | 0 |
| **WATCH** Wrist or pocket style. No sets or stones. No memory storage device, disks, tapes, or CPUs. No alarm, calculator, radio, TV, game or communication capabilities. No capacity to transfer information. (Purchase value not to exceed $50). | 0 | 0 | 0 |

LEVELS II, III, MALE CONSERVATION CAMPS
AND COMMUNITY CORRECTIONAL FACILITIES

RECEPTION    LCST    TABLE OF CONTENTS    RECEPTION    LCST

ITEM DESCRIPTION ................................................................................................................ PAGE #

Granted Exemption Requests ............................................................................................... 12

Personal Clothing ..................................................................................................................... 14

Personal Care / Hygiene ........................................................................................................ 15

Food ............................................................................................................................................. 17

Miscellaneous ............................................................................................................................ 18

Games ......................................................................................................................................... 20

Registerable Property ............................................................................................................ 20

- Registerable Appliances ............................................................................................ 20

- Other Registerable Items .......................................................................................... 22

## GRANTED EXEMPTION REQUESTS

**Avenal State Prison**

### Dormitory Facilities

- Dormitory housing is excluded from AC appliances and restricted to battery operated appliances only.
- Inmates may possess up to 16 batteries.

**California Correctional Center**

No Exemptions

**California State Prison, Solano**

No Exemptions

**Chuckawalla Valley State Prison**

### Dormitory Facilities

- Dormitory housing is excluded from battery rechargers, hot pots, electric (AC) lamps, televisions, electric razors, electric typewriters, AC power adapters.

**Correctional Training Facility**

### All Facilities

- Tweezers, non-metal, plastic only, permitted for PG A, B, C and U.

## GRANTED EXEMPTION REQUESTS (Continued)

### Folsom State Prison

No Exemptions

### Ironwood State Prison

No Exemptions

### Sierra Conservation Center

- Televisions are restricted from Level I and Level II facilities.
- Hot Pots are not permitted in Conservation Camps, Level I and Level II facilities by Warden's discretion.

## PERSONAL CLOTHING FOR LEVEL II, III, CAMP AND CCF MALE INMATES

- INMATES ARE ONLY PERMITTED ITEMS OF PERSONAL CLOTHING LISTED IN THIS SCHEDULE UNLESS AUTHORIZED FOR MEDICAL REASONS.

- INMATES ARE PERMITTED TO WEAR SOLID COLORS ONLY UNLESS OTHERWISE INDICATED.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING ITEMS IN ANY SHADE OR TINT OF GREEN, BLACK, BROWN, TAN, RED, OR BLUE UNLESS OTHERWISE INDICATED.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING WITH HOODS, PICTURES, DECORATIVE ZIPPERS, INSIDE POCKETS, OR ZIPPERED POCKETS.

- ALL INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING ITEMS WHICH ARE OBSCENE OR WHICH HAVE LOGOS, LETTERING, PICTURES WHICH ADVERTISE OR DEPICT ALCOHOL, GANGS, PROFANITY, SEX, WEAPONS, DRUGS, OR DRUG PARAPHERNALIA.

- MALE INMATES SHALL NOT RECEIVE OR POSSESS ITEMS OF CLOTHING DESIGNED AND MANUFACTURED SPECIFICALLY FOR WOMEN UNLESS AUTHORIZED FOR MEDICAL REASONS.

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| ATHLETIC SHORTS (White or light gray only, no logos or printing). | 2 | 2 | 2 | 0 |
| ATHLETIC SUPPORTER | 2 | 2 | 2 | 0 |
| BRIEFS (White only). | 10 | 10 | 10 | 0 |
| GLOVES (Cold weather gloves upon approval of Warden, no zippers, pockets or metal) | 1 | 1 | 1 | 0 |
| HATS and CAPS<br>• BASEBALL (White or light gray only, no black).<br>• WATCH CAPS (No black).<br>• Additional hats consistent with these regulations may be allowed by local institution discretion.<br>(No stripes, designs, or logos, neutral colors only) | 3 | 3 | 3 | 0 |
| HEAD BAND (Terry cloth, plain, white, or gray). | 2 | 2 | 2 | 0 |
| RAIN COAT/PONCHO (Transparent only). | 1 | 1 | 1 | 0 |
| SHOWER SHOES (Foam or soft rubber, single layer, thong type construction, not exceeding 1-inch in thickness). | 1 pair | 1 pair | 1 pair | 1 pair |
| SLIPPERS / HOUSESHOES (No leather or leather-like materials). | 1 pair | 1 pair | 1 pair | 0 |
| SOCKS (White only. Any combination of short to knee-high). | 7 | 7 | 7 | 0 |
| SWEAT SHIRT (Light grey, white, or off-white only). | 2 | 2 | 2 | 0 |
| SWEAT PANTS (Light grey, white, or off-white only). | 2 | 2 | 2 | 0 |
| TENNIS SHOES (No shades of red or blue. Low, mid or high tops are permitted. Must be predominantly white in color. No K-Swiss, Bugle Boys, Joy Walkers, Pumps, Gels, British Knights or Airlifts. Shoe laces white only. Not to exceed $75.00. No hidden compartments, zippers, or laces that are covered or concealed. No metal components including eyelets). | 1 pair | 1 pair | 1 pair | 0 |
| UNDERWEAR, THERMAL, OR LONG (Grey, white, or off-white only. One pair consists of top and bottom or solid one piece). | 2 sets | 2 sets | 2 sets | 1 set |

G - 31

## PERSONAL CLOTHING FOR LEVEL II, III, CAMP AND CCF MALE INMATES (Continued)

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| UNDER SHIRTS (White only. Any combination of crew neck, v-neck or sleeveless athletic tank-top). | 5 | 5 | 5 | 0 |
| WAVE CAPS (White or grey only. | 2 | 2 | 2 | 0 |

### PERSONAL CARE / HYGIENE FOR LEVEL II, III, CAMP AND CCF MALE INMATES

- NO ALCOHOL-BASED PRODUCTS AND NO AEROSOL CONTAINERS ALLOWED.
- NO METAL CONTAINERS.
- PRODUCTS CONTAINING PHOSPHATES ARE NOT ALLOWED.
- DISPOSABLE RAZORS ARE RESTRICTED FROM ALL LEVEL IV 180 DESIGN PROGRAM YARDS AND HOUSING.
- INSTITUTIONS MAY REQUIRE DISPOSABLE RAZORS TO MEET SAFETY TAMPER PROOF SPECIFICATIONS.

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| BODY POWDERS (Baby powder, foot powder, etc.). | 2 | 2 | 2 | 0 |
| COMB (Non-metal, maximum of 6" in length, no handle). | 1 | 1 | 1 | 0 |
| COSMETIC/SHAVING BAG (Not to exceed 6" x 6" x 8"). | 1 | 1 | 1 | 0 |
| COTTON SWABS | 100 | 100 | 100 | 0 |
| DENTAL ADHESIVE (For approved denture wearers only) | 2 | 2 | 2 | 2 |
| DENTAL FLOSSERS/GLIDERS (No more than 3 inches in length, amount allowed in possession to be determined by local institutional procedure). | YES | YES | YES | YES |
| DENTURE CLEANSER | 2 boxes | 2 boxes | 2 boxes | 1 box |
| DEPILATORYS (Hair removers, Magic Shave, etc.) | 2 | 2 | 2 | 0 |
| DEODORANT / ANTIPERSPIRANT (Stick or roll-on, deodorant must be clear and in clear container only) | 4 | 4 | 4 | 2 |
| HAIR CONDITIONER | 2 | 2 | 2 | 0 |
| HAIR OIL / GREASE | 2 | 2 | 2 | 0 |
| INSECT REPELLANT (Must contain N,N-diethyl-m-toluamide (DEET) as main active ingredient) | 2 | 2 | 2 | 0 |
| LAUNDRY DETERGENT (Powder or liquid). | 1 | 1 | 1 | 0 |
| LIP BALM (No pigmentation added) | 2 | 2 | 2 | 0 |
| LOTIONS (Includes sun-block and baby oil) Baby Oil is restricted from Level IV housing. | 2 | 2 | 2 | 0 |

**PERSONAL CARE / HYGIENE FOR LEVEL II, III, CAMP AND CCF MALE INMATES (CONTINUED)**

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| MEDICATIONS, OVER-THE-COUNTER (Only those OTC medications permitted by the Division of Correctional Health Care Services shall be stocked by institution canteens, **OTC medications are not approved for inmate packages**). | YES | YES | YES | YES |
| MIRROR (Maximum of 6" diameter). | 1 | 1 | 1 | 0 |
| MOUTHWASH (Non-alcohol only). | 2 | 2 | 2 | 0 |
| NAIL CLIPPER (Maximum of 2" length, no file blade). | 1 | 1 | 1 | 0 |
| PALM BRUSH/COMB (No handle, plastic only). | 1 | 1 | 1 | 1 |
| PETROLEUM JELLY (Restricted from level IV design housing). | 2 | 2 | 2 | 0 |
| RAZOR, DISPOSABLE (Not permitted in Level IV 180 design housing). | 10 | 10 | 10 | 0 |
| SHAMPOO | 2 | 2 | 2 | 1 |
| SHAVING CREAM (Non-aerosol). | 2 | 2 | 2 | 0 |
| SOAP, BAR | 6 | 6 | 6 | 2 |
| SOAP DISH (Non-metal). | 1 | 1 | 1 | 0 |
| SOAP, LIQUID | 2 | 2 | 2 | 0 |
| TOOTHBRUSH Subject to local determination of maximum length, local facility is required to shorten if necessary, to meet local requirements.). | 2 | 2 | 2 | 1 |
| TOOTHBRUSH HOLDER (Plastic only, may only cover head of toothbrush). | 1 | 1 | 1 | 0 |
| TOOTHPASTE / POWDER (Toothpaste must be clear and in clear container) | 3 | 3 | 3 | 2 |
| WASHCLOTHS (White only) | 3 | 3 | 3 | 0 |

G - 33

**FOOD FOR LEVEL II, III, CAMP AND CCF MALE INMATES**

- **NO GLASS CONTAINERS.**
- **CANNED ITEMS AND METAL CONTAINERS ARE RESTRICTED FROM SECURITY LEVEL IV, ASU AND SHU.**
- **NO PRODUCTS REQUIRING REFRIGERATION ARE PERMITTED.**
- **NO FOIL PACKAGED ITEMS PERMITTED.**
- **FOODS MEETING SPECIFIC RECOGNIZED RELIGIOUS DIETARY REQUIREMENTS MAY BE ORDERED FROM A LOCALLY APPROVED RELIGIOUS SPECIALITY VENDOR. RELIGIOUS SPECIALTY FOODS MUST MEET REQUIREMENTS OF THE APPS.**
- **THE APPS IS NOT INTENDED TO REFLECT ITEMS INTENDED FOR IMMEDIATE CONSUMPTION, SUCH AS ICE CREAM.**

| Item Description  With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| BEVERAGES (Soda, water, etc. No fruit juice containing sugar. Canned soda in aluminum cans is permissible for all Security Levels. Privilege group D is restricted from plastic bottles and alum. cans). | YES | YES | YES | YES |
| CANDY (Shall not contain alcohol or liqueurs, hard candy shall be sugar free only). | YES | YES | YES | 1 pound limit |
| CANNED GOODS (Canteen only. Not approved for inmate packages. Restricted from Level IV, ASU and SHU). NOTE: for canned soda, refer to BEVERAGES. | YES | YES | YES | 0 |
| CEREALS (Dry, single serving packets only). | YES | YES | YES | YES |
| CHEESE (Non-aerosol). | YES | YES | YES | 0 |
| CHIPS | YES | YES | YES | YES |
| COCOA (Sugar free). | YES | YES | YES | YES |
| COOKIES | YES | YES | YES | YES |
| COFFEE (Instant only). | YES | YES | YES | YES |
| CONDIMENTS (Hot sauce, mustard, etc. are permissible. Items containing sugar such as ketchup, jams, jellies, honey, syrup, juices and sugar are restricted from personal possession). | YES | YES | YES | 0 |
| CRACKERS | YES | YES | YES | YES |
| CREAMER (Powdered only). | YES | YES | YES | 0 |
| DRY MIX DRINKS (Non-flammable, sugar-free only). | YES | YES | YES | YES |
| MEATS, DRY (Salami, jerky, sausages, etc.). | YES | YES | YES | YES |
| FOODS, VACUUM PACKED (Tuna, sardines, vegetables, etc.). | YES | YES | YES | 0 |
| MISCELLANEOUS SNACK ITEMS (Snack cakes, bars, pies, etc., are permissible. Dried fruit is not permitted). | YES | YES | YES | YES |
| NUTS (No shells). | YES | YES | YES | YES |
| PROTEIN SUPPLEMENTS (Solid tablet or capsule form only. No bulk powdered products). | YES | YES | YES | Medical Rx. Only |
| SOUPS (Styrofoam containers are restricted from ASU and SHU) | YES | YES | YES | YES |

C - 34

FOOD FOR LEVEL II, III, CAMP AND CCF MALE INMATES (Continued)

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| ARTIFICIAL SWEETENER | YES | YES | YES | YES |
| TEA (Bags and instant). | YES | YES | YES | YES |
| VITAMIN / MINERAL SUPPLEMENTS (Solid tablet or capsule form. No bulk powdered products). | YES | YES | YES | YES |

MISCELLANEOUS ITEMS FOR LEVEL II, III, CAMP AND CCF MALE INMATES

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| ADDRESS BOOK (Paperback only, 3" x 5" maximum). | 1 | 1 | 1 | 1 |
| AUDIO CASSETTES (Professionally pre-recorded only). | 10 | 10 | 0 | 0 |
| BALLPOINT PENS (Non-metal, clear plastic only. Flexible pens or pen fillers may be required for ASU/SHU by local facility procedure). | 4 | 4 | 1 | 1 |
| BATTERY RECHARGER (Does not count as an electrical appliance). | 1 | 1 | 0 | 0 |
| BATTERIES | 8 | 8 | 0 | 0 |
| BOOKS MAGAZINES AND NEWSPAPERS (Paperback or hardback with cover removed only. Limits do not apply to legal materials). | 10 | 10 | 5 | 5 |
| BOWL (Plastic, maximum of 8" in diameter). | 2 | 2 | 1 | 0 |
| CALENDAR (12" x 12" maximum dimensions, no metal). | 1 | 1 | 1 | 0 |
| CLOCK (Non-electric, no alarm). | 1 | 1 | 0 | 0 |
| COAXIAL CABLE (Based on local facility determination, maximum 6-feet in length). | 1 | 1 | 0 | 0 |
| COMBINATION LOCK (Common key required by institution, canteen item only, not approved for inmate packages.) | 1 | 1 | 1 | 0 |
| COMPACT DISCS (Factory pre-recorded only, sets including DVDs shall not be permitted). | 10 | 10 | 0 | 0 |
| CORRESPONDENCE COURSE (Does not impact the limit on books, must be within the established 6-cubic feet limit of allowable property). | 1 | 1 | 1 | 0 |
| ENVELOPES, BLANK AND/OR PRE-STAMPED | 40 | 40 | 40 | 40 |

G-35

MISCELLANEOUS ITEMS FOR LEVEL II, III, CAMP AND CCF MALE INMATES (Continued)

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| ENVELOPES, METERED (Indigent inmates only). | 5 | 5 | 5 | 5 |
| EXTENSION CORD (Maximum length of 6', UL approved only, must adhere to requirements established in California Electric Code Section 400.8, three prong outlet only, upon local facility discretion). | 1 | 1 | 0 | 0 |
| GREETING CARDS | 10 | 10 | 5 | 5 |
| HANDKERCHIEFS (White or light gray only). | 5 | 5 | 2 | 0 |
| INSTRUMENT STRINGS, SPARE (As determined by local institutional procedures). | 1 | 1 | 0 | 0 |
| LEGAL MATERIAL (Books, pamphlets and other legal reference). | YES | YES | YES | YES |
| LEGAL PADS / TABLETS AND NOTEBOOKS (No spiral bound). | 4 | 4 | 2 | 1 |
| PENCILS, DRAWING (Colored), OR WRITING (Non-mechanical only). | 20 | 20 | 20 | 0 |
| PENCIL SHARPENER (Non-electric, hand held only, no metal cover, maximum 2" length).  Use in Level IV facilities subject to approval of Warden. | 1 | 1 | 1 | 0 |
| PHOTOS / PORTRAITS (Maximum of 8" x 10"). | YES | YES | YES | 15 |
| PHOTO ALBUMS (Maximum of 9" x 12". | 4 | 4 | 4 | 0 |
| PLASTIC TUMBLER (16 ounce or less). | 2 | 2 | 2 | 0 |
| READING GLASSES – NON PRESCRIPTION (Magnifying glasses). | 1 | 1 | 1 | 1 |
| RELIGIOUS ITEMS (As approved by the local religious review committees, i.e., kufi caps, yamikas, prayer rugs, etc.) | YES | YES | YES | YES |
| SPLITTER (For use with Television) | 1 | 1 | 0 | 0 |
| STAMPS (U.S. Postal only). | 40 | 40 | 40 | 40 |
| STATIONERY (For written correspondence, may be decorated and have matching envelopes). | 500 sheets | 500 sheets | 500 sheets | 15 sheets |
| SUN GLASSES – NON-PRESCRIPTION (No steel frames, non-mirrored, no red or blue lenses.  Purchase value not to exceed $50.00, excludes prescription sun glasses). | 1 | 1 | 1 | 0 |
| STORAGE CONTAINER (As permitted by local institutional authority, may include clear storage containers, foot lockers, denture holders, etc.) | YES | YES | YES | 0 |
| WALLET (Plain brown or black, no engravings). | 1 | 1 | 1 | 0 |

G- 36

GAMES FOR LEVEL II, III, CAMP AND CCF MALE INMATES

| Item Description  With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| **CARDS** (No role playing). | 1 | 1 | 0 | 0 |
| **CHECKERS** | 1 | 1 | 0 | 0 |
| **CHESS** | 1 | 1 | 0 | 0 |
| **DOMINOS** | 1 | 1 | 0 | 0 |

## REGISTERABLE PROPERTY FOR LEVEL II, III, CAMP AND CCF MALE INMATES

- A MAXIMUM OF THREE ELECTRICAL APPLIANCES OF ANY TYPE ARE ALLOWED PER MALE INMATE.

- BATTERY OPERATED, NON-ENTERTAINMENT APPLIANCES SHALL NOT COUNT TOWARDS THE APPLIANCE LIMIT.

- FOR LEVEL I AND II INMATES ONLY, A BATTERY OPERATED PERSONAL ENTERTAINMENT DEVICE (WALKMAN® TYPE), WITHOUT A POWER CORD, SHALL NOT COUNT TOWARDS THE APPLIANCE LIMIT.

- APPLIANCES WITH INTERNAL MECHANISMS FOR RECORDING OR TRANSMITTING CAPABILITY SHALL NOT BE ALLOWED. VENDOR OR MANUFACTURER ALTERATIONS THAT DISABLE AN APPLIANCES CAPABILITY TO RECORD OR TRANSMIT SHALL NOT BE ALLOWED. COMPACT DISC AND CASSETTE TAPE PLAYERS ARE RESTRICTED TO ORIGINAL MANUFACTURER PLAY CAPABILITY ONLY.

- APPLIANCES SHALL BE PORTABLE MODELS, AND HAVE AN INTERNAL ANTENNA. NO REEL-TO-REEL OR SPOOL TYPE PLAYERS.

- ENTERTAINMENT APPLIANCES SHALL HAVE EARPHONES/EARPLUGS, WHICH SHALL BE WORN, ON HEAD OR IN EAR WHEN APPLIANCE IS IN USE. EARPHONES/EARPLUGS MAY BE PURCHASED AND POSSESSED WHEN INMATE HAS TV, OR AUDIO DEVICE AS PERSONAL PROPERTY.

- THE POSSESSION OF ACCESSORIES FOR APPLIANCES AND MUSICAL INSTRUMENTS SUCH AS RIBBONS AND DAISY WHEELS FOR TYPEWRITERS IS AUTOMATICALLY IMPLIED. INSTITUTIONS MAY LIMIT ACCESSORIES BASED UPON SAFETY/SECURITY CONCERNS.

- MANUAL TYPEWRITERS ARE RESTRICTED FROM LEVEL IV, 180 DESIGN PROGRAM YARDS AND HOUSING.

    NOTE:    CERTAIN INMATE HOUSING CONFIGURATIONS MAY JUSTIFY THE PRECLUSION OF THE POSSESSION AND USE OF SPECIFIC APPLIANCES. WARDENS MUST REQUEST APPROVAL FOR AN EXEMPTION FROM THE DEPUTY DIRECTOR, INSTITUTIONS DIVISION.

## REGISTERABLE APPLIANCES FOR LEVEL II, III, CAMP AND CCF MALE INMATES

| Item Description  With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| **AUDIO ENTERTAINMENT APPLIANCE** (PG A and B, AM/FM radio/CD/cassette tape player or any combination allowed. AC power or battery operated. Must have earphone jack and headphones. Clear Case only. No detachable speakers. Outside measurements not to exceed 3" x 6" x 6". PG D restricted to AM/FM radio only, AC power only, with earphone jack and earphones/earbuds. Possession by PG D precludes any other entertainment appliance. Purchase value not to exceed $150). | 1 | 1 | 0 | 1 |

REGISTERABLE APPLIANCES FOR LEVEL II, III, CAMP AND CCF MALE INMATES (Continued)

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| FAN (AC power or battery operated, plastic blade and cage. Not to exceed 9" not to exceed $25). | 1 | 1 | 0 | 0 |
| HAIR/TRIMMER (AC power, battery operated, or rechargeable, includes attachments and combs. Spare blades may not be kept in possession of inmate. | 1 | 1 | 0 | 0 |
| HOT POT (UL approved, maximum 350 watts, 40 oz liquid capacity. Clear, non-removable base from body, temperature sensitive thermal fuse, allowable based upon local facility determination). *NOTE: If this item is used in an assault or in a manner that constitutes a safety/security threat, the inmate shall permanently lose the privilege of possession of this item.* | 1 | 1 | 0 | 0 |
| LAMP (Not to exceed 3 pounds or 12" extended length. Not to exceed 30 watts. Not to exceed $25. Flexible neck only. AC power or battery operated). | 1 | 1 | 0 | 0 |
| RAZOR, ELECTRIC (AC power or battery operated, purchase value not to exceed $50). | 1 | 1 | 0 | 0 |
| TELEVISION SET (PG A and B, AC power or battery operated, portable models only). Must have jack and earphones or headphones. Outside cabinet clear case only and not to exceed 16" x 16" x 20" deep. Screen not to exceed 13" measured diagonally. PG D, AC power only, with earphone jack and earphones/earbuds. Possession by PG D precludes any other entertainment appliance. (Purchase value not to exceed $300. NO REMOTE CONTROL DEVICES). | 1 | 1 | 0 | 1 |
| TYPEWRITER, ELECTRIC AC power or battery operated, portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). Temporary internal memory up to one-line for correction purposes is permissible. Memory must automatically clear when device is turned off. No capability to transfer information. Existing memory typewriters may be retained with owner's manual until no longer operational. (Purchase value not to exceed $200). | 1 | 1 | 0 | 0 |

C-38

OTHER REGISTERABLE ITEMS FOR LEVEL II, III, CAMP AND CCF MALE INMATES

| Item Description With additional requirements and restrictions. | GENERAL POPULATION | | | ASU |
|---|---|---|---|---|
| | PRIVILEGE GROUP | | | |
| | A | B | C | D |
| **CALCULATOR** Hand held, battery or solar battery operated. No games clock or alarm. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information. (Purchase value not to exceed $25). | 1 | 1 | 0 | 0 |
| **HANDICRAFT** (Requires institutional approval). | YES | YES | 0 | 0 |
| **HEADPHONES** (Not to exceed $25) | 1 | 1 | 0 | 1 |
| **HEALTH CARE APPLIANCE** (Dr. Rx. Only). | YES | YES | YES | YES |
| **MUSICAL INSTRUMENT** (As determined by local institutional procedures. Combined instrument and case dimensions shall not exceed 46" x 24" x 12". New purchases of keyboards are no longer permitted in male facilities, existing keyboards are permitted). | 1 | 1 | 0 | 0 |
| **RELIGIOUS MEDAL AND CHAIN** (Not to exceed $100, chain not to exceed 18" in length, obtainable as a set only, chains may not be purchased separately from medal). | 1 | 1 | 1 | 0 |
| **RING** (Wedding band, one only, yellow or white metal only. Not to exceed $100, maximum declared value, and may not contain a set or stone). | 1 | 1 | 1 | 1 |
| **TYPEWRITER, MANUAL** (Restricted from Level IV 180 design housing. Portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information. (Purchase value not to exceed $200). | 1 | 1 | 0 | 0 |
| **WATCH** Wrist or pocket style. No sets or stones. No memory storage device, disks, tapes, or CPUs. No alarm, calculator, radio, TV, game or communication capabilities. No capacity to transfer information. (Purchase value not to exceed $50). | 1 | 1 | 0 | 0 |

G-39

LEVELS III AND IV

**TABLE OF CONTENTS**

ITEM DESCRIPTION ........................................................................................................... PAGE #

Granted Exemption Requests ........................................................................................... 23

Personal Clothing ............................................................................................................. 25

Personal Care / Hygiene .................................................................................................. 26

Food ................................................................................................................................... 28

Miscellaneous ................................................................................................................... 29

Games ................................................................................................................................ 31

Registerable Property ...................................................................................................... 31

- • Registerable Appliances ....................................................................................... 31
- • Other Registerable Items ....................................................................................... 32

### GRANTED EXEMPTION REQUESTS

**California Medical Facility**

No Exemptions

**California Men's Colony**

**West Facility**

- Fans, lamps, portable typewriters, battery rechargers, AC/DC adapters, television sets, rechargeable batteries, and powdered creamer are excluded.
- Extension cords and hot pots are restricted by Warden's discretion.

**California State Prison, Los Angeles County**

No Exemptions

**California Substance Abuse Treatment Facility and State Prison, Corcoran**

**All Facilities**

- Pencil sharpeners are restricted from all facilities.

**Dormitory Facilities**

- Televisions operating on AC power are restricted from dormitories.
- Battery operated televisions are still permitted in dormitories, but must be able to fit into locker.

**Level IV Facilities**

- Mirrors are restricted from Level IV facility.

**GRANTED EXEMPTION REQUESTS (Continued)**

**Calipatria State Prison**

    **ASU**

- Tennis shoes are excluded from ASU.

**Centenela State Prison**

    No Exemptions

**Mule Creek State Prison**

    No Exemptions

**Pleasant Valley State Prison**

    No Exemptions

**PERSONAL CLOTHING FOR LEVEL III AND IV MALE INMATES**

- INMATES ARE ONLY PERMITTED ITEMS OF PERSONAL CLOTHING LISTED IN THIS SCHEDULE UNLESS AUTHORIZED FOR MEDICAL REASONS.

- INMATES ARE PERMITTED TO WEAR SOLID COLORS ONLY UNLESS OTHERWISE INDICATED.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING ITEMS IN ANY SHADE OR TINT OF GREEN, BLACK, BROWN, TAN, RED, OR BLUE UNLESS OTHERWISE INDICATED.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING WITH HOODS, PICTURES, DECORATIVE ZIPPERS, INSIDE POCKETS, OR ZIPPERED POCKETS.

- ALL INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING ITEMS WHICH ARE OBSCENE OR WHICH HAVE LOGOS, LETTERING, PICTURES WHICH ADVERTISE OR DEPICT ALCOHOL, GANGS, PROFANITY, SEX, WEAPONS, DRUGS, OR DRUG PARAPHERNALIA.

- MALE INMATES SHALL NOT RECEIVE OR POSSESS ITEMS OF CLOTHING DESIGNED AND MANUFACTURED SPECIFICALLY FOR WOMEN UNLESS AUTHORIZED FOR MEDICAL REASONS.

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION PRIVILEGE GROUP | | | SHU PRIVILEGE GROUP | ASU |
| --- | --- | --- | --- | --- | --- |
| | A | B | C | D | |
| ATHLETIC SHORTS (White or light gray only, no logos or printing). | 2 | 2 | 2 | 0 | 0 |
| ATHLETIC SUPPORTER | 2 | 2 | 2 | 0 | 0 |
| BRIEFS (White only). | 10 | 10 | 10 | 0 | 0 |
| GLOVES (Cold weather gloves upon approval of Warden, no zippers, pockets or metal) | 1 | 1 | 1 | 0 | 0 |
| HATS and CAPS | 3 | 3 | 3 | 0 | 0 |
| • BASEBALL (White or light gray only, no black). | | | | | |
| • WATCH CAPS (No black). | | | | | |
| • Additional hats consistent with these regulations may be allowed by local institution discretion. | | | | | |
| (No stripes, designs, or logos, neutral colors only) | | | | | |
| HEAD BAND (Terry cloth, plain, white, or gray). | 2 | 2 | 2 | 0 | 0 |
| RAIN COAT/PONCHO (Transparent only). | 1 | 1 | 1 | 0 | 0 |
| SHOWER SHOES (Foam or soft rubber, single layer, thong type construction, not exceeding 1-inch in thickness). | 1 pair | 1 pair | 1 pair | 1 pair | 1 pair |
| SLIPPERS / HOUSESHOES (No leather or leather-like materials). | 1 pair | 1 pair | 1 pair | 0 | 0 |
| SOCKS (White only. Any combination of short to knee-high). | 7 | 7 | 7 | 0 | 0 |
| SWEAT SHIRT (Light grey, white, or off-white only). | 2 | 2 | 2 | 0 | 0 |
| SWEAT PANTS (Light grey, white, or off-white only). | 2 | 2 | 2 | 0 | 0 |
| TENNIS SHOES (No shades of red or blue. Low, mid or high tops are permitted. Must be predominantly white in color. No K-Swiss, Bugle Boys, Joy Walkers, Pumps, Gels, British Knights or Airlifts. Shoe laces white only. Not to exceed $75.00. No hidden compartments, zippers, or laces that are covered or concealed. No metal components including eyelets). | 1 pair | 1 pair | 1 pair | 0 | 0 |

## PERSONAL CLOTHING FOR LEVEL III AND IV MALE INMATES (Continued)

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| UNDERWEAR, THERMAL, OR LONG (Grey, white, or off-white only. One pair consists of top and bottom or solid one piece). | 2 sets | 2 sets | 2 sets | 1 set | 1 set |
| UNDER SHIRTS (White only. Any combination of crew neck, v-neck or sleeveless athletic tank-top). | 5 | 5 | 5 | 0 | 0 |
| WAVE CAPS (White or grey only). | 2 | 2 | 2 | 0 | 0 |

## PERSONAL CARE / HYGIENE FOR LEVEL III AND IV MALE INMATES

- NO ALCOHOL-BASED PRODUCTS AND NO AEROSOL CONTAINERS ALLOWED.
- NO METAL CONTAINERS.
- PRODUCTS CONTAINING PHOSPHATES ARE NOT ALLOWED.
- DISPOSABLE RAZORS ARE RESTRICTED FROM ALL LEVEL IV 180 DESIGN PROGRAM YARDS AND HOUSING.
- INSTITUTIONS MAY REQUIRE DISPOSABLE RAZORS TO MEET SAFETY TAMPER PROOF SPECIFICATIONS.

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| BODY POWDERS (Baby powder, foot powder, etc.). | 2 | 2 | 2 | 0 | 0 |
| COMB (Non-metal, maximum of 6" in length, no handle). | 1 | 1 | 1 | 0 | 0 |
| COSMETIC/SHAVING BAG (Not to exceed 6" x 6" x 8"). | 1 | 1 | 1 | 0 | 0 |
| COTTON SWABS | 100 | 100 | 100 | 0 | 0 |
| DENTAL ADHESIVE (For approved denture wearers only) | 2 | 2 | 2 | 2 | 2 |
| DENTAL FLOSSERS/GLIDERS (No more than 3 inches in length, amount allowed in possession to be determined by local institutional procedure). | YES | YES | YES | YES | YES |
| DENTURE CLEANSER | 2 boxes | 2 boxes | 2 boxes | 1 box | 1 box |
| DEPILATORYS (Hair removers, Magic Shave, etc.) | 2 | 2 | 2 | 0 | 0 |
| DEODORANT / ANTIPERSPIRANT (Stick or roll-on, deodorant must be clear and in clear container only) | 4 | 4 | 4 | 2 | 2 |
| HAIR CONDITIONER | 2 | 2 | 2 | 0 | 0 |
| HAIR OIL / GREASE | 2 | 2 | 2 | 0 | 0 |
| INSECT REPELLANT (Must contain N,N-diethyl-m-toluamide (DEET) as main active ingredient) | 2 | 2 | 2 | 0 | 0 |
| LAUNDRY DETERGENT (Powder or liquid). | 1 | 1 | 1 | 0 | 0 |
| LIP BALM (No pigmentation added) | 2 | 2 | 2 | 0 | 0 |

G-43

PERSONAL CARE / HYGIENE FOR LEVEL III AND IV MALE INMATES (Continued)

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| LOTIONS (Includes sun-block and baby oil) Baby Oil is restricted from Level IV housing. | 2 | 2 | 2 | 0 | 0 |
| MEDICATIONS, OVER-THE-COUNTER (Only those OTC medications permitted by the Division of Correctional Health Care Services shall be stocked by institution canteens, OTC medications are not approved for inmate packages). | YES | YES | YES | YES | YES |
| MIRROR (Maximum of 6" diameter). | 1 | 1 | 1 | 0 | 0 |
| MOUTHWASH (Non-alcohol only). | 2 | 2 | 2 | 0 | 0 |
| NAIL CLIPPER (Maximum of 2" length, no file blade). | 1 | 1 | 1 | 0 | 0 |
| PALM BRUSH/COMB (No handle, plastic only). | 1 | 1 | 1 | 1 | 1 |
| PETROLEUM JELLY (Restricted from level IV design housing). | 2 | 2 | 2 | 0 | 0 |
| RAZOR, DISPOSABLE (Not permitted in Level IV 180 design housing). | 10 | 10 | 10 | 0 | 0 |
| SHAMPOO | 2 | 2 | 2 | 1 | 1 |
| SHAVING CREAM (Non-aerosol). | 2 | 2 | 2 | 1 | 1 |
| SOAP, BAR | 6 | 6 | 6 | 2 | 2 |
| SOAP DISH (Non-metal). | 1 | 1 | 1 | 0 | 0 |
| SOAP, LIQUID | 2 | 2 | 2 | 0 | 0 |
| TOOTHBRUSH Subject to local determination of maximum length, local facility is required to shorten if necessary, to meet local requirements.). | 2 | 2 | 2 | 1 | 1 |
| TOOTHBRUSH HOLDER (Plastic only, may only cover head of toothbrush). | 1 | 1 | 1 | 0 | 0 |
| TOOTHPASTE / POWDER (Toothpaste must be clear and in clear container) | 3 | 3 | 3 | 2 | 2 |
| WASHCLOTHS (White only) | 3 | 3 | 3 | 0 | 0 |

FOOD FOR LEVEL III AND IV MALE INMATES

NO GLASS CONTAINERS.

- CANNED ITEMS AND METAL CONTAINERS ARE RESTRICTED FROM SECURITY LEVEL IV, ASU AND SHU).
- NO PRODUCTS REQUIRING REFRIGERATION ARE PERMITTED.
- NO FOIL PACKAGED ITEMS PERMITTED.
- FOODS MEETING SPECIFIC RECOGNIZED RELIGIOUS DIETARY REQUIREMENTS MAY BE ORDERED FROM A LOCALLY APPROVED RELIGIOUS SPECIALITY VENDOR. RELIGIOUS SPECIALTY FOODS MUST MEET REQUIREMENTS OF THE APPS.
- THE APPS IS NOT INTENDED TO REFLECT ITEMS INTENDED FOR IMMEDIATE CONSUMPTION, SUCH AS ICE CREAM.

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
|---|---|---|---|---|---|
| BEVERAGES (Soda, water, etc. No fruit juice containing sugar. Canned soda in aluminum cans is permissible for all Security Levels.   Privilege group D is restricted from plastic bottles and aluminum cans). | YES | YES | YES | YES | YES |
| CANDY (Shall not contain alcohol or liqueurs, hard candy shall be sugar free only). | YES | YES | YES | 1 pound limit | 1 pound limit |
| CANNED GOODS (Canteen only. Not approved for inmate packages. Restricted from Level IV, ASU and SHU). NOTE: for canned soda, refer to BEVERAGES. | YES | YES | YES | 0 | 0 |
| CEREALS (Dry, single serving packets only). | YES | YES | YES | YES | YES |
| CHEESE (Non-aerosol). | YES | YES | YES | YES | 0 |
| CHIPS | YES | YES | YES | YES | YES |
| COCOA (Sugar free). | YES | YES | YES | YES | YES |
| COOKIES | YES | YES | YES | YES | YES |
| COFFEE (Instant only). | YES | YES | YES | YES | YES |
| CONDIMENTS (Hot sauce, mustard, etc. are permissible. Items containing sugar such as ketchup, jams, jellies, honey, syrup, juices and sugar are restricted from personal possession). | YES | YES | YES | 0 | 0 |
| CRACKERS | YES | YES | YES | YES | YES |
| CREAMER (Powdered only). | YES | YES | YES | 0 | 0 |
| DRY MIX DRINKS (Non-flammable, sugar-free only). | YES | YES | YES | YES | YES |
| MEATS, DRY (Salami, jerky, sausages, etc.). | YES | YES | YES | YES | YES |
| FOODS, VACUUM PACKED (Tuna, sardines, vegetables, etc.). | YES | YES | YES | 0 | 0 |
| MISCELLANEOUS SNACK ITEMS (Snack cakes, bars, pies, etc., are permissible. Dried fruit is not permitted). | YES | YES | YES | YES | YES |
| NUTS (No shells). | YES | YES | YES | YES | YES |

G- 45

## FOOD FOR LEVEL III AND IV MALE INMATES (Continued)

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| PROTEIN SUPPLEMENTS (Solid tablet or capsule form only. No bulk powdered products). | YES | YES | YES | Medical Rx. Only | Medical Rx. Only |
| SOUPS (Styrofoam containers are restricted from ASU and SHU) | YES | YES | YES | YES | YES |
| ARTIFICIAL SWEETENER | YES | YES | YES | YES | YES |
| TEA (Bags and instant). | YES | YES | YES | YES | YES |
| VITAMIN / MINERAL SUPPLEMENTS (Solid tablet or capsule form. No bulk powdered products). | YES | YES | YES | YES | YES |

## MISCELLANEOUS ITEMS FOR LEVEL III AND IV MALE INMATES

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| ADDRESS BOOK (Paperback only, 3" x 5" maximum). | 1 | 1 | 1 | 1 | 1 |
| AUDIO CASSETTES (Professionally pre-recorded only). | 10 | 10 | 0 | 0 | 0 |
| BALLPOINT PENS (Non-metal, clear plastic only, flexible pens or pen fillers may be required for ASU/SHU by local facility procedure). | 4 | 4 | 1 | 1 | 1 |
| BATTERY RECHARGER (Does not count as an electrical appliance). | 1 | 1 | 0 | 0 | 0 |
| BATTERIES | 8 | 8 | 0 | 0 | 0 |
| BOOKS MAGAZINES AND NEWSPAPERS (Paperback or hardback with cover removed only. Limits do not apply to legal materials). | 10 | 10 | 5 | 5 | 5 |
| BOWL (Plastic, maximum of 8" in diameter). | 2 | 2 | 1 | 0 | 0 |
| CALENDAR (12" x 12" maximum dimensions, no metal). | 1 | 1 | 1 | 0 | 0 |
| CLOCK (Non-electric, no alarm). | 1 | 1 | 0 | 0 | 0 |
| COAXIAL CABLE (Based on local facility determination, maximum 6-feet in length). | 1 | 1 | 0 | 0 | 0 |
| COMPACT DISCS (Factory pre-recorded only, sets including DVDs shall not be permitted). | 10 | 10 | 0 | 0 | 0 |
| CORRESPONDENCE COURSE (Does not impact the limit on books, must be within the established 6-cubic feet limit of allowable property). | 1 | 1 | 1 | 0 | 0 |
| ENVELOPES, BLANK AND/OR PRE-STAMPED | 40 | 40 | 40 | 40 | 40 |

MISCELLANEOUS ITEMS FOR LEVEL III AND IV MALE INMATES (Continued)

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION PRIVILEGE GROUP | | | SHU PRIVILEGE GROUP | ASU |
|---|---|---|---|---|---|
| | A | B | C | D | |
| ENVELOPES, METERED (Indigent inmates only). | 5 | 5 | 5 | 5 | 5 |
| EXTENSION CORD (Maximum length of 6', UL approved only, must adhere to requirements established in California Electric Code Section 400.8, three prong outlet only, upon local facility discretion). | 1 | 1 | 0 | 0 | 0 |
| GREETING CARDS | 10 | 10 | 5 | 5 | 5 |
| HANDKERCHIEFS (White or light gray only). | 5 | 5 | 2 | 0 | 0 |
| INSTRUMENT STRINGS, SPARE (As determined by local institutional procedures). | 1 | 1 | 0 | 0 | 0 |
| LEGAL MATERIAL (Books, pamphlets and other legal reference). | YES | YES | YES | YES | YES |
| LEGAL PADS / TABLETS AND NOTEBOOKS (No spiral bound). | 4 | 4 | 2 | 1 | 1 |
| PENCILS, DRAWING (Colored), OR WRITING (Non-mechanical only). | 20 | 20 | 20 | 0 | 0 |
| PENCIL SHARPENER (Non-electric, hand held only, no metal cover, maximum 2" length). Use in Level IV facilities subject to approval of Warden. | 1 | 1 | 1 | 0 | 0 |
| PHOTOS / PORTRAITS (Maximum of 8" x 10"). | YES | YES | YES | 15 | 15 |
| PHOTO ALBUMS (Maximum of 9" x 12". | 4 | 4 | 4 | 0 | 0 |
| PLASTIC TUMBLER (16 ounce or less). | 2 | 2 | 2 | 0 | 0 |
| READING GLASSES – NON PRESCRIPTION (Magnifying glasses). | 1 | 1 | 1 | 1 | 1 |
| RELIGIOUS ITEMS (As approved by the local religious review committees, i.e., kufi caps, yamikas, prayer rugs, etc.) | YES | YES | YES | YES | YES |
| SPLITTER (For use with Television) | 1 | 1 | 0 | 0 | 0 |
| STAMPS (U.S. Postal only). | 40 | 40 | 40 | 40 | 40 |
| STATIONERY (For written correspondence, may be decorated and have matching envelopes). | 500 sheets | 500 sheets | 500 sheets | 15 sheets | 15 sheets |
| SUN GLASSES – NON-PRESCRIPTION (No steel frames, non-mirrored, no red or blue lenses. Purchase value not to exceed $50.00, excludes prescription sun glasses). | 1 | 1 | 1 | 0 | 0 |
| STORAGE CONTAINER (As permitted by local institutional authority, may include clear storage containers, foot lockers, denture holders, etc.) | YES | YES | YES | 0 | 0 |
| WALLET (Plain brown or black, no engravings). | 1 | 1 | 1 | 0 | 0 |

## GAMES FOR LEVEL III AND IV MALE INMATES

| Item Description<br>WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| **CARDS** (No role playing). | 1 | 1 | 0 | 0 | 0 |
| **CHECKERS** | 1 | 1 | 0 | 0 | 0 |
| **CHESS** | 1 | 1 | 0 | 0 | 0 |
| **DOMINOS** | 1 | 1 | 0 | 0 | 0 |

## REGISTERABLE PROPERTY FOR LEVEL III AND IV MALE INMATES

- A MAXIMUM OF THREE ELECTRICAL APPLIANCES OF ANY TYPE ARE ALLOWED PER MALE INMATE.

- BATTERY OPERATED, NON-ENTERTAINMENT APPLIANCES SHALL NOT COUNT TOWARDS THE APPLIANCE LIMIT.

- APPLIANCES WITH INTERNAL MECHANISMS FOR RECORDING OR TRANSMITTING CAPABILITY SHALL NOT BE ALLOWED.  VENDOR OR MANUFACTURER ALTERATIONS THAT DISABLE AN APPLIANCES CAPABILITY TO RECORD OR TRANSMIT SHALL NOT BE ALLOWED.  COMPACT DISC AND CASSETTE TAPE PLAYERS ARE RESTRICTED TO ORIGINAL MANUFACTURER PLAY CAPABILITY ONLY.

- APPLIANCES SHALL BE PORTABLE MODELS, AND HAVE AN INTERNAL ANTENNA. NO REEL-TO-REEL OR SPOOL TYPE PLAYERS.

- ENTERTAINMENT APPLIANCES SHALL HAVE EARPHONES/EARPLUGS, WHICH SHALL BE WORN, ON HEAD OR IN EAR WHEN APPLIANCE IS IN USE.  EARPHONES/EARPLUGS MAY BE PURCHASED AND POSSESSED WHEN INMATE HAS TV, OR AUDIO DEVICE AS PERSONAL PROPERTY.

- THE POSSESSION OF ACCESSORIES FOR APPLIANCES AND MUSICAL INSTRUMENTS SUCH AS RIBBONS AND DAISY WHEELS FOR TYPEWRITERS IS AUTOMATICALLY IMPLIED. INSTITUTIONS MAY LIMIT ACCESSORIES BASED UPON SAFETY/SECURITY CONCERNS.

- MANUAL TYPEWRITERS ARE RESTRICTED FROM LEVEL IV, 180 DESIGN PROGRAM YARDS AND HOUSING.

  NOTE:  CERTAIN INMATE HOUSING CONFIGURATIONS MAY JUSTIFY THE PRECLUSION OF THE POSSESSION AND USE OF SPECIFIC APPLIANCES.  WARDENS MUST REQUEST APPROVAL FOR AN EXEMPTION FROM THE DEPUTY DIRECTOR, INSTITUTIONS DIVISION.

## REGISTERABLE APPLIANCES FOR LEVEL III AND IV MALE INMATES

| Item Description<br>WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| **AUDIO ENTERTAINMENT APPLIANCE** (PG A and B, AM/FM radio/CD/cassette tape player or any combination allowed.  AC power or battery operated.  Must have earphone jack and headphones.  Clear Case only.  No detachable speakers.  Outside measurements not to exceed 3" x 6" x 6".  PG D, AM/FM radio only, AC power only, with earphone jack and earphones/earbuds.  Possession by PG D precludes any other entertainment appliance.  Purchase value not to exceed $150). | 1 | 1 | 0 | 1 | 1 |
| **FAN** (AC power or battery operated, plastic blade and cage. Not to exceed 9" not to exceed $25). | 1 | 1 | 0 | 0 | 0 |
| **HAIR/TRIMMER** (AC power, battery operated, or rechargeable, includes attachments and combs.  Spare blades may not be kept in possession of inmate. | 1 | 1 | 0 | 0 | 0 |

G - 48

**REGISTERABLE APPLIANCES FOR LEVEL III AND IV MALE INMATES**

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| HOT POT (UL approved, maximum 350 watts, 40 oz liquid capacity. Clear, non-removable base from body, temperature sensitive thermal fuse, allowable based upon local facility determination). *NOTE: If this item is used in an assault or in a manner that constitutes a safety/security threat, the inmate shall permanently lose the privilege of possession of this item.* | 1 | 1 | 0 | 0 | 0 |
| LAMP (Not to exceed 3 pounds or 12" extended length. Not to exceed 30 watts. Not to exceed $25. Flexible neck only. AC power or battery operated). | 1 | 1 | 0 | 0 | 0 |
| RAZOR, ELECTRIC (AC power or battery operated, purchase value not to exceed $50). | 1 | 1 | 0 | 0 | 0 |
| TELEVISION SET (PG A and B, AC power or battery operated, portable models only). Must have jack and earphones or headphones. Outside cabinet clear case only and not to exceed 16" x 16" x 20" deep. Screen not to exceed 13" measured diagonally. PG D, AC power only, with earphone jack and earphones/earbuds. Possession by PG D precludes any other entertainment appliance. (Purchase value not to exceed $300. NO REMOTE CONTROL DEVICES). | 1 | 1 | 0 | 1 | 1 |
| TYPEWRITER, ELECTRIC AC power or battery operated, portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). Temporary internal memory up to one-line for correction purposes is permissible. Memory must automatically clear when device is turned off. No capability to transfer information. Existing memory typewriters may be retained with owner's manual until no longer operational. (Purchase value not to exceed $200). | 1 | 1 | 0 | 0 | 0 |

**OTHER REGISTERABLE ITEMS FOR LEVEL III AND IV MALE INMATES**

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| CALCULATOR Hand held, battery or solar battery operated. No games clock or alarm. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information. (Purchase value not to exceed $25). | 1 | 1 | 0 | 0 | 0 |
| HANDICRAFT (Requires institutional approval). | YES | YES | 0 | 0 | 0 |

OTHER REGISTERABLE ITEMS FOR LEVEL III AND IV MALE INMATES (Continued)

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| **HEADPHONES** (Not to exceed $25) | 1 | 1 | 0 | 1 | 0 |
| **HEALTH CARE APPLIANCE** (Dr. Rx. Only). | YES | YES | YES | YES | YES |
| **MUSICAL INSTRUMENT** (As determined by local institutional procedures. Combined instrument and case dimensions shall not exceed 46" x 24" x 12". New purchases of keyboards are no longer permitted in male facilities, existing keyboards are permitted). | 1 | 1 | 0 | 0 | 0 |
| **RELIGIOUS MEDAL AND CHAIN** (Not to exceed $100, chain not to exceed 18" in length, obtainable as a set only, chains may not be purchased separately from medal). | 1 | 1 | 1 | 0 | 0 |
| **RING** (Wedding band, one only, yellow or white metal only. Not to exceed $100, maximum declared value, and may not contain a set or stone). | 1 | 1 | 1 | 1 | 1 |
| **TYPEWRITER, MANUAL** (Restricted from Level IV 180 design housing. Portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information. (Purchase value not to exceed $200). | 1 | 1 | 0 | 0 | 0 |
| **WATCH**  Wrist or pocket style. No sets or stones. No memory storage device, disks, tapes, or CPUs. No alarm, calculator, radio, TV, game or communication capabilities. No capacity to transfer information. (Purchase value not to exceed $50). | 1 | 1 | 0 | 0 | 0 |

G - 50

HIGH SECURITY AND TRANSITIONAL HOUSING

## TABLE OF CONTENTS

ITEM DESCRIPTION ..................................................................................................................... PAGE #

Granted Exemption Requests ......................................................................................... 34

Personal Clothing ............................................................................................................ 36

Personal Care / Hygiene ................................................................................................. 37

Food .................................................................................................................................. 39

Miscellaneous ................................................................................................................... 40

Games ................................................................................................................................ 42

Registerable Property ..................................................................................................... 42

- Registerable Appliances ...................................................................................... 42

- Other Registerable Items ...................................................................................... 44

### GRANTED EXEMPTION REQUESTS

**California Correctional Institution**

No Exemptions

**California State Prison, Sacramento**

**All Dormitory Facilities**

- Fans, televisions and musical instruments are restricted from all dormitory housing.

**Gymnasium Dormitory Facilities**

- AC appliances are restricted from gymnasium dormitories.

**ASU and PSU**

- Shower shoes and slippers are restricted from ASU and PSU.

**Corcoran State Prison**

**Dormitory Facilities**

- Fans, televisions and musical instruments are restricted from all dormitory housing.

**High Desert State Prison**

**Level IV Facilities**

- Disposable razors and manual typewriters are restricted from all Level IV housing.

**Kern Valley State Prison**

No Exemptions

**GRANTED EXEMPTION REQUESTS (Continued)**

### Pelican Bay State Prison

#### All Facilities

- Personal toothbrushes are excluded from all facilities, state-issue only.

#### Level I and Gym Facilities

- AC appliances are restricted from Level I and Gym housing.

#### Level II Facilities

- Hand held mirrors, nail clippers, disposable razors, ballpoint pens, pencil sharpeners and fans are restricted from Level II facilities.

#### Level IV Facilities

- Hand held mirrors, nail clippers, ballpoint pens, and fans are restricted from Level IV facilities.

### Salinas Valley State Prison

No Exemptions.

$C_2 - 52$

PERSONAL CLOTHING FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

- INMATES ARE ONLY PERMITTED ITEMS OF PERSONAL CLOTHING LISTED IN THIS SCHEDULE UNLESS AUTHORIZED FOR MEDICAL REASONS.

- INMATES ARE PERMITTED TO WEAR SOLID COLORS ONLY UNLESS OTHERWISE INDICATED.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING ITEMS IN ANY SHADE OR TINT OF GREEN, BLACK, BROWN, TAN, RED, OR BLUE UNLESS OTHERWISE INDICATED.

- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING WITH HOODS, PICTURES, DECORATIVE ZIPPERS, INSIDE POCKETS, OR ZIPPERED POCKETS.

- ALL INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING ITEMS WHICH ARE OBSCENE OR WHICH HAVE LOGOS, LETTERING, PICTURES WHICH ADVERTISE OR DEPICT ALCOHOL, GANGS, PROFANITY, SEX, WEAPONS, DRUGS, OR DRUG PARAPHERNALIA.

- MALE INMATES SHALL NOT RECEIVE OR POSSESS ITEMS OF CLOTHING DESIGNED AND MANUFACTURED SPECIFICALLY FOR WOMEN UNLESS AUTHORIZED FOR MEDICAL REASONS.

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION PRIVILEGE GROUP | | | SHU | ASU |
|---|---|---|---|---|---|
| | | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| ATHLETIC SHORTS (White or light gray only, no logos or printing). | 2 | 2 | 2 | 0 | 0 |
| ATHLETIC SUPPORTER | 2 | 2 | 2 | 0 | 0 |
| BRIEFS (White only). | 10 | 10 | 10 | 0 | 0 |
| GLOVES (Cold weather gloves upon approval of Warden, no zippers, pockets or metal) | 1 | 1 | 1 | 0 | 0 |
| HATS and CAPS | 3 | 3 | 3 | 0 | 0 |
| • BASEBALL (White or light gray only, no black). | | | | | |
| • WATCH CAPS (No black). | | | | | |
| • Additional hats consistent with these regulations may be allowed by local institution discretion. | | | | | |
| (No stripes, designs, or logos, neutral colors only) | | | | | |
| HEAD BAND (Terry cloth, plain, white, or gray). | 2 | 2 | 2 | 0 | 0 |
| RAIN COAT/PONCHO (Transparent only). | 1 | 1 | 1 | 0 | 0 |
| SHOWER SHOES (Foam or soft rubber, single layer, thong type construction, not exceeding 1-inch in thickness). | 1 pair | 1 pair | 1 pair | 1 pair | 1 pair |
| SLIPPERS / HOUSESHOES (No leather or leather-like materials). | 1 pair | 1 pair | 1 pair | 0 | 0 |
| SOCKS (White only. Any combination of short to knee-high). | 7 | 7 | 7 | 0 | 0 |
| SWEAT SHIRT (Light grey, white, or off-white only). | 2 | 2 | 2 | 0 | 0 |
| SWEAT PANTS (Light grey, white, or off-white only). | 2 | 2 | 2 | 0 | 0 |
| TENNIS SHOES (No shades of red or blue. Low, mid or high tops are permitted. Must be predominantly white in color. No K-Swiss, Bugle Boys, Joy Walkers, Pumps, Gels, British Knights or Airlifts. Shoe laces white only. Not to exceed $75.00. No hidden compartments, zippers, or laces that are covered or concealed. No metal components including eyelets). | 1 pair | 1 pair | 1 pair | 0 | 0 |

## PERSONAL CLOTHING FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

| Item Description  WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION  PRIVILEGE GROUP | | | SHU  PRIVILEGE GROUP | ASU  PRIVILEGE GROUP |
|---|---|---|---|---|---|
| | A | B | C | D | |
| UNDERWEAR, THERMAL, OR LONG (Grey, white, or off-white only. One pair consists of top and bottom or solid one piece). | 2 sets | 2 sets | 2 sets | 1 set | 1 set |
| UNDER SHIRTS/T-SHIRTS (Solid colors only, exclusive of colors noted above. Any combination of crew neck, v-neck or sleeveless athletic tank-top). | 5 | 5 | 5 | 0 | 0 |
| WALKING SHOES (Beige, Brown or White only) | 0 | 0 | 0 | 0 | 0 |
| WAVE CAPS (White or grey only. | 2 | 2 | 2 | 0 | 0 |

## PERSONAL CARE / HYGIENE FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

- NO ALCOHOL-BASED PRODUCTS AND NO AEROSOL CONTAINERS ALLOWED.
- NO METAL CONTAINERS.
- PRODUCTS CONTAINING PHOSPHATES ARE NOT ALLOWED.
- DISPOSABLE RAZORS ARE RESTRICTED FROM ALL LEVEL IV 180 DESIGN PROGRAM YARDS AND HOUSING.
- INSTITUTIONS MAY REQUIRE DISPOSABLE RAZORS TO MEET SAFETY TAMPER PROOF SPECIFICATIONS.

| Item Description  WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION  PRIVILEGE GROUP | | | SHU  PRIVILEGE GROUP | ASU  PRIVILEGE GROUP |
|---|---|---|---|---|---|
| | A | B | C | D | |
| BODY POWDERS (Baby powder, foot powder, etc.). | 2 | 2 | 2 | 0 | 0 |
| COMB (Non-metal, maximum of 6" in length, no handle). | 1 | 1 | 1 | 0 | 0 |
| COSMETIC/SHAVING BAG (Not to exceed 6" x 6" x 8"). | 1 | 1 | 1 | 0 | 0 |
| COTTON SWABS | 100 | 100 | 100 | 0 | 0 |
| DENTAL ADHESIVE (For approved denture wearers only) | 2 | 2 | 2 | 2 | 2 |
| DENTAL FLOSSERS/GLIDERS (No more than 3 inches in length, amount allowed in possession to be determined by local institutional procedure). | YES | YES | YES | YES | YES |
| DENTURE CLEANSER | 2 boxes | 2 boxes | 2 boxes | 1 box | 1 box |
| DEPILATORYS (Hair removers, Magic Shave, etc.) | 2 | 2 | 2 | 0 | 0 |
| DEODORANT / ANTIPERSPIRANT (Stick or roll-on, deodorant must be clear and in clear container only) | 4 | 4 | 4 | 2 | 2 |
| HAIR CONDITIONER | 2 | 2 | 2 | 0 | 0 |
| HAIR OIL / GREASE | 2 | 2 | 2 | 0 | 0 |
| INSECT REPELLANT (Must contain N,N-diethyl-m-toluamide (DEET) as main active ingredient) | 2 | 2 | 2 | 0 | 0 |
| LAUNDRY DETERGENT (Powder or liquid). | 1 | 1 | 1 | 0 | 0 |
| LIP BALM (No pigmentation added) | 2 | 2 | 2 | 0 | 0 |

G-54

## PERSONAL CARE / HYGIENE FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

| Item Description<br>WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
| --- | --- | --- | --- | --- | --- |
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| **LOTIONS** (Includes sun-block and baby oil) Baby Oil is restricted from Level IV housing. | 2 | 2 | 2 | 0 | 0 |
| **MEDICATIONS, OVER-THE-COUNTER** (Only those OTC medications permitted by the Division of Correctional Health Care Services shall be stocked by institution canteens, **OTC medications are not approved for inmate packages**). | YES | YES | YES | YES | YES |
| **MIRROR** (Maximum of 6" diameter). | 1 | 1 | 1 | 0 | 0 |
| **MOUTHWASH** (Non-alcohol only). | 2 | 2 | 2 | 0 | 0 |
| **NAIL CLIPPER** (Maximum of 2" length, no file blade). | 1 | 1 | 1 | 0 | 0 |
| **PALM BRUSH/COMB** (No handle, plastic only). | 1 | 1 | 1 | 1 | 1 |
| **PETROLEUM JELLY** (Restricted from level IV design housing). | 2 | 2 | 2 | 0 | 0 |
| **RAZOR, DISPOSABLE** (Not permitted in Level IV 180 design housing). | 10 | 10 | 10 | 0 | 0 |
| **SHAMPOO** | 2 | 2 | 2 | 1 | 1 |
| **SHAVING CREAM** (Non-aerosol). | 2 | 2 | 2 | 1 | 0 |
| **SOAP, BAR** | 6 | 6 | 6 | 2 | 2 |
| **SOAP DISH** (Non-metal). | 1 | 1 | 1 | 0 | 0 |
| **SOAP, LIQUID** | 2 | 2 | 2 | 0 | 0 |
| **TOOTHBRUSH** Subject to local determination of maximum length, local facility is required to shorten if necessary, to meet local requirements.). | 2 | 2 | 2 | 1 | 1 |
| **TOOTHBRUSH HOLDER** (Plastic only, may only cover head of toothbrush). | 1 | 1 | 1 | 0 | 0 |
| **TOOTHPASTE / POWDER** (Toothpaste must be clear and in clear container) | 3 | 3 | 3 | 2 | 2 |
| **WASHCLOTHS** (White only) | 3 | 3 | 3 | 0 | 0 |

## FOOD FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

### NO GLASS CONTAINERS

- CANNED ITEMS AND METAL CONTAINERS ARE RESTRICTED FROM SECURITY LEVEL IV, ASU AND SHU.
- NO PRODUCTS REQUIRING REFRIGERATION ARE PERMITTED.
- NO FOIL PACKAGED ITEMS PERMITTED.
- FOODS MEETING SPECIFIC RECOGNIZED RELIGIOUS DIETARY REQUIREMENTS MAY BE ORDERED FROM A LOCALLY APPROVED RELIGIOUS SPECIALITY VENDOR. RELIGIOUS SPECIALTY FOODS MUST MEET REQUIREMENTS OF THE APPS.
- THE APPS IS NOT INTENDED TO REFLECT ITEMS INTENDED FOR IMMEDIATE CONSUMPTION, SUCH AS ICE CREAM.

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
|---|---|---|---|---|---|
| BEVERAGES (Soda, water, etc. No fruit juice containing sugar. Canned soda in aluminum cans is permissible for all Security Levels. Privilege group D is restricted from plastic bottles and aluminum cans). | YES | YES | YES | YES | YES |
| CANDY (Shall not contain alcohol or liqueurs, hard candy shall be sugar free only). | YES | YES | YES | 1 pound limit | 1 pound limit |
| CANNED GOODS (Canteen only. Not approved for inmate packages. Restricted from Level IV, ASU and SHU). NOTE: for canned soda, refer to BEVERAGES. | YES | YES | YES | 0 | 0 |
| CEREALS (Dry, single serving packets only). | YES | YES | YES | YES | YES |
| CHEESE (Non-aerosol). | YES | YES | YES | YES | 0 |
| CHIPS | YES | YES | YES | YES | YES |
| COCOA (Sugar free). | YES | YES | YES | YES | YES |
| COOKIES | YES | YES | YES | YES | YES |
| COFFEE (Instant only). | YES | YES | YES | YES | YES |
| CONDIMENTS (Hot sauce, mustard, etc. are permissible. Items containing sugar such as ketchup, jams, jellies, honey, syrup, juices and sugar are restricted from personal possession). | YES | YES | YES | 0 | 0 |
| CRACKERS | YES | YES | YES | YES | YES |
| CREAMER (Powdered only). | YES | YES | YES | 0 | 0 |
| DRY MIX DRINKS (Non-flammable, sugar-free only). | YES | YES | YES | YES | YES |
| MEATS, DRY (Salami, jerky, sausages, etc.). | YES | YES | YES | YES | YES |
| FOODS, VACUUM PACKED (Tuna, sardines, vegetables, etc.). | YES | YES | YES | 0 | 0 |
| MISCELLANEOUS SNACK ITEMS (Snack cakes, bars, pies, etc., are permissible. Dried fruit is not permitted). | YES | YES | YES | YES | YES |
| NUTS (No shells). | YES | YES | YES | YES | YES |

FOOD FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES (Continued)

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| PROTEIN SUPPLEMENTS (Solid tablet or capsule form only. No bulk powdered products). | YES | YES | YES | Medical Rx. Only | Medical Rx. Only |
| SOUPS (Styrofoam containers are restricted from ASU and SHU) | YES | YES | YES | YES | YES |
| ARTIFICIAL SWEETENER | YES | YES | YES | YES | YES |
| TEA (Bags and instant). | YES | YES | YES | YES | YES |
| VITAMIN / MINERAL SUPPLEMENTS (Solid tablet or capsule form. No bulk powdered products). | YES | YES | YES | YES | YES |

## MISCELLANEOUS ITEMS FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| ADDRESS BOOK (Paperback only, 3" x 5" maximum). | 1 | 1 | 1 | 1 | 1 |
| AUDIO CASSETTES (Professionally pre-recorded only). | 10 | 10 | 0 | 0 | 0 |
| BALLPOINT PENS (Non-metal, clear plastic only, flexible pens or pen fillers may be required for ASU/SHU by local facility procedure). | 4 | 4 | 1 | 1 | 1 |
| BATTERY RECHARGER (Does not count as an electrical appliance). | 1 | 1 | 0 | 0 | 0 |
| BATTERIES | 8 | 8 | 0 | 0 | 0 |
| BOOKS MAGAZINES AND NEWSPAPERS (Paperback or hardback with cover removed only. Limits do not apply to legal materials). | 10 | 10 | 5 | 5 | 5 |
| BOWL (Plastic, maximum of 8" in diameter). | 2 | 2 | 1 | 0 | 0 |
| CALENDAR (12" x 12" maximum dimensions, no metal). | 1 | 1 | 1 | 0 | 0 |
| CLOCK (Non-electric, no alarm). | 1 | 1 | 0 | 0 | 0 |
| COAXIAL CABLE (Based on local facility determination, maximum 6-feet in length). | 1 | 1 | 0 | 0 | 0 |
| COMPACT DISCS (Factory pre-recorded only, sets including DVDs shall not be permitted). | 10 | 10 | 0 | 0 | 0 |
| CORRESPONDENCE COURSE (Does not impact the limit on books, must be within the established 6-cubic feet limit of allowable property). | 1 | 1 | 1 | 0 | 0 |
| ENVELOPES, BLANK AND/OR PRE-STAMPED | 40 | 40 | 40 | 40 | 40 |

G-57

MISCELLANEOUS ITEMS FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES (Continued)

| Item Description<br>WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| ENVELOPES, METERED (Indigent inmates only). | 5 | 5 | 5 | 5 | 5 |
| EXTENSION CORD (Maximum length of 6', UL approved only, must adhere to requirements established in California Electric Code Section 400.8, three prong outlet only, upon local facility discretion). | 1 | 1 | 0 | 0 | 0 |
| GREETING CARDS | 10 | 10 | 5 | 5 | 5 |
| HANDKERCHIEFS (White or light gray only). | 5 | 5 | 2 | 0 | 0 |
| INSTRUMENT STRINGS, SPARE (As determined by local institutional procedures). | 1 | 1 | 0 | 0 | 0 |
| LEGAL MATERIAL (Books, pamphlets and other legal reference). | YES | YES | YES | YES | YES |
| LEGAL PADS / TABLETS AND NOTEBOOKS (No spiral bound). | 4 | 4 | 2 | 1 | 1 |
| PENCILS, DRAWING (Colored), OR WRITING (Non-mechanical only). | 20 | 20 | 20 | 0 | 0 |
| PENCIL SHARPENER (Non-electric, hand held only, no metal cover, maximum 2" length).  Use in Level IV facilities subject to approval of Warden. | 1 | 1 | 1 | 0 | 0 |
| PHOTOS / PORTRAITS (Maximum of 8" x 10"). | YES | YES | YES | 15 | 15 |
| PHOTO ALBUMS (Maximum of 9" x 12". | 4 | 4 | 4 | 0 | 0 |
| PLASTIC TUMBLER (16 ounce or less). | 2 | 2 | 2 | 0 | 0 |
| READING GLASSES – NON PRESCRIPTION<br>(Magnifying glasses). | 1 | 1 | 1 | 1 | 1 |
| RELIGIOUS ITEMS (As approved by the local religious review committees. i.e., kufi caps, yamikas, prayer rugs, etc.) | YES | YES | YES | YES | YES |
| SPLITTER (For use with Television) | 1 | 1 | 0 | 0 | 0 |
| STAMPS (U.S. Postal only). | 40 | 40 | 40 | 40 | 40 |
| STATIONERY (For written correspondence, may be decorated and have matching envelopes). | 500 sheets | 500 sheets | 500 sheets | 15 sheets | 15 sheets |
| SUN GLASSES – NON-PRESCRIPTION (No steel frames, non-mirrored, no red or blue lenses.  Purchase value not to exceed $50.00, excludes prescription sun glasses). | 1 | 1 | 1 | 0 | 0 |
| STORAGE CONTAINER (As permitted by local institutional authority, may include clear storage containers, foot lockers, denture holders, etc.) | YES | YES | YES | 0 | 0 |
| WALLET (Plain brown or black, no engravings). | 1 | 1 | 1 | 0 | 0 |

G-58

## GAMES FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| CARDS (No role playing). | 1 | 1 | 0 | 0 | 0 |
| CHECKERS | 1 | 1 | 0 | 0 | 0 |
| CHESS | 1 | 1 | 0 | 0 | 0 |
| DOMINOS | 1 | 1 | 0 | 0 | 0 |

## REGISTERABLE PROPERTY FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

- A MAXIMUM OF THREE ELECTRICAL APPLIANCES OF ANY TYPE ARE ALLOWED PER MALE INMATE.
- BATTERY OPERATED, NON-ENTERTAINMENT APPLIANCES SHALL NOT COUNT TOWARDS THE APPLIANCE LIMIT.
- APPLIANCES WITH INTERNAL MECHANISMS FOR RECORDING OR TRANSMITTING CAPABILITY SHALL NOT BE ALLOWED. VENDOR OR MANUFACTURER ALTERATIONS THAT DISABLE AN APPLIANCES CAPABILITY TO RECORD OR TRANSMIT SHALL NOT BE ALLOWED. COMPACT DISC AND CASSETTE TAPE PLAYERS ARE RESTRICTED TO ORIGINAL MANUFACTURER PLAY CAPABILITY ONLY.
- APPLIANCES SHALL BE PORTABLE MODELS, AND HAVE AN INTERNAL ANTENNA. NO REEL-TO-REEL OR SPOOL TYPE PLAYERS.
- ENTERTAINMENT APPLIANCES SHALL HAVE EARPHONES/EARPLUGS, WHICH SHALL BE WORN, ON HEAD OR IN EAR WHEN APPLIANCE IS IN USE. EARPHONES/EARPLUGS MAY BE PURCHASED AND POSSESSED WHEN INMATE HAS TV, OR AUDIO DEVICE AS PERSONAL PROPERTY.
- THE POSSESSION OF ACCESSORIES FOR APPLIANCES AND MUSICAL INSTRUMENTS SUCH AS RIBBONS AND DAISY WHEELS FOR TYPEWRITERS IS AUTOMATICALLY IMPLIED. INSTITUTIONS MAY LIMIT ACCESSORIES BASED UPON SAFETY/SECURITY CONCERNS.
- MANUAL TYPEWRITERS ARE RESTRICTED FROM LEVEL IV, 180 DESIGN PROGRAM YARDS AND HOUSING.
  - NOTE: CERTAIN INMATE HOUSING CONFIGURATIONS MAY JUSTIFY THE PRECLUSION OF THE POSSESSION AND USE OF SPECIFIC APPLIANCES. WARDENS MUST REQUEST APPROVAL FOR AN EXEMPTION FROM THE DEPUTY DIRECTOR, DAI.

## REGISTERABLE APPLIANCES FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| AUDIO ENTERTAINMENT APPLIANCE (PG A and B, AM/FM radio/CD/cassette tape player or any combination allowed. AC power or battery operated. Must have earphone jack and headphones. Clear Case only. No detachable speakers. Outside measurements not to exceed 3" x 6" x 6". PG D, AM/FM radio only, AC power only, with earphone jack and earphones/earbuds. Possession by PG D precludes any other entertainment appliance. Purchase value not to exceed $150). | 1 | 1 | 0 | 1 | 1 |
| FAN (AC power or battery operated, plastic blade and cage. Not to exceed 9" not to exceed $25). | 1 | 1 | 0 | 0 | 0 |
| HAIR/TRIMMER (AC power, battery operated, or rechargeable, includes attachments and combs. Spare blades may not be kept in possession of inmate. | 1 | 1 | 0 | 0 | 0 |

REGISTERABLE APPLIANCES FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

| Item Description WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| HOT POT (UL approved, maximum 350 watts, 40 oz liquid capacity. Clear, non-removable base from body, temperature sensitive thermal fuse, allowable based upon local facility determination). *NOTE: If this item is used in an assault or in a manner that constitutes a safety/security threat, the inmate shall permanently lose the privilege of possession of this item.* | 1 | 1 | 0 | 0 | 0 |
| LAMP (Not to exceed 3 pounds or 12" extended length. Not to exceed 30 watts. Not to exceed $25. Flexible neck only. AC power or battery operated). | 1 | 1 | 0 | 0 | 0 |
| RAZOR, ELECTRIC (AC power or battery operated, purchase value not to exceed $50). | 1 | 1 | 0 | 0 | 0 |
| TELEVISION SET (PG A and B, AC power or battery operated, portable models only). Must have jack and earphones or headphones. Outside cabinet clear case only and not to exceed 16" x 16" x 20" deep. Screen not to exceed 13" measured diagonally. PG D, AC power only, with earphone jack and earphones/earbuds. Possession by PG D precludes any other entertainment appliance. (Purchase value not to exceed $300. NO REMOTE CONTROL DEVICES). | 1 | 1 | 0 | 1 | 1 |
| TYPEWRITER, ELECTRIC AC power or battery operated, portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). Temporary internal memory up to one-line for correction purposes is permissible. Memory must automatically clear when device is turned off. No capability to transfer information. Existing memory typewriters may be retained with owner's manual until no longer operational. (Purchase value not to exceed $200). | 1 | 1 | 0 | 0 | 0 |

G - 60

OTHER REGISTERABLE ITEMS FOR HIGH SECURITY AND TRANSITIONAL HOUSING MALE INMATES

| Item Description<br>WITH ADDITIONAL REQUIREMENTS AND RESTRICTIONS. | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | A | B | C | D | |
| **CALCULATOR**<br>Hand held, battery or solar battery operated. No games clock or alarm. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information.<br>(Purchase value not to exceed $25). | 1 | 1 | 0 | 0 | 0 |
| **HANDICRAFT** (Requires institutional approval). | YES | YES | 0 | 0 | 0 |
| **HEADPHONES** (Not to exceed $25) | 1 | 1 | 0 | 1 | 0 |
| **HEALTH CARE APPLIANCE** (Dr. Rx. Only). | YES | YES | YES | YES | YES |
| **MUSICAL INSTRUMENT**<br>(As determined by local institutional procedures. Combined instrument and case dimensions shall not exceed 46" x 24" x 12". New purchases of keyboards are no longer permitted in male facilities, existing keyboards are permitted). | 1 | 1 | 0 | 0 | 0 |
| **RELIGIOUS MEDAL AND CHAIN** (Not to exceed $100, chain not to exceed 18" in length, obtainable as a set only, chains may not be purchased separately from medal). | 1 | 1 | 1 | 0 | 0 |
| **RING** (Wedding band, one only, yellow or white metal only. Not to exceed $100, maximum declared value, and may not contain a set or stone). | 1 | 1 | 1 | 1 | 1 |
| **TYPEWRITER, MANUAL**<br>(Restricted from Level IV 180 design housing. Portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information. (Purchase value not to exceed $200). | 1 | 1 | 0 | 0 | 0 |
| **WATCH** Wrist or pocket style. No sets or stones. No memory storage device, disks, tapes, or CPUs. No alarm, calculator, radio, TV, game or communication capabilities. No capacity to transfer information. (Purchase value not to exceed $50). | 1 | 1 | 0 | 0 | 0 |

G - 61

FEMALE OFFENDERS PROGRAMS

TABLE OF CONTENTS

ITEM DESCRIPTION ........................................................................................................... PAGE #

Granted Exemption Requests ........................................................................................... 45

Personal Clothing ............................................................................................................... 46

Personal Care / Hygiene ................................................................................................... 48

Food ..................................................................................................................................... 51

Miscellaneous ..................................................................................................................... 53

Games .................................................................................................................................. 55

Registerable Property ....................................................................................................... 56

- Registerable Appliances ........................................................................................ 56

- Other Registerable Items ...................................................................................... 59

## GRANTED EXEMPTION REQUESTS

**California Institution for Women**

No Exemptions

**Central California Women's Facility**

No Exemptions

**Valley State Prison for Women**

No Exemptions

G-107

## PERSONAL CLOTHING FOR FEMALE INMATES

- INMATES ARE ONLY PERMITTED ITEMS OF PERSONAL CLOTHING LISTED IN THIS SCHEDULE UNLESS AUTHORIZED FOR MEDICAL REASONS.
- INMATES ARE PERMITTED TO WEAR SOLID COLORS ONLY UNLESS OTHERWISE INDICATED.
- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING ITEMS IN ANY SHADE OR TINT OF GREEN, BLACK, BROWN, TAN, RED, OR BLUE UNLESS OTHERWISE INDICATED.
- INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING PERSONAL CLOTHING WITH HOODS, PICTURES, DECORATIVE ZIPPERS, INSIDE POCKETS, OR ZIPPERED POCKETS.
- ALL INMATES ARE PROHIBITED FROM POSSESSING, USING, OR WEARING ITEMS WHICH ARE OBSCENE OR WHICH HAVE LOGOS, LETTERING, PICTURES WHICH ADVERTISE OR DEPICT ALCOHOL, GANGS, PROFANITY, SEX, WEAPONS, DRUGS, OR DRUG PARAPHERNALIA.

| Item Description With additional requirements and restrictions. | RECEPTION CENTER PRIVILEGE GROUP (Initial Intake) U | RECEPTION CENTER PRIVILEGE GROUP (Processing) U | GENERAL POPULATION PRIVILEGE GROUP A | GENERAL POPULATION PRIVILEGE GROUP B | GENERAL POPULATION PRIVILEGE GROUP C | SHU PRIVILEGE GROUP D | ASU PRIVILEGE GROUP D |
|---|---|---|---|---|---|---|---|
| **ATHLETIC SHORTS** (White or light gray only, no logos or printing). | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| **BRASSIERES** (No metal underwires, lace, strapless, see through, or push up). Any solid color except as noted above. | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| **GLOVES** (Cold weather gloves - no zippers, pockets, metal or lining. Colors in white, brown or tan are permissible) | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| **HATS and CAPS**<br>• BASEBALL (White or light gray only, no black).<br>• WATCH CAPS (No black).<br>(No stripes, designs, or logos, neutral colors only) | 0 | 0 | 3 | 3 | 3 | 0 | 0 |
| **HEAD BAND** (Terry cloth, plain, white, or gray). | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| **PAJAMA / NIGHTGOWN** (No sheer material). | 0 | 0 | 2 | 2 | 2 | 2 | 2 |
| **PANTIES** (Full-cut briefs only, no lace, see through, or pockets). | 10 | 10 | 10 | 10 | 10 | 10 | 10 |
| **PERSONAL JEANS** (Blue only, small identifying logo only. No prints or lettering on Jeans. No low rise Jeans. | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| **RAIN COAT/PONCHO** (Transparent only). | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| **ROBE** (Cotton or terrycloth material only, maximum of two large pockets, no metal snaps, no zippers, and cannot be sheer or see-through. Any solid color except as noted above). | 0 | 0 | 1 | 1 | 1 | 0 | 0 |

**PERSONAL CLOTHING FOR FEMALE INMATES (Continued)**

| Item Description With additional requirements and restrictions. | RECEPTION CENTER PRIVILEGE GROUP | | GENERAL POPULATION PRIVILEGE GROUP | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | (Initial Intake) U | (Processing) U | A | B | C | PRIVILEGE GROUP D | |
| **SANDALS** (Not to exceed $75.00. No hidden compartments, zippers, or laces that are covered or concealed). | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| **SCARF** (No hooded scarves) | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| **SHOWER SHOES** (Foam or soft rubber, single layer, thong type construction, not exceeding 1-inch in thickness). | 1 pair | 1 pair | 1 pair | 1 pair | 1 pair | 1 pair | 1 pair |
| **SLIPPERS / HOUSESHOES** | 0 | 0 | 1 pair | 1 pair | 1 pair | 0 | 0 |
| **SOCKS** (White/Grey only. Any combination of short to knee-high). | 0 | 7 | 7 | 7 | 7 | 0 | 0 |
| **SWEAT SHIRT-Pullover or Button Up** (Light grey, charcoal grey, white, or off-white only). | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| **SWEAT PANTS** (Light grey, charcoal grey, white, or off-white only). | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| **TENNIS SHOES** (No shades of red or blue. Low, mid or high tops are permitted. Must be predominantly white in color. No K-Swiss, Bugle Boys, Joy Walkers, Pumps, Gels, British Knights or Airlifts. Shoe laces white only. Not to exceed $75.00. No hidden compartments, zippers, or laces that are covered or concealed. No metal components including eyelets). | 0 | 0 | 1 pair | 1 pair | 1 pair | 0 | 0 |
| **UNDERWEAR, THERMAL, OR LONG** (Grey, white, or off-white only. One pair consists of top and bottom or solid one piece). | 0 | 0 | 2 sets | 2 sets | 2 sets | 1 set | 0 |
| **UNDER SHIRTS / T-SHIRTS** (Solid colors only, exclusive of colors noted above. Any combination of crew neck, v-neck or sleeveless athletic tank-top). | 0 | 0 | 5 | 5 | 5 | 0 | 0 |
| **WALKING SHOES** (Beige, Brown or White only) | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| **WAVE CAPS** (White or grey only.) | 0 | 0 | 2 | 2 | 2 | 0 | 0 |

## PERSONAL CARE / HYGIENE FOR FEMALE INMATES

- NO ALCOHOL-BASED PRODUCTS AND NO AEROSOL CONTAINERS ALLOWED.
- NO METAL CONTAINERS.
- PRODUCTS CONTAINING PHOSPHATES ARE NOT ALLOWED.
- INSTITUTIONS MAY REQUIRE DISPOSABLE RAZORS TO MEET SAFETY TAMPER PROOF SPECIFICATIONS.
- MAKE UP PRODUCTS (FOUNDATION, BLUSH, ETC.) ARE ALLOWED. THEY MUST BE NATURAL SKIN TONES PER CALIFORNIA CODE OF REGULATIONS, SECTION 3062, INMATE GROOMING STANDARDS.

| Item Description With additional requirements and restrictions. | RECEPTION CENTER PRIVILEGE GROUP (Initial Intake) U | RECEPTION CENTER PRIVILEGE GROUP (Processing) U | GENERAL POPULATION PRIVILEGE GROUP A | GENERAL POPULATION PRIVILEGE GROUP B | GENERAL POPULATION PRIVILEGE GROUP C | SHU PRIVILEGE GROUP D | ASU PRIVILEGE GROUP D |
|---|---|---|---|---|---|---|---|
| BATH TOWELS (white only) | 0 | 0 | 3 | 3 | 3 | 0 | 0 |
| BODY SPLASH/SPRAY | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| BODY POWDERS (Baby powder, foot powder, etc.). | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| BRUSH (Non-metal, maximum of 8" in length including handle). | 1 | 1 | 1 | 1 | 1 | 0 | 0 |
| COMB (Non-metal, maximum of 6" in length, no handle). | 1 | 1 | 2 | 2 | 2 | 0 | 0 |
| COSMETIC BAG (Not to exceed 6" x 6" x 8"). | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| COTTON BALLS | 0 | 0 | 400 | 400 | 400 | 0 | 0 |
| COTTON SWABS | 0 | 0 | 400 | 400 | 400 | 0 | 0 |
| DENTAL ADHESIVE (For approved denture wearers only) | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| DENTAL FLOSSERS/GLIDERS (No more than 3 inches in length, amount allowed in possession to be determined by local institutional procedure). | YES* | YES* | YES* | YES* | YES* | YES* | YES* |
| DENTURE CLEANSER | 1 box | 1 box | 2 boxes | 2 boxes | 2 boxes | 1 box | 1 box |
| DEPILATORYS (Hair removers, Magic Shave, etc.) | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| DEODORANT/ANTIPERSPIRANT (Stick or roll-on, deodorant must be clear and in clear container only) | 0 | YES* | YES* | YES* | YES* | 2 | 2 |
| DOUCHE | 0 | 2 | 4 | 4 | 4 | 0 | 0 |
| EMERY BOARD (Non-metal only) | 0 | 3 | 6 | 6 | 6 | 0 | 0 |
| EYEBROW PENCIL/EYELINER (Factory sealed, pencil only, no liquid) | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| EYE SHADOW KIT (No mirrors, kit shall not be altered) | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| FACE CREAM | 0 | 1 | 2 | 2 | 2 | 1 | 0 |
| FACE POWDER | 0 | 1 | 2 | 2 | 2 | 0 | 0 |

## YES*=NO LIMIT ON ITEMS; HOWEVER, TOTAL MUST REMAIN WITHIN SIX CUBIC FEET

## PERSONAL CARE / HYGIENE FOR FEMALE INMATES (CONTINUED).

| Item Description With additional requirements and restrictions. | RECEPTION CENTER PRIVILEGE GROUP | | GENERAL POPULATION PRIVILEGE GROUP | | | SHU PRIVILEGE GROUP | ASU |
|---|---|---|---|---|---|---|---|
| | (Initial Intake) U | (Processing) U | A | B | C | D | |
| FACIAL ASTRINGENT | 0 | 1 | 2 | 2 | 2 | 1 | 0 |
| FACIAL CLEANSER | 0 | 1 | 2 | 2 | 2 | 1 | 0 |
| FEMININE HYGIENE WASH | 0 | 1 | 2 | 2 | 2 | 1 | 0 |
| HAIR CLIPS, TIES & SCRUNCHES (Clips are a maximum three inches in size). | 0 | 0 | 10 | 10 | 10 | 0 | 0 |
| HAIR CONDITIONER | 0 | 2 | YES* | YES* | YES* | 1 | 0 |
| HAIR GEL, SPRAY AND GEL CURL, BRAID SPRAY AND LOCK GEL | 0 | 1 | 2 | 2 | 2 | 1 | 0 |
| HAIR OIL / GREASE | 0 | 1 | YES* | YES* | YES* | 1 | 0 |
| HAIR ROLLERS | 0 | 0 | 30 | 30 | 30 | 0 | 0 |
| INSECT REPELLANT (Must contain N,N-diethyl-m-toluamide (DEET) as main active ingredient) | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| LAUNDRY DETERGENT (Powder or liquid). | 0 | 1 | 2 | 2 | 2 | 1 | 0 |
| LIP BALM (No pigmentation added) | 0 | YES* | YES* | YES* | YES* | 2 | 0 |
| LIPSTICK | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| LOTIONS (Includes sun-block and baby oil) | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| MASCARA (Factory Sealed, No color restriction) | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| MEDICATIONS, OVER-THE-COUNTER (Only those OTC medications permitted by the Division of Correctional Health Care Services shall be stocked by institution canteens, OTC medications are not approved for inmate packages). | YES* | YES* | YES* | YES* | YES* | YES* | YES* |
| MIRROR (Maximum of 6" diameter). | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| MOUTHWASH (Non-alcohol only). | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| NAIL CLIPPER (Maximum of 2" length, no file blade). | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| PALM BRUSH/COMB (No handle, plastic only). | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| PERMANENT CURL / HAIR RELAXER KIT (No lye). | 0 | 0 | 2 | 2 | 2 | 0 | 0 |

**YES*=NO LIMIT ON ITEMS; HOWEVER, TOTAL MUST REMAIN WITHIN SIX CUBIC FEET**

G- 66

PERSONAL CARE / HYGIENE FOR FEMALE INMATES

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | (Initial Intake) U | (Processing) U | A | B | C | D | |
| PERMANENT WAVE KIT | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| PERMANENT WAVE RODS (Non-electric, plastic only). | 0 | 40 | 40 | 40 | 40 | 0 | 0 |
| PETROLEUM JELLY | 0 | 1 | 2 | 2 | 2 | 0 | 0 |
| RAZOR, DISPOSABLE | 0 | 5 | 10 | 10 | 10 | 0 | 0 |
| SHAMPOO | 0 | 2 | YES* | YES* | YES* | 1 | 1 |
| SHAVING CREAM (Non-aerosol). | 0 | 0 | 2 | 2 | 2 | 1 | 0 |
| SHOWER CAP (Clear only) | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| SOAP, BAR | 0 | 6 | YES* | YES* | YES* | 4 | 4 |
| SOAP DISH (Non-metal). | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| SOAP, LIQUID HAND | 0 | 1 | YES* | YES* | YES* | 0 | 0 |
| TAMPONS/SANITARY PADS/PANTY LINERS | 0 | YES* | YES* | YES* | YES* | YES* | YES* |
| TOOTHBRUSH (Maximum length permissible.) | 1 | 2 | 2 | 2 | 2 | 1 | 1 |
| TOOTHBRUSH HOLDER (Plastic only, may cover entire toothbrush or be a brush head cover only). | 1 | 1 | 1 | 1 | 1 | 0 | 0 |
| TOOTHPASTE / POWDER | 0 | 1 | 3 | 3 | 3 | 2 | 2 |
| TWEEZERS (Metal is permitted, maximum of 3" long) | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| WASHCLOTHS / SHOWER PUFFS (White only) | 0 | 2 | 3 | 3 | 3 | 0 | 0 |

**YES*=NO LIMIT ON ITEMS; HOWEVER, TOTAL MUST REMAIN WITHIN SIX CUBIC FEET**

FOOD FOR FEMALE INMATES

NO GLASS CONTAINERS.

- NO PRODUCTS REQUIRING REFRIGERATION ARE PERMITTED.
- NO FOIL PACKAGED ITEMS PERMITTED.
- FOODS MEETING SPECIFIC RECOGNIZED RELIGIOUS DIETARY REQUIREMENTS MAY BE ORDERED FROM A LOCALLY APPROVED RELIGIOUS SPECIALITY VENDOR. RELIGIOUS SPECIALTY FOODS MUST MEET REQUIREMENTS OF THE APPS.
- ITEMS CONTAINING SUGAR ARE SUBJECT TO WARDENS APPROVAL BASED ON SECURITY. WARDEN HAS AUTHORITY TO REVOKE AT ANY TIME IF SECURITY NEEDS ARISE.
- THE APPS IS NOT INTENDED TO REFLECT ITEMS INTENDED FOR IMMEDIATE CONSUMPTION, SUCH AS ICE CREAM.

| Item Description With additional requirements and restrictions. | RECEPTION CENTER PRIVILEGE GROUP | | GENERAL POPULATION PRIVILEGE GROUP | | | SHU PRIVILEGE GROUP | ASU |
|---|---|---|---|---|---|---|---|
| | (Initial Intake) U | (Processing) U | A | B | C | D | |
| ARTIFICIAL SWEETENER | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| BEVERAGES (Canned or Plastic Bottles-Soda, water, etc. Privilege group D is restricted from plastic bottles and aluminum cans). | 0 | YES* | YES* | YES* | YES* | YES* | YES* |
| CANDY (Shall not contain alcohol or liqueurs). Warden Discretion. | 0 | 1 pound limit | 2 pound limit | 2 pound limit | 2 pound limit | 1 pound limit | 1 pound limit |
| CANNED GOODS (Canteen only. Not approved for inmate packages). | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| CEREALS (Dry, single serving packets only). | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| CHEESE (Non-aerosol). | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| CHIPS | 0 | YES* | YES* | YES* | YES* | YES* | YES* |
| COCOA | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| COOKIES | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| COFFEE (Instant only). | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| CONDIMENTS (Hot sauce, mustard, BBQ sauce, ketchup, jams, jellies, honey, syrup, sugar etc.). Warden Discretion | 0 | YES* | YES* | YES* | YES* | 0 | 0 |
| CRACKERS | 0 | YES* | YES* | YES* | YES* | YES* | YES* |
| CREAMER (Powdered only). | 0 | YES* | YES* | YES* | YES* | 0 | 0 |
| DRIED FRUIT AND VEGETABLES | 0 | YES* | YES* | YES* | YES* | 0 | 0 |
| DRY MIX DRINKS (Non-flammable, Warden Discretion) | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| MEATS, DRY (Salami, jerky, sausages, etc.). | 0 | YES* | YES* | YES* | YES* | YES* | 0 |

YES*=NO LIMIT ON ITEMS; HOWEVER, TOTAL MUST REMAIN WITHIN SIX CUBIC FEET

**FOOD FOR FEMALE INMATES**

| Item Description With additional requirements and restrictions. | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | (Initial Intake) U | (Processing) U | A | B | C | D | |
| FOODS, VACUUM PACKED (Tuna, sardines, vegetables, etc.). | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| MISCELLANEOUS SNACK ITEMS (Snack cakes, bars, pies, etc.). | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| NUTS (No shells). | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| PEANUT BUTTER | 0 | YES* | YES* | YES* | YES* | YES* | 0 |
| PROTEIN SUPPLEMENTS (Solid tablet or capsule form only. No bulk powdered products). | 0 | YES* | YES* | YES* | YES* | Medical Rx. Only | Medical Rx. Only |
| SOUPS (Styrofoam containers are restricted from ASU and SHU) | 0 | YES* | YES* | YES* | YES* | 0 | 0 |
| TEA (Bags and instant). | 0 | YES* | YES* | YES* | YES* | 0 | 0 |
| VITAMIN / MINERAL SUPPLEMENTS (Solid tablet or capsule form. No bulk powdered products). | 0 | YES* | YES* | YES* | YES* | Medical Rx. Only | Medical Rx. Only |

G-69

MISCELLANEOUS ITEMS FOR FEMALE INMATES

| Item Description | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| With additional requirements and restrictions. | (Initial Intake) U | (Processing) U | A | B | C | D | |
| ADDRESS BOOK (Paperback only, 3" x 5" maximum). | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| ANTENNA WIRE Flexible, up to five feet in length). | 0 | 0 | 1 | 1 | 0 | 1 | 0 |
| AUDIO CASSETTES (Professionally pre-recorded only). | 0 | 0 | 10 | 10 | 0 | 0 | 0 |
| BALLPOINT PENS (Non-metal, clear plastic only, flexible pens or pen fillers may be required for ASU/SHU by local facility procedure). | 1 | 1 | 10 | 10 | 10 | 0 | 0 |
| BATTERY RECHARGER (Does not count as an electrical appliance). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| BATTERIES | 0 | 0 | 8 | 8 | 0 | 0 | 0 |
| BOOKS MAGAZINES AND NEWSPAPERS (Paperback or hardback with cover removed only. Limits do not apply to legal materials). | 5 | 5 | 10 | 10 | 5 | 5 | 5 |
| BOWL (Plastic, maximum of 8" in diameter). | 0 | 1 | 2 | 2 | 1 | 0 | 0 |
| CAN OPENER | -- | 0 | 1 | 1 | 1 | 0 | 0 |
| CALENDAR (12" x 12" maximum dimensions, no metal). | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| CLOCK – Alarm OK (Non-electric). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| CLOTHES PINS (CIW only) | 0 | 0 | 20 | 20 | 20 | 0 | 0 |
| COAXIAL CABLE (Based on local facility determination, maximum 6-feet in length). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| COMBINATION LOCK (Common key required by institution, canteen item only, not approved for inmate packages.) | 0 | 1 | 1 | 1 | 1 | 0 | 0 |
| COMPACT DISCS (Factory pre-recorded only, sets including DVDs shall not be permitted). | 0 | 0 | 10 | 10 | 0 | 0 | 0 |
| CORRESPONDENCE COURSE (Does not impact the limit on books). | 0 | 0 | 3 | 3 | 3 | 0 | 0 |
| ENVELOPES, BLANK AND/OR PRE-STAMPED | 0 | 40 | 40 | 40 | 40 | 40 | 40 |
| ENVELOPES, METERED (Indigent inmates only). | 0 | 5 | 5 | 5 | 5 | 5 | 5 |

## MISCELLANEOUS ITEMS FOR FEMALE INMATES

| Item Description<br><br>With additional requirements and restrictions. | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | (Initial Intake)<br>U | (Processing)<br>U | A | B | C | D | |
| EXTENSION CORD (Maximum length of 6', UL approved only, must adhere to requirements established in California Electric Code Section 400.8, three prong outlet only, upon local facility discretion). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| EYEGLASS REPAIR KIT (Screwdriver max 2" length) | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| FOOTLOCKER-CIW ONLY (Due to physical design of institution). | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| GREETING CARDS | 0 | 10 | 10 | 10 | 5 | 5 | 5 |
| HANDKERCHIEFS (White or light gray only). | 0 | 5 | 5 | 5 | 2 | 0 | 0 |
| HANGARS (Plastic Only) | 0 | 0 | 10 | 10 | 10 | 0 | 0 |
| IMMERSION HEATER (Does not count towards appliance limit.) | 0 | 1 | 1 | 1 | 0 | 0 | 0 |
| INSTRUMENT STRINGS, SPARE (As determined by local institutional procedures). | 0 | 0 | 1 PKG | 1 PKG | 0 | 0 | 0 |
| LEGAL MATERIAL (Books, pamphlets and other legal reference). | YES* | YES* | YES* | YES* | YES* | YES* | YES* |
| LEGAL PADS / TABLETS AND NOTEBOOKS (No spiral bound). | 1 Pad | 4 Pads | 4 Pads | 4 Pads | 4 Pads | 2 Pads | 2 Pads |
| LIGHT BULBS | 0 | 0 | 2 | 2 | 2 | 0 | 0 |
| PENCILS, DRAWING (Colored), OR WRITING (Non-mechanical only). | 1 | 3 | 20 | 20 | 20 | 0 | 0 |
| PENCIL SHARPENER (Non-electric, hand held only, no metal cover, maximum 2" length). Use in Level IV facilities subject to approval of Warden. | 1 | 1 | 1 | 1 | 1 | 0 | 0 |
| PHOTOS / PORTRAITS (Maximum of 8" x 10"). | 15 | 15 | YES* | YES* | YES* | 15 | 15 |
| PHOTO ALBUMS (Maximum of 9" x 12". | 0 | 0 | 4 | 4 | 4 | 0 | 0 |
| PLASTIC TUMBLER (16 ounce or less). | 1 | 1 | 2 | 2 | 2 | 0 | 0 |
| READING GLASSES – NON PRESCRIPTION<br>(Magnifying glasses). | 1 | 2 | 2 | 2 | 2 | 2 | 1 |

**YES*=NO LIMIT ON ITEMS; HOWEVER, TOTAL MUST REMAIN WITHIN SIX CUBIC FEET**

G-71

## MISCELLANEOUS ITEMS FOR FEMALE INMATES (Continued)

| Item Description With additional requirements and restrictions. | RECEPTION CENTER PRIVILEGE GROUP | | GENERAL POPULATION PRIVILEGE GROUP | | | SHU PRIVILEGE GROUP | ASU |
|---|---|---|---|---|---|---|---|
| | (Initial Intake) U | (Processing) U | A | B | C | D | |
| RELIGIOUS ITEMS (As approved by the local religious review committees, i.e., kufi caps, yamikas, prayer rugs, etc.) | YES* | YES* | YES* | YES* | YES* | YES* | YES* |
| SPLITTER (For use with Television) | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| STAMPS (U.S. Postal only). | 40 | 40 | 40 | 40 | 40 | 40 | 40 |
| STATIONARY | 15 sheets | 500 sheets | 500 sheets | 500 sheets | 500 sheets | 15 sheets | 15 sheets |
| SUN GLASSES – NON-PRESCRIPTION (No steel frames, non-mirrored, no red or blue lenses. Purchase value not to exceed $50.00, excludes prescription sun glasses). | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| STORAGE CONTAINER (Small bowl with lid, two-quart maximum size. Clear only). | 0 | 0 | YES* | YES* | YES* | 0 | 0 |
| UMBRELLA (CIW only – retain through attrition-no new purchase) | 0 | 0 | 1 | 1 | 1 | 0 | 0 |
| WALLET (Plain brown or black, no engravings). | 0 | 0 | 1 | 1 | 1 | 0 | 0 |

## GAMES FOR FEMALE INMATES

| Item Description With additional requirements and restrictions. | RECEPTION CENTER PRIVILEGE GROUP | | GENERAL POPULATION PRIVILEGE GROUP | | | SHU PRIVILEGE GROUP | ASU |
|---|---|---|---|---|---|---|---|
| | (Initial Intake) U | (Processing) U | A | B | C | D | |
| CARDS (No role playing). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| CHECKERS | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| CHESS | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| DOMINOS | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| SCRABBLE | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| UNO | 0 | 0 | 1 | 1 | 0 | 0 | 0 |

**YES*=NO LIMIT ON ITEMS; HOWEVER, TOTAL MUST REMAIN WITHIN SIX CUBIC FEET**

# REGISTERABLE PROPERTY FOR FEMALE INMATES

BATTERY OPERATED, NON-ENTERTAINMENT APPLIANCES SHALL NOT COUNT TOWARDS THE APPLIANCE LIMIT

- BATTERY OPERATED PERSONAL ENTERTAINMENT DEVICE (WALKMAN® TYPE), WITHOUT A POWER CORD, SHALL NOT COUNT TOWARDS THE APPLIANCE LIMIT.
- BATTERY OPERATED PERSONAL ENTERTAINMENT APPLIANCES SHALL NOT COUNT TOWARDS THE APPLIANCE LIMIT – NO POWER CORD ALLOWED.
- APPLIANCES WITH INTERNAL MECHANISMS FOR RECORDING OR TRANSMITTING CAPABILITY SHALL NOT BE ALLOWED. VENDOR OR MANUFACTURER ALTERATIONS THAT DISABLE AN APPLIANCES CAPABILITY TO RECORD OR TRANSMIT SHALL NOT BE ALLOWED. COMPACT DISC AND CASSETTE TAPE PLAYERS ARE RESTRICTED TO ORIGINAL MANUFACTURER PLAY CAPABILITY ONLY.
- APPLIANCES SHALL BE PORTABLE MODELS, AND HAVE AN INTERNAL ANTENNA. NO REEL-TO-REEL OR SPOOL TYPE PLAYERS.
- ENTERTAINMENT APPLIANCES SHALL HAVE EARPHONES/EARPLUGS, WHICH SHALL BE WORN, ON HEAD OR IN EAR WHEN APPLIANCE IS IN USE. EARPHONES/EARPLUGS MAY BE PURCHASED AND POSSESSED WHEN INMATE HAS TV, OR AUDIO DEVICE AS PERSONAL PROPERTY.
- THE POSSESSION OF ACCESSORIES FOR APPLIANCES AND MUSICAL INSTRUMENTS SUCH AS RIBBONS AND DAISY WHEELS FOR TYPEWRITERS IS AUTOMATICALLY IMPLIED. INSTITUTIONS MAY LIMIT ACCESSORIES BASED UPON SAFETY/SECURITY CONCERNS.

NOTE:   CERTAIN INMATE HOUSING CONFIGURATIONS MAY JUSTIFY THE PRECLUSION OF THE POSSESSION AND USE OF SPECIFIC APPLIANCES. WARDENS MUST REQUEST APPROVAL FOR AN EXEMPTION FROM THE DEPUTY DIRECTOR, DAI.

## REGISTERABLE APPLIANCES FOR FEMALE INMATES

| Item Description With additional requirements and restrictions. | RECEPTION CENTER PRIVILEGE GROUP (Initial Intake) U | (Processing) U | GENERAL POPULATION PRIVILEGE GROUP A | B | C | SHU PRIVILEGE GROUP D | ASU D |
|---|---|---|---|---|---|---|---|
| **AUDIO ENTERTAINMENT APPLIANCE** (PG A and B, AM/FM radio/CD/cassette tape player or any combination allowed. AC power or battery operated. Must have earphone jack and headphones. Clear case only. No detachable speakers. Outside measurements not to exceed 3" x 6" x 6". PG D, AM/FM radio only, earphone jack with earphones/earbuds. Possession by PG D precludes any other entertainment appliance. Purchase value not to exceed $150). | 0 | 0 | 1 | 1 | 0 | 1 | 1 |
| **CURLING IRON, ELECTRIC** (Female only, AC power or battery operated, purchase value not to exceed $40). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **FAN** (AC power or battery operated, plastic blade and cage. Not to exceed 9" not to exceed $30). For CIW and CRC does not count toward electric appliance limit, due to physical plant design. | 0 | 0 | 1 | 1 | 0 | 0 | 0 |

G-73

REGISTERABLE APPLIANCES FOR FEMALE INMATES (Continued)

| Item Description<br>With additional requirements and restrictions. | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | (Initial Intake)<br>U | (Processing)<br>U | A | B | C | D | |
| **HAIR DRYER / BLOW DRYER**<br>(Female only, purchase value not to exceed $40). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **HAIR ROLLERS, ELECTRIC**<br>(Female only, purchase value not to exceed $25). | 0 | 0 | 1 Set | 1 Set | 0 | 0 | 0 |
| **HAIR/TRIMMER** (AC power, battery operated, or rechargeable, includes attachments and combs. Spare blades may not be kept in possession of inmate. | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **LAMP** (Not to exceed 3 pounds or 12" extended length. Not to exceed 30 watts. Not to exceed $25. Flexible neck only. AC power or battery operated). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **PRESSING COMB, ELECTRIC**<br>(Female only, purchase value not to exceed $25, AC power or battery operated). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **RAZOR, ELECTRIC**<br>(AC power or battery operated, purchase value not to exceed $50). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **TELEVISION SET** (PG A and B, AC power or battery operated, portable models only). Must have jack and earphones or headphones. Outside cabinet clear case only and not to exceed 16" x 16" x 20" deep. Screen not to exceed 13" measured diagonally. PG D, AC power only, earphone jack with earphones/earbuds. Possession by PG D precludes any other entertainment appliance. (Purchase value not to exceed $300. NO REMOTE CONTROL DEVICES). | 0 | 0 | 1 | 1 | 0 | 1 | 1 |

C - 74

**REGISTERABLE APPLIANCES FOR FEMALE INMATES (Continued)**

| Item Description<br>With additional requirements and restrictions. | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | (Initial Intake)<br>U | (Processing)<br>U | A | B | C | D | |
| **TYPEWRITER, ELECTRIC OR MANUAL**<br><br>AC power or battery operated, portable only. Not to exceed 24" x 18" x 12. No removable memory storage device, disks, tapes, chips (CPUs). Temporary internal memory up to one-line for correction purposes is permissible. Memory must automatically clear when device is turned off. No capability to transfer information. Existing memory typewriters may be retained with owner's manual until no longer operational.<br><br>(Purchase value not to exceed $200). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |

OTHER REGISTERABLE ITEMS FOR FEMALE INMATES

| Item Description<br>With additional requirements and restrictions. | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | (Initial Intake)<br>U | (Processing)<br>U | A | B | C | D | |
| **CALCULATOR**<br>Hand held, battery or solar battery operated. No games clock or alarm. No removable memory storage device, disks, tapes, chips (CPUs). No capability to transfer information.<br>(Purchase value not to exceed $25). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **CHAIN, NECKLACE OR BRACELET** (Female only, yellow or white metal only, value not to exceed $25). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **EARRINGS** (Female only, studs or hoops no larger than 30 millimeters [quarter-size] purchase value not to exceed $25 a pair). | 0 | 0 | 3 Pair | 3 Pair | 0 | 0 | 0 |
| **HANDICRAFT** (Requires institutional approval). | 0 | 0 | YES* | YES* | 0 | 0 | 0 |
| **HEADPHONES** (Not to exceed $25) | 0 | 0 | 1 | 1 | 0 | 1 | 0 |
| **HEALTH CARE APPLIANCE** (Dr. Rx. Only). | YES* | YES* | YES* | YES* | YES* | YES* | YES* |
| **MUSICAL INSTRUMENT**<br>(As determined by local institutional procedures. Combined instrument and case dimensions shall not exceed 46" x 24" x 12"). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |
| **PRESCRIPTION GLASSES** (Includes Prescription Sun-Glasses) | YES* | YES* | YES* | YES* | YES* | YES* | YES* |
| **RELIGIOUS MEDAL AND CHAIN** (Not to exceed $100, chain not to exceed 18" in length, obtainable as a set only, chains may not be purchased separately from medal). | 1 | 1 | 1 | 1 | 1 | 0 | 0 |

**YES*=NO LIMIT ON ITEMS; HOWEVER, TOTAL MUST REMAIN WITHIN SIX CUBIC FEET**

OTHER REGISTERABLE ITEMS FOR FEMALE INMATES (Continued)

| Item Description<br>With additional requirements and restrictions. | RECEPTION CENTER | | GENERAL POPULATION | | | SHU | ASU |
|---|---|---|---|---|---|---|---|
| | PRIVILEGE GROUP | | PRIVILEGE GROUP | | | PRIVILEGE GROUP | |
| | (Initial Intake)<br>U | (Processing)<br>U | A | B | C | D | |
| **RING** (may possess a wedding ring or wedding/ engagement ring set, yellow or white metal only. Stones are permissible, maximum declared value not to exceed $150. | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| **WATCH** Wrist or pocket style. No sets or stones. No memory storage device, disks, tapes, or CPUs. No alarm, calculator, radio, TV, game or communication capabilities. No capacity to transfer information. (Purchase value not to exceed $50). | 0 | 0 | 1 | 1 | 0 | 0 | 0 |

1    <u>DECLARATION OF SERVICE BY MAIL</u>

2

3    CASE NAME: <u>Moss v. Ayers</u>

4    CASE NO.:

5

6    I, <u>Andrew Bernard Moss</u>, declare that I am over the age of eight-

7    teen (18) years; I am/~~am not~~ a party to the attached action; I

8    served the attached document entitled:

9    PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT THEREOF

10

11    on the persons/parties specified below by placing a true copy of

12    said document into a sealed envelope with the appropriate postage

13    affixed thereto and surrendering said envelope(s) to the staff of

14    the <u>San Quentin State Prison</u>           entrusted with the logging and

15    mailing of inmate legal mail addressed as follows:

16                          State of California
                            Department of Justice
17                       Office of the Attorney General
                        455 Golden Gate Ave., Ste. 11000
18                          San Francisco, CA 94102

19

20

21    There is First Class mail delivery service by the United States

22    Post Office between the place of mailing and the addresses indi-

23    cated above.  I declare under the penalty of perjury under the laws

24    of the United States and the State of California that the foregoing

25    is true and correct and that I executed this service this __9th__

26    day of <u>May, 2008</u>    , in San Quentin, CA.

27

28                              _andrew B Moss_
                                Declarant

MARKEW D MOSS E-74525
S.Q.S.P. 4N 27 4P
SAN QuenTiN CA 94964

LEGAL MAIL

RECEIVED

JUN 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COU
NORTHERN DISTRIC OF CALIFO
450 Golden Gate AVE
SAN FRANCISCO CA 941

UNITED STATES
POSTAL SERVICE

0000

94102

U.S. POSTAGE
SAN QUENTIN, CA
94964
JUN 03 '08
AMOUNT
$0.00
0002245-04

