UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW BERNARD MOSS,

    Petitioner,

vs.

ROBERT L. AYERS, JR.,

    Respondent.

No. C 08-2891 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because petitioner is confined in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

The petition is directed to petitioner's conviction of violating a prison rule against possession of a controlled substance. Among the sanctions imposed for violation of the rule was a loss of 130 days of good time.

## DISCUSSION

*A.  Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

B.   *Legal Claims*

As grounds for federal habeas relief, petitioner asserts that: (1) His due process rights were violated when the institution did not send the marijuana for testing until forty-five days after it was seized and thirty days after he and his cellmate tested positive for THC, the active ingredient in marijuana; and (2) there was not "some evidence" to support his conviction for violating a rule against possession and distribution of a controlled substance.

Although the rule may be different for state habeas petitions, federal habeas petitions can be used only to attack the legality of a petitioner's confinement or the length of it. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Habeas jurisdiction is not proper "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Although petitioner lost good time credits in the rule violation hearing, which might seem to affect the duration of his confinement, that is not necessarily so. He says that his sentence for attempted murder was seven years to life. California law provides that an indeterminate sentence such as this is a life sentence, and that the Board of Parole

2

Hearings is not required set a the term of years for such prisoners until it finds the prisoner suitable for parole. *In re Dannenberg*, 34 Cal. 4th 1061, 1082-83 (2005). It thus appears that return of the lost good time would not "necessarily" shorten his sentence, in which case the rule violation decision would not be the proper target of a habeas petition. Petitioner will be afforded an opportunity to show cause why the case should not be dismissed as not properly brought in habeas.

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. Petitioner shall show cause within thirty days of the date this order is entered why the case should not be dismissed as not properly brought in habeas. To do so, he must show that the alleged violations of his rights will necessarily have an effect on the length of his sentence. If he does not, the case will be dismissed.

3. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 16, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\ONEAL746.OSC-P

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDREW B MOSS,

         Petitioner,

  v.

ROBERT L AYERS JR,

         Respondent.
                                    /

Case Number: CV08-02891 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Bernard Moss E-74525
San Quentin State Prison
4-N-27 Up
San Quentin, CA 94964

Dated: June 16, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk