1  Andrew Bernard Moss
   CDCR # E-74525
2  4-N-27
   San Quentin State Prison
3  San Quentin, CA 94964

4  Petitioner In Pro Se



5

6

7

8              UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  Andrew Bernard Moss,            )    No. C 08-2891 PJH (PR)
                                    )
11            Petitioner,           )    **PETITIONER'S REPLY TO THE**
                                    )    **DISTRICT COURT'S JUNE 16,**
12                                  )    **2008, ORDER FOR**
        v.                          )    **PETITIONER TO SHOW CAUSE**
13                                  )
                                    )
14  Robert L. Ayers, Jr., Warden,   )
                                    )
15            Respondent.           )

16                    **INTRODUCTION**

17       Pursuant to this Court's June 16, 2008, Order For

18  Petitioner To Show Cause ("OSC") and Civil L.R. 7-1(a)(1),

19  (b), petitioner submits the instant reply in response to the

20  Court's concern whether the constitutional violation alleged

21  in the petition for writ of habeas corpus ("Petition") currently

22  pending before the Court necessarily affects petitioner's length

23  of incarceration.

24       Petitioner contends that Circuit precedence is not as

25  fact-restrictive as the Court's interpretation, and habeas

26  corpus is proper for the relief petitioner seeks. Petitioner

27  requests the Court vacate her June 16, 2008 OSC, and instead

28  order respondent to show cause why the Petition should not

                          1

1 | be granted.

2 |       This request is made based upon the attached

3 | memorandum of points and authorities, attached exhibits, and

4 | for good cause.

5 | Date: July 14, 2008                      Respectfully Submitted,

6 |

7 |                                      Andrew Bernard Moss
                                     Petitioner In Pro Se

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>
(Moss v. Ayers, case number C 08-2891 PJH (PR))

### LAW AND ARGUMENT

#### I.

### HABEAS CORPUS IS THE PROPER VEHICLE OF RELIEF FOR PETITIONER TO CHALLENGE THE DISCIPLINARY FINDINGS AGAINST HIM

In her OSC, relying on the holding in **Ramirez v. Galaza**, 334 F.3d 850 (9th Cir. 2003) for the posture that "[i]t ... appears that return of the lost good time would not 'necessarily' shorten [petitioner's] sentence, in which case the rule violation decision would not be the proper target of a habeas corpus petition", the Court suggests petitioner needs to instead seek his intended relief in a § 1983 proceeding. OSC at 3. Although the Court's observations are generally true, the rule is not as fact-restrictive as the Court's interpretation.

A. <u>Habeas Corpus Is Proper Because Petitioner</u>
   <u>Challenges The Validity Of His Continual</u>
   <u>Incarceration.</u>

Our Supreme Court has long drawn the distinction between inmate usage of 28 U.S.C. § 2254 and 42 U.S.C. § 1983 for relief. For example, the Supreme Court held that inmates challenging the deprivation of good-conduct time credits must sue under the federal habeas statute, 28 U.S.C. § 2254, and not under 42 U.S.C. § 1983, because such a suit necessarily challenges the duration of the inmate's confinement. **Preiser v. Rodriguez**, 411 U.S. 475, 487-488 (1973).

As earlier noted, Circuit precedence is not as fact-restrictive as the Court's interpretation. Namely, the

3

1  Ninth Circuit has held "[h]abeas corpus jurisdiction ... exists
2  when a petitioner seeks expungement of a disciplinary finding
3  from his record if expungement is <u>likely to accelerate</u> the
4  prisoner's eligibility for parole." **Docken v. Chase**, 393 F.3d
5  1024, 1028 (9th Cir. 2004) (quoting **Bostic v. Carlson**, 884
6  F.2d 1267, 1269 (9th Cir. 1989)) (emphasis in original)
7  (internal citation); see, <u>id</u>., at 1030 ("<u>Bostic</u> held that the
8  availability turns on the likelihood that a successful claim
9  will accelerate a prisoner's <u>eligibility</u> for parole, not his
10 release."); see also, <u>Ramirez</u>, supra, at 858 ("<u>Bostic</u> thus
11 holds that the <u>likelihood</u> of the effect on the overall length
12 of the prisoner's sentence ... determines the availability
13 of habeas corpus.").

14     In <u>Docken</u>, the court interpreted <u>Bostic</u>'s use of the term
15 "likely" to identify "claims with a sufficient nexus to the
16 length of imprisonment so as to implicate, but not fall squarely
17 within, the 'core' challenges identified by the <u>Preiser</u> Court."
18 <u>Id</u>., at 1030. The court held in <u>Docken</u> "that when prison inmates
19 seek only equitable relief in challenging aspects of their
20 parole review that, so long as they prevail, <u>could</u> potentially
21 affect the duration of their confinement, such relief is
22 available under the federal habeas statute." <u>Ibid</u>. As manifested
23 in the Petition, petitioner only seeks <u>equitable</u> <u>relief</u>,
24 Petition at 6, and as demonstrated below, petitioner challenges
25 an 'aspect' of his parole review as well as seeks expungement
26 of the disciplinary conviction from his record. Petition at
27 6:20-23.
28 ///

4

1      Petitioner has been <u>eligible</u> for parole since "December

2  9, 1988" given the Board first finds him suitable. SEE, Exhibit

3  "A" at p. 2; <u>In re Dannenberg</u>, 34 Cal.4th 1061, 1082-83 (2005).

4  Petitioner is now 20 years into his seven years-to-life

5  sentence, and prior to the instant disciplinary infraction,

6  petitioner had been disciplinary free for the previous 10 years.

7      On October 29, 2006, petitioner attended his fifth parole

8  suitability hearing wherein he was issued a one-year parole

9  denial; advised to "<u>stay disciplin[ary] free</u>, [and] earn

10  positive chronos"; was placed on the Board's October 2007

11  calendar for his next subsequent hearing. Exhibit "A" at 2

12  (emphasis added). In other words, if petitioner met these

13  requirements by his next scheduled Board appearance,  the Board

14  would have sufficient basis to find petitioner suitable[1]/ for

15  parole.

16      In determining his suitability for parole, petitioner's

17  post-conviction behavior is relevant for the Board's

18  consideration. <u>In re DeLuna</u>, 126 Cal.App.4th 585, 596 (2005)

19  (citing <u>15 CCR § 2402(d)(9)</u>). In fact, the Board is required

20  to consider "[a]ll relevant, reliable information available

21  to the panel ... in determining suitability for parole", §

22  <u>2402(b)</u>--this includes Rules Violation Reports like that at

23  issue in petitioner's case. "Serious misconduct [--such as

24  that in the instant case--] in prison" is a negative factor

25  against prisoners in parole suitability hearings. <u>DeLuna</u>, supra,

26

27  [1]/ A Board's suitability finding is not final until it has
been approved by Decision Review Unit and Govenor.

28

5

1    at 596 (citing § 2402(c)(6)).

2        In light of the erroneous disciplinary conviction at issue,

3    petitioner waived/postponed his 2007 and 2008 parole suitability

4    hearings.[2/] SEE, Exhibits "B" and "C". It is unreasonable to

5    expect petitioner would be found suitable for parole with a

6    recent and serious disciplinary conviction on his record when

7    the Board specifically cautioned petitioner at his 2006 parole

8    suitability hearing to "stay disciplin[ary] free." Assuming

9    arguendo, the Petition was denied and petitioner proceeded

10   to his scheduled November 2009 parole suitability hearing with

11   the instant disciplinary conviction on his record, petitioner

12   will be found not suitable for parole due to the disciplinary

13   conviction, which would clearly result in petitioner remaining

14   incarcerated for some unspecified amount of years.

15       In contrast, however, if the instant Petition issued thus

16   expunging the disciplinary conviction from petitioner's record,

17   and then petitioner proceeded to his November 2009 parole

18   suitability hearing, it is conceivable that petitioner would

19   receive a parole date considering he would have satisfied the

20   Board's requirements.[3/] Therefore, the issuance of the instant

21   _____

22   [2/] Petitioner waived the hearings in order to seek judicial
     review of the erroneous disciplinary findings in order not
23   to be compelled to appear before the Board with the unjust
     disciplinary findings on his record.

24   [3/] Absent the disciplinary findings at issue, petitioner has
     met and exceeded the Board's recommendation that he earn
25   positive chronos by his scheduled October 2007 parole
     suitability hearing. SEE, Exhibit "D". Therefore, there is
26   a strong likelihood petitioner would have been found suitable
     for parole had he not been convicted of the instant disciplinary
27   infraction.

28

                                    6

1 Petition "<u>could</u> potentially affect the duration of

2 [petitioner's] confinement."

3     Accordingly, contrary to the Court's observations, the

4 return of petitioner's lost good time and expungement of the

5 disciplinary conviction from petitioner's record will

6 necessarily affect petitioner's duration of confinement.

7     B. <u>If Petitioner Filed A § 1983 Action, It</u>
       <u>Would Be Barred By The 'Favorable Termination'</u>

8     <u>Rule.</u>

9     Another point to consider is in <u>Preiser</u>, supra, the high

10 Court further held that "a § 1983 action is a proper remedy

11 for a state prisoner who is making a constitutional challenge

12 to the conditions of his prison life, but not to the fact or

13 length of his custody." 411 U.S. at 499. As conceded by this

14 Court and demonstrated above, petitioner challenges a

15 <u>disciplinary conviction</u> which affects the duration of his

16 confinement; petitioner does not challenge a "condition" of

17 his prison life as it is traditionally understood.[4/]

18     Additionally, the Supreme Court disposed of any lingering

19 ambiguity as to the reach of federal habeas corpus and § 1983

20 actions. That is, in <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005)

21 the high Court clarified the connection between its decisions

22 in <u>Preiser</u>, supra, <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and

23 their progeny by explaining:

24 _____

25 [4/] Historically, conditions of a prisoner's prison life have
    generally come in the form of adequate nourishment and living

26 conditions; recreation access; access to the courts; adequate
    or reasonable medical care; etc. See, for example, <u>Estelle</u>

27 <u>v. Gamble</u>, 429 U.S. 97 (1976); <u>Rhodes v. Chapman</u>, 452 U.S.
    337 (1981); <u>Hudson v. McMillan</u>, 503 U.S. 1 (1992); <u>Helling</u>

28 <u>v. McKinney</u>, 509 U.S. 25 (1993).

7

1        These cases, taken together, indicate that a state
2        prisoner's § 1983 action is barred (**absent prior
        **invalidation**)--no matter the relief sought (damages or
3        equitable relief), no matter the target of the prisoner's
        suit (state conduct leading to conviction or internal
4        prison proceedings)--<u>if</u> success in that action would
        necessarily demonstrate the invalidity of confinement
5        or its duration.

6 <u>Id.</u>, at 81-82 (emphasis added); <u>see also</u>, **Osborne v. District**

7 **Attorney's Office**, 423 F.3d 1050, 1053 (9th Cir. 2005) (same).

8 Thus, without so conceding, were the Court correct that § 1983

9 were the proper venue for relief in the instant case, the Court

10 would have to ultimately dismiss the action under the "favorable

11 termination" rule because there has been no <u>prior</u> <u>invalidation</u>

12 of the disciplinary action at issue and any success in a §

13 1983 action "would necessarily demonstrate the invalidity of

14 [petitioner's] confinement or its duration" as have already

15 been shown above.

16     Hence, § 1983 would be improper and habeas corpus is the

17 proper vehicle for the relief of which petitioner seeks.

18 <div align="center">**CONCLUSION**</div>

19     In light of the foregoing, petitioner respectfully requests

20 the Court vacate its June 16, 2008 Order to Show Cause in this

21 matter and order respondent to show cause why the instant

22 petition for writ of habeas corpus should not be granted.

23 Date: July 14, 2008                Respectfully Submitted,

24                                   *Andrew B Moss*
                                  Andrew Bernard Moss
25                                   Petitioner In Pro Se

26

27

28

<div align="center">8</div>

# EXHIBIT A

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

## LIFE PRISONER PAROLE CONSIDERATION WORKSHEET

| ☐ INITIAL HEARING | ☒ SUBSEQUENT HEARING | |
|---|---|---|

| PRISONER'S NAME | CDC NUMBER: |
|---|---|
| MOSS, ANDREW BERNARD | E-74525 |

| DATE OF HEARING | LOCATION |
|---|---|
| 11-29-06 | SAN QUENTIN STATE PRISON |

### LEGAL STATUS

| DATE RECEIVED | DATE LIFE TERM STARTS | | COUNTY |
|---|---|---|---|
| 11-07-90 | | | CONTRA COSTA |

| OFFENSE | CASE NUMBER |
|---|---|
| ATTEMPTED MURDER 1ST WITH USE OF FIREARM, GREAT BODILY HARM | CC-881964-1 |

| COUNT NUMBER(S) | PENAL CODE SECTION(S) VIOLATED |
|---|---|
| 1 | 187/12022.5/12022.7 |

| TERMS | MEPD |
|---|---|
| LIFE + 5 YEARS | 12-09-88 |

### OTHER COMMITMENT OFFENSES OR STAYED COUNTS

| STAYED | OFFENSE | CODE SECTION | COUNTY | CASE NUMBER | COUNT NUMBER |
|---|---|---|---|---|---|
| ☐ | CRUELTY TO ANIMAL | 597 | CONTRA COSTA | CC-880285-2 | 1 |
| ☒ | POSSESION OF FIREARM | 12021 | CONTRA COSTA | CC-880285-2 | 5 |
| ☐ | USE OF FIREARM | 12022.5 | CONTRA COSTA | CC-880285-2 | 3 |
| ☐ | | | | | |

### PRESENT AT HEARING

| PANEL MEMBER | PANEL MEMBER | PANEL MEMBER |
|---|---|---|
| J ONG | D, FILANGERI | |

OTHERS PRESENT

☒ PRISONER (IF ABSENT, WHY?) _PRESONT_

☒ ATTORNEY __JOHN STRINGER__

☒ DEPUTY D. A. _____ ~~JACK WADDWELL~~ MARK POTORSON COUNTY OF _____

☐ OTHERS _____

### STATEMENT OF FACTS

☐ THE HEARING PANEL INCORPORATES BY REFERENCE FROM THE DECISION OF THE HEARING HELD

ON _____ , PAGES _____ THROUGH _____

☒ THE STATEMENT OF FACT IS
   _Referenced_

   ☐ QUOTED FROM THE BOARD REPORT, DATED _____ , PAGE(S) _____
   _Referenced_
   ☒ QUOTED FROM THE PROBATION OFFICER'S REPORT, PAGE(S) _____ 8 - 10 _____

   ☐ QUOTED FROM THE COURT OPINION, PAGE(S) _____

BPT 1000 (Rev. 8/90)

*New psych eval*

**BOARD OF PRISON TERMS**                                              **STATE OF CALIFORNIA**
**LIFE PRISONER HEARING DECISION FACE SHEET**

---

[ ] PAROLE GRANTED – (YES)
    CDC: Do not release prisoner before
       Governor's review.

[X] PAROLE DENIED – (NO) / 4R

| **Records Use Only** |
|---|
| Parole Release Date _____ |
|              YR    MO   DAY |
| Attach Prison Calculation Sheet |

---

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR: _____ YEAR(S)
[ ] HEARING POSTPONED/REASON: _____

---

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**
[ ] No more 115's or 128A's      [X] Stay discipline free
[ ] Work to reduce custody level   [ ] Learn a trade*      [X] Earn positive chronos
[ ] Get self-help*             [ ] Get therapy*      [ ] Get a GED*

[ ] Recommend transfer to _____
[X] Other *New psych eval per BPT 1000(a)*
* These programs are recommended if they are offered at your prison and you are eligible/able to participate.

---

Penal Code 3042 Notices   [ ] Sent   Date: _____

---

Commitment Offense(s) _____
                   Code(s)                  Crime(s)

                   Case #(s)              Count#(s)

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
|---|---|---|
| | | |

[ ] Initial Hearing   [ ] Subsequent (Hearing No.) _____   Date of Last Hearing _____

CDC Representative _____
Attorney for Prisoner  ✓JOHN STRINGER    Address _____
D.A. Representative  MARK PETERSON    County Contra Costa

This form and the Board's decision at the end of the hearing is only <u>proposed</u> and NOT FINAL. <u>It will not become</u>
<u>final until it is reviewed.</u>

Chair _____   Date  11/28/
Panel Member _____   Date  /06
Panel Member _____   Date

| NAME | CDC # | PRISON | CALENDAR | DATE |
|---|---|---|---|---|
| Moss, Andrew | E74525 | SQ | NOV, 27. 2006 | 11-29-06 |

BPT 1001 (REV. 08/03)

2

BOARD OF PAROLE HEARINGS

TE OF CALIFORNIA

## LIFE PRISONER PAROLE CONSIDERATION HEARING CHECKLIST

☐    Initial Hearing    *"ITEMS MARKED "IN 'C' FILE" FOR BOARD OF PRISON TERMS COMMISSIONERS ONLY*

☒    Subsequent Hearing

All life prisoner hearing packets are to be divided into the following seven major categories. Within each category, similar documents should be filed together in reverse chronological order. Beginning with the most recently dated document.

1.  ☐  Cumulative Case Summary

2.  ☑  Board Reports (All)

3.  ☑  Psychiatric Reports (All)

4.  ☑  Prior Decisions (AA, CRB, BPT)

5.  ☐  Notices and Responses, including:

     ☐    Notices and Responses (This hearing only)

     ☐    Officials' Letter

     ☐    Fearful Letter IN "C"FILE CONFIDENTIAL FOLDER

     ☐    Support Letters

     ☐    _____

6.  ☐  Legal Documents, including:

     ☐    Probation Officer's Report

     ☑    Arrest Reports, if any

     ☑    Abstract of Judgement

     ☑    Charging Documents

     ☑    Appellate Decisions

     ☑    Sentencing Transcripts

     ☐    1203.01 P.C. Statement

     ☐    _____

     ☐    _____

     ☐    _____

7.  ☐  Miscellaneous, including:

     ☐    Crime Partner's Parole Decision, if any IN "C" FILE CONDIFENTIAL FOLDER

     ☐    Notice of Hearing Rights (This hearing only)

     ☐    Disciplinary Reports and Incident Reports (All) IN "C" FILE DISCIPLINARY SECTION

     ☐    Confidential Folder IN "C" FILE

     ☐    Other, non-specified, but pertinent information developed since date of last hearing

     ☐    _____

     ☐    _____

The transcript of the prior hearing, if any, is to be included in the life prisoner-hearing packet but not indexed.

Checklist and packet reviewed for completeness _____ CCR.M.   Date __9-1-06__

NAME:          CDC NUMBER          INSTITUTION

# EXHIBIT B

**BOARD OF PRISON TERMS**
LIFE PRISONER HEARING = EXTRAORDINARY ACTION AND DECISION

STATE OF CALIFORNIA
BPT 1001A (REV. 10/89)

| ACTION TYPE (select one) | ☐ Waiver of Appearance | ☐ Request for Postponement | ☐ Waiver of Parole Consideration Hearing – Stipulation of Unsuitability |
|---|---|---|---|
| HEARING TYPE (select one) | ☐ Parole Consideration | ☐ Progress | ☐ Rescission    Hearing Date: WEEK OF 11-12-07 |

### WAIVER OF RIGHT TO ATTEND HEARING

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐ I do not wish to attend my Board hearing and do not wish to be represented at the hearing. The hearing will be held in my absence.

☐ I do not personally wish to attend my hearing but I do wish to be represented by counsel at the hearing.

☐ I will employ counsel to represent me at the hearing.

☐ I cannot afford counsel and wish counsel appointed to represent me.

### POSTPONEMENT

I understand that I am scheduled for the Board of Prison Terms Hearing indicated above.

☐ I hereby request that the hearing indicated above be Postponed to _____.
The reasons for my request for a postponement are stated below.

### WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐ I waive my right to a parole consideration hearing and I waive the right to have an attorney represent me at a hearing in my absence. I find that I am unsuitable for parole based on my reasons given on this form and therefore request that you find me unsuitable.

☐ One-year Denial          ☐ Two-year Denial          ☐ Three-year Denial

PRISONER'S REASON(S) FOR REQUEST:
(For Example: Psychiatric Evaluation Not Supportive, Programming Inadequate, Cat H Incomplete, etc.)

_____
_____
_____
_____
_____

| Signature of Prisoner | Date |
|---|---|
| Signature of Attorney (If applicable) | Date |
| Signature and Title of Witness (CDC) | Date |

| NAME | CDC NUMBER | INISTUTION | CALENDAR | DATE |
|---|---|---|---|---|
| MOSS, ANDREW | E-74525 | SAN QUENTIN | SUB 6 | WEEK OF 11-12-07 |

☐   I certify to the best of my knowledge and information, the foregoing reasons as stated by the prisoner are accurate, and that the
prisoner was capable of making a knowledgeable decision regarding his/her hearing.

The following information is submitted for the Board's consideration in making their decision:

C&PR Signature                                                                          Date:

*FOR BOARD OF PRISON TERMS USE ONLY*

**DECISION / ORDER**
**WAIVER OF RIGHT TO ATTEND HEARING**

☐   Request is denied.

☐   Request is granted.  Hearing will be conducted in absence of prisoner.

**POSTPONEMENT**

1.   ☐   Request is denied.

☐   Request is granted.  Granted based on a finding of good cause.  Place on _____ calendar.

**WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY**

2.   ☐   Request is denied.

☐   Request is granted.  The Board agrees to enter into the stipulation, on a finding of good cause.  Offered by the prisoner on
the waiver of his/her Life Parole Consideration Hearing and orders a:

☐   One-year denial              ☐   Two-year denial*              ☐   Three-Year denial**

- The Board must find it unreasonable to expect that the prisoner would be eligible for parole during the second, or second
Or second and third year, and the Board must state the reasons for its finding.

**   In addition to the above (*), the prisoner must have been convicted of more than one offense which involves the taking of a
life.

(The basis of the finding of good cause for postponement or multiple-year denial must be stated below.)

☐   Good cause based on the reasons given by the prisoner.

Other comments (if applicable):

Signatures of BPT Commissioners
1. _____                                                            Date _____
2. _____                                                            Date _____

| BPT Action taken at: | ☐ BPT Headquarters | ☐ Institution | | |
|---|---|---|---|---|
| Name | CDC Number | Institution | Calendar | Date |
| MOSS, ANDREW | E-74525 | SAN QUENTIN | SUB 6 | WEEK OF 11-12-07 |

## 1.  PURPOSE OF HEARING:

The purpose of a parole consideration hearing is to determine whether you are a suitable for parole (15 CCR Secs. 2281/2402). The purpose of a progress hearing is to determine whether a parole release date should be advance (15 CCR Sec. 2269(a)). The purpose of a rescission hearing is to determine whether a parole date should be rescinded or postponed (15 CCR Sec. 2450).

## 2.  RIGHT TO HEARING:

One year prior to your minimum eligible parole date a parole suitability hearing will be held (PC Sec. 3041(a)). You are entitled to a formal parole suitability hearing each year thereafter unless the hearing panel denies parole for more than one year (PC Secs. 3041(c), 3041.5 (b) (2)).

## 3.  RIGHT TO BE PRESENT, SPEAK; WAIVER: CONSEQUENCE OF ABSENCE:

You have a right to attend the hearing, ask and answer questions, and speck on your own behalf (PC Sec. 3041.5(a)(2)). You may waive this right (see In re Sydney M. (1984) 162 CA3d 39, 48 (juvenile haring)). If you do not attend the hearing (unless you waive the hearing), a decision will be made in your absence (15 CCR Sec. 2248).

## 4.  ATTORNEY:

You are entitled to be represented by an attorney at the hearing (except progress hearings) (PC Sec. 3041.7). You may waive that right (15 CCR Sec. 2256(b)). If you are unable to afford counsel (i.e., you have less than $1,500 in cash and/or accounts), an attorney will be provided at state expense (15 CCR Sec. 2256(c)).

## 5.  NOTICE:

You will be notified of the week during which the hearing will be held at least one month before the hearing (15 CCR Sec. 2246). You will be given reasonable notice of the time, date, and place of the hearing.

## 6.  WITNESSES:

At a rescission hearing you are entitled to present and confront witnesses. At parole consideration and progress hearing you are not entitled to witnesses (see PC Secs. 3041.5(a)(5), 2932 (x)).

## 7.  OTHERS WHO MAY ATTEND THE HEARING:

At paroles consideration hearings the prosecutor (or representative) at the trial on the charges for which you are incarcerated will be invited to the hearing to represent the interests of the people (PC Sec. 3041.7). At parole consideration hearings notice of the hearing will also be given to the Judge, prosecutor and your attorney at your trial (PC Sec. 3042(a)). The victim or next of kin or their attorney may also attend and address the hearing panel (PC Sec. 3043).

## 8.  REVIEW OF FILE: OPPORTUNITY TO PRESENT EVIDENCE:

You have the right to review non-confidential documents in your Department of Corrections central file and you may appeal insufficient disclosure. You may enter a written response to any material in the file and may present relevant documents to the hearing panel (15 CCR Secs. 2247, 2249). At a rescission hearing you may call witnesses and may request that witnesses (including adverse witnesses) or documents be subpoenaed (15 CCR Sec. 2465©).

| NAME | CDC NUMBER | INST/REGION |
|------|------------|-------------|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

## LIFE PRISONER: NOTICE OF HEARING RIGHTS:

### 9. ASSISTANCE IN PREPARING FOR THE HRARING: ASSISTANCE IN COMMUNICATION:

You may receive reasonable assistance in preparing for the hearing. If you are unable to effectively communicate due to language difficulties or a physical or mental defect, appropriate assistance (e.g., an interpreter) will be arranged for you (15 CCR Sec. 2251).

### 10. POSTPONEMENTS:

A postponement is a delay of a hearing date requested and granted before the hearing actually starts. You may request a postponement by doing so in writing to department staff before the hearing or orally immediately prior to the hearing. Requests for postponements may be granted where good cause is found (see 15 CCR Sec. 2253). Where the hearing has already started, continuances may be granted where: (1) Insufficient information is present to determine any to determine any necessary fact (15 CCR Sec. 2238), or (2) the panel determines that a decision regarding parole cannot be made because of pending new criminal or disciplinary charges (15 CCR Sec. 2272).

### 11. IMPARTIAL PANEL:

You are entitled to a hearing by an impartial panel and may request the disqualification of one or more panel members where grounds for disqualification exist (15 CCR Sec. 2250).

### 12. RECORD: DECISION:

You are entitled to a copy of the record of the hearing upon request (15 CCR Sec. 2254). You are entitled to a copy of the decision which includes the information considered and the reasons for the decision (15 CCR Se. 2255).

Abbreviations:

|   |   |   |
|---|---|---|
| PC | = California Penal Code | |
| CCR | = California Code of Regulations, formerly California Administrative Code | |
| CA | = California Appellate Reports. | |

I have read and understand the list of rights and procedures (items 1 through 12, above) and I have had an opportunity to ask questions about any rights or procedures that I did not understand.

| Signature | CDC Number | Date |
|---|---|---|

I explained the foregoing rights to the prisoner, provided him/her with an opportunity to ask questions, and answered all questions he or she asked

| Signature | Date |
|---|---|

| Name | Title |
|---|---|

| NAME | CDC NUMBER | INST/REGION |
|---|---|---|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

## LIFE PRISONER: REQUEST FOR ATTORNEY / WAIVER OF ATTORNEY OR WITHDRAWAL OF REQUEST

| Date of hearing:<br>WEEK OF 11-12-07 | Time of Hearing<br>1:00 PM | Type of Hearing<br>SUB 6 |
|---|---|---|

Please complete and return as instructed by staff as soon as possible but no later than 5 days after receipt.

## REQUEST FOR ATTORNEY

☐    I request the assistance of an attorney at my hearing.

1.    ☐    I have or can retain my own attorney.  The attorney is:

Attorney's Name                                                    Telephone Number

Attorney's Address

Signature of Prisoner                         CDC Number                  Date

2.  ☐    I wish to have the state provide an attorney to assist me.  I declare under penalty of perjury that I am indigent (I have less than $1,500 in cash and/or accounts, Title 15 CCR§2256© and cannot afford an attorney.

## WAIVER OF ATTORNEY

☐    I waive my right to have an attorney.

On _____ _____(Date), I was informed that I have been scheduled to appear before the BOARD OF PRISON TERMS for a hearing. I was also informed of my right to be represented by an attorney at my Board hearing. I know that if I am indigent and cannot afford to retain an attorney the state will appoint an attorney to represent me at state expense. Knowing this, I have decided that **I DO NOT** wish the assistance of an attorney at my Board hearing.

Signature of Prisoner                         CDC Number                  Date

## WITHDRAWL OF REQUEST FOR AN ATTORNEY

☐    I withdraw my request for an attorney.

I have reconsidered my request for an attorney at my Board hearing and have decided that **I DO NOT** wish to have the assistance of an attorney at my Board hearing. This decision to withdraw my request for an attorney is not being made as a result of any promises or duress. I know that if I withdraw my request for an attorney, I will not be able to later request an attorney again for this hearing.

Signature of Prisoner                         CDC Number                  Date

| NAME | CDC NUMBER | INISTITUTION |
|---|---|---|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

BPT 1003 (REV 9/90)

BOARD OF PRISON TERMS                                                                  STATE OF CALIFORNIA
BPT 1073 - NOTICE AND REQUEST FOR ASSISTANCE AT PAROLE PROCEEDING

| I.    PRE-INTERVIEW FILE REVIEW (STAFF ONLY) |
| --- |
| I acknowledge that I have reviewed all relevant and reasonably available central file and/or field file information prior to first contact with the inmate/parolee involved in this parole proceeding.  For revocation proceedings, this file review must include, at the minimum, a review of the CDC Form 611 (revised 05/01) or a Parolee Disability Review Sheet (PDRS) and attached documents, if any |
| Print Name: _____    Sign Name: _____    Date: _____ |

Identified Disabilities

☐ Mental Health Concerns (Circle One) CCCMS   EOP   MHCB   DMH   128C dated:_____

☐ Developmental Disability (Circle One)   DD1   D1A   DD2   DD3  128C-2 dated: _____

☐ Physical Disability (Circle all that apply) (verified on CDC Form 1845 )  Dated _____

   Mobility (DPW / DPO / DPM / DNM)  Vision: (DPV/DNV)  Hearing:  (DPH / DNH)  Speech:  (DPS / DNS)

☐ Other Disability (that may limit access): _____ documented on_____ dated: _____

☐ Learning Disability documented on_____ dated: _____

☐ NO DISABILITIES IDENTIFIED FROM THE FILE REVIEW.

*********************************************************************************************************

Other Potential Assistance Needs:

☐ Reading Level _____  Total GPL _____ (If not available, note "N/A")

☐ Non-English Speaking (List language(s) inmate/parolee speaks):_____

| II. INMATE/PAROLEE RIGHTS & SELF IDENTIFICATION |
| --- |
| You have a right to receive help for your hearing.  If you need help talking, reading, hearing, seeing, understanding or getting to your hearing, you have a right to that help.  You have a right to receive help in meeting with your attorney. If you do not speak English, you have a right to an interpreter.  If you are deaf and use sign language, you have a right to a sign language interpreter.  If you cannot read, the BPT or CDC must provide you with help to read the forms and papers.  If you need special transportation, the BPT or CDC must provide it for you. |

Check all that apply:

☐ I need help reading my documents.                            ☐ I need the following help to hear _____
☐ I need help understanding the procedures and forms.          ☐ I need the following help to see _____
☐ I need a sign language interpreter.                          ☐ I need to communicate in writing.
☐ I need a wheelchair and I ☐ do have one. ☐ do not have one.
☐ I do not speak English and need an interpreter in _____
                                 (language)
☐ Other_____

☐ I do not need any help for my parole hearing.

X_____                    _____          X_____
  Inmate/Parolee Signature                              CDC #                          Date Signed

| III.  INITIAL SERVICE OF RIGHTS (STAFF ONLY) |
| --- |

I have informed inmate/parolee of his/her rights and charges, if any, and have determined that he/she:

☐ Appears to understand                          ☐ Appears to have difficulty understanding

☐ Effective Communication Method Used: (Foreign language interpreter, sign language interpreter, read/spoke slowly, assistive device, etc.)

_____

Additional Comments:_____

_____        _____          _____
Staff Name and Title (please print)         Staff Signature                      Date

| IV. BPT REVIEW FOR INTERNAL USE ONLY (Non-Lifer Cases) |
| --- |

Accommodation(s)/Assistance to be provided at hearing(s): _____
_____

_____        _____          _____
Staff Name and Title (please print)         Staff Signature                      Date

_____        _____          _____
NAME                    CDC #          TYPE OF HEARING        DATE OF HEARING          LOCATION

## I. PRE-INTERVIEW FILE REVIEW (STAFF ONLY)

This section requires completion of a file review to determine whether or not the inmate/parolee (I/P) needs assistance with effective communication or has a disability which needs to be accommodated at the parole proceeding. The staff member shall print his/her name and date the form to acknowledge completion of the file review. (In revocation proceedings, the Agent must ensure either the CDC 611 (05/01 or later) OR a Parolee Disability Review Sheet is in the field file.)

When initiating the form, it is important for the staff member to first write the I/P's name, CDC number, the type of parole proceeding, and the institution/region/county jail where the I/P is located at the bottom of the form. When completing this form, the staff member shall review the file for the corresponding source documents as indicated below and designated staff shall attach a copy when a verified/identified disability is noted.

Mental Health Concerns – check this box if a CDC 128C indicates the inmate/parole is included in the Mental Health Services Delivery System. Circle the Level of Care and write the date of the chrono.

Developmental Disability – check this box if a CDC 128C-2 indicates the I/P is included in the developmental disability program. He/she must be categorized in one of the following DDP categories: DD1, D1A, DD2 or DD3. Circle the appropriate code and write the date of the chrono. (If the code is NDD or DDO, do not check this box.)

Physical Disability – check this box if there is a CDC 1845 which identifies a verified disability. Circle the appropriate disability (there may be more than one) and write the date of the CDC 1845.

Other Disability – check this box if there is a document which states the I/P has a disability other than those identified on the forms indicated above. Write the name of the document and its date.

Learning Disability – check this box if there is a document which states the I/P has a learning disability. Write the name of the document and its date.

No Disabilities Identified from the file review. – If all of the above boxes are unchecked, check this box.

Reading Level – Check the box and write the I/P's reading level (if available) and his/her total grade point level (GPL). (If neither the reading level nor the GPL are in the file, do not check the box and write N/A.)

Non-English Speaking – If the I/P's primary language is not English, check this box and write the language he/she speaks as identified in the file review.

SPECIAL NOTE: If it has been determined in Section I an accommodation and/or interpreter is required, the employee shall provide that accommodation to the I/P prior to completing Section II. Sign language interpreters must be approved by the BPT.

## II. INMATE/PAROLEE ADA RIGHTS AND SELF IDENTIFICATION

The staff member shall advise the inmate/parolee that he/she has a parole proceeding pending and the reason for the proceeding. The staff member shall read or ask the parolee to read out loud the rights statement at the beginning of this section.

The remaining portion of this section is for the inmate/parolee to disclose assistance he/she needs for the proceedings. If the parolee cannot complete this section, the staff member shall provide assistance by recording the responses given by the inmate/parolee.

## III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)

In this section, the staff member shall document his/her observations. The staff member shall document whether I/P appeared to understand his/her rights (described on the form handed out with the BPT 1073) and charges, if any. If after providing assistance for effective communication and the I/P still appears to have difficulty understanding, the staff member shall check the appropriate box. If an alternate method of communication is used, the staff member shall check the appropriate box and indicate the type of accommodation. Any observations from the interview the staff member believes are pertinent should be written in the "Additional Comments" portion of this Section.

## IV. BPT REVIEW FOR INTERNAL USE (Non-Lifers Only)

In Revocation cases where a DRU is involved, DRU staff will complete this section prior to attorney assignment and review it after the attorney consultation. In cases where a DRU is not involved, the DC will complete this section as part of their review.

Distribution:    Original-Central File. Copies – BPT, Inmate/Parolee and Field File

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA
REQUEST FOR REASONABLE ACCOMMODATION - GRIEVANCE PROCESS
BPT 1074                                                    Log Number:

| A. | INMATE OR PAROLEE TO COMPLETE BEFORE THE HEARING |

You have been given a state attorney to help you in preparation for and during your hearing.  Fill out this form only if you did not get the other kinds of help for your disability that you asked for on your BPT Form 1073 or if new problems came up.  You can ask your attorney or staff for help in filling out this form. If you need more space attach another sheet of paper.

1. Your complaint: _____

_____

_____

_____

2. What you want done: _____

_____

_____

_____

Before the hearing, you should send this form as soon as possible to the BPT ADA Coordinator at 1515 K Street, Suite 600, Sacramento CA 95814, or give this form to a staff person, or your Attorney to send to the BPT ADA Coordinator. The decision will be sent to you within five (5) days from the date it was received by the ADA Coordinator, or before your parole proceeding (which ever comes first).  Grievances received by BPT less than forty-eight (48) hours before the proceeding might not be accommodated at the parole proceeding.

X_____
      (Print name)            (Inmate or parolee sign here)      CDC Number        Date

| B. | RESPONSE TO A GRIEVANCE FILED BEFORE THE HEARING |

Date received by BPT: _____

Decision
☐ Granted          ☐ Granted with Changes          ☐ Denied          ☐ No Action Required

DISCUSSION OF FINDINGS: _____

_____

_____

_____

BASIS FOR DECISION: _____

_____

_____

_____

_____
BPT ADA Coordinator/Designee Signature                          Date Completed

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA
REQUEST FOR REASONABLE ACCOMMODATION - GRIEVANCE PROCESS
BPT 1074                                                    Log Number:

## INSTRUCTIONS TO INMATE OR PAROLEE

If you have already had your hearing, did not like the decision made about the kind of help given, and want a new hearing, then fill out Section C, on page 2.

| C. | INMATE OR PAROLEE TO COMPLETE <u>AFTER</u> THE HEARING |
|----|---|

I did not get all the help with my disability that I needed during the hearing. Earlier, I requested that help on the BPT Form 1073, or a new disability problem came up at the hearing. I need a new hearing with more help, because: _____

_____

_____

_____

_____

| Inmate/Parolee Print Name | Inmate/Parolee Sign Here | CDC Number | Date |

| D. | RESPONSE TO A GRIEVANCE FILED AFTER THE HEARING |
|----|---|

Date Received by Quality Control Unit:_____.          Type of Parole Proceeding: _____

**Decision**
☐ Granted          ☐ Granted with Changes          ☐ Denied          ☐ Dismissed

_____

_____

_____

_____

| Chief Deputy Commissioner/Designee Signature | Date Completed |

| E. | TO INMATE OR PAROLEE |
|----|---|

1. After the hearing the inmate, parolee, or their attorney may file the grievance, concerning denial of disability accommodations at the hearing, by mailing this form to:

Board of Prison Terms
Quality Control Unit
1515 K Street, Suite 600
Sacramento, CA 95814

2. All ADA grievances related to parole revocations shall be answered within 10 days from the time they were received at BPT.

3. All ADA grievances for life prisoners shall be answered within 30 days from the time they were received at BPT.

| NAME | CDC NUMBER | TYPE OF PROCEEDING | DATE OF PROCEEDING | LOCATION |

BOARD OF PRISON TERMS                                                      STATE OF CALIFORNIA

## REQUEST FOR INTERPRETER

**Please complete and return as instructed by staff as soon as possible but no later than 5 days after receipt.**

**I do not speak or understand the English language, and I request the assistance of an interpreter at my hearing.**

| Signature | CDC Number | Date |
|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## SOLICITUD PARA INTÉRPRETE

**Favor de llenar como le indique el miembro del personal y devolver tan pronot como le sea posible, en cinco días a  más tardar.**

**No hablo ni entiendo el idioma inglës, y solicito la ayuda de un intërprete en mi audiencia.**

| FIRMA | NUMERO DE CDC | FECHA |
|---|---|---|

| NAME | CDC NUMBER | INST/REGION |
|---|---|---|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

BPT 1079 (REV 9/1/82)

**BOARD OF PRISON TERMS**                                                      STATE OF CALIFORNIA

NOTICE OF DATE, TIME AND PLACE OF HEARING

Your _____ __SUBSEQUENT 6_____ _____ hearing is scheduled for
                 (Type)

_____ __1:00 PM_____ ____ on _____ ____WEEK OF 11-12-07_____
                 (Time)                              (Date)

at _____ ____SAN QUENTIN STATE PRISON – BOARD ROOM_____ _____

._____.

### CERTIFICATE OF SERVICE

On_____

I (  ) gave      (  ) mailed this notice to the prisoner/parolee.

._____.
**Signature of State Agent**                                         **Date**

._____.

**Receipt Acknowledged** (*For Institutional Use Only*)
Signature                              **CDC Number**              **Date**

| NAME | CDC NUMBER | INST/REGION |
|------|-----------|-------------|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

BPT 1080 (REV 8/1/81)

# EXHIBIT C

CDC 128-B (REV 12/96)

NAME: Moss, Andrew                          CDC#: E74525

I have received a copy of my _____ 11/68

___ Psych Report
___ Board Report
_X_ Hearing Rights
___ Hearing Transcripts          **INMATE COPY**
___ Notification of Hearing Time and Date
___ Other:

_andlww B mass_                _Mmm____ cCCI_
Inmate's Signature                        CCI Signature

Date: May 19, 2008                         BPT General Chrono

BOARD OF PRISON TERMS                                                                                          STATE OF CALIFORNIA
LIFE PRISONER HEARING = EXTRAORDINARY ACTION AND DECISION                                          BPT 1001A (REV. 10/89)

| ACTION TYPE (select one) | ☐ | Waiver of Appearance | ☐ | Request for Postponement | ☐ | Waiver of Parole Consideration Hearing – Stipulation of Unsuitability |
|---|---|---|---|---|---|---|
| HEARING TYPE (select one) | ☐ | Parole Consideration | ☐ | Progress | ☐ | Rescission | Hearing Date: DUE 11-2008 |

### WAIVER OF RIGHT TO ATTEND HEARING

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐  I do not wish to attend my Board hearing and do not wish to be represented at the hearing. The hearing will be held in my absence.

☐  I do not personally wish to attend my hearing but I do wish to be represented by counsel at the hearing.

☐  I will employ counsel to represent me at the hearing.

☐  I cannot afford counsel and wish counsel appointed to represent me.

### POSTPONEMENT

I understand that I am scheduled for the Board of Prison Terms Hearing indicated above.

☐  I hereby request that the hearing indicated above be Postponed to _____ NOV   2009 _____.
The reasons for my request for a postponement are stated below.

### WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐  I waive my right to a parole consideration hearing and I waive the right to have an attorney represent me at a hearing in my absence. I find that I am unsuitable for parole based on my reasons given on this form and therefore request that you find me unsuitable.

☐ One-year Denial          ☐ Two-year Denial          ☐ Three-year Denial

PRISONER'S REASON(S) FOR REQUEST:
(For Example: Psychiatric Evaluation Not Supportive, Programming Inadequate, Cat H Incomplete, etc.)

_____ SUBJECT  CURRENTLY  HAS  A  WRIT  OF  HABEAS  CORPUS
_____ THAT  HE  IS  AWAITING  AN  OUTCOME  HE  WOULD  LIKE
_____ TO  POSTPONE  HIS  PAROLE  CONSIDERATION  HEARING  PENDING
_____ THE  OUTCOME
_____ andrew  b mos

| Signature of Prisoner | Date  5/21/08 |
|---|---|
| andrew b moss | |
| Signature of Attorney (If applicable) | Date  5/21/08 |

Signature and Title of Witness (CDC)                                                Date
                                                      CCI                               5-21-08

| NAME | CDC NUMBER | INISTUTION | CALENDAR | DATE |
|---|---|---|---|---|
| MOSS, ANDREW | E-74525 | SAN QUENTIN | SUB 6 | DUE 11-2008 |

☐    I certify to the best of my knowledge and information, the foregoing reasons as stated by the prisoner are accurate, and that the
•      prisoner was capable of making a knowledgeable decision regarding his/her hearing.

The following information is submitted for the Board's consideration in making their decision:

_____

_____

_____

**C&PR Signature**                                                                                      **Date:**

_____

*FOR BOARD OF PRISON TERMS USE ONLY*

### DECISION / ORDER
### WAIVER OF RIGHT TO ATTEND HEARING

☐    Request is denied.

☐    Request is granted.  Hearing will be conducted in absence of prisoner.

### POSTPONEMENT

1.    ☐    Request is denied.

☐    Request is granted.  Granted based on a finding of good cause.  Place on _____ calendar.

### WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY

2.    ☐    Request is denied.

☐    Request is granted.  The Board agrees to enter into the stipulation, on a finding of good cause.  Offered by the prisoner on
the waiver of his/her Life Parole Consideration Hearing and orders a:

☐    One-year denial                    ☐    Two-year denial*                    ☐    Three-Year denial**

•    The Board must find it unreasonable to expect that the prisoner would be eligible for parole during the second, or second
Or second and third year, and the Board must state the reasons for its finding.

**    In addition to the above (*), the prisoner must have been convicted of more than one offense which involves the taking of a
life.

(The basis of the finding of good cause for postponement or multiple-year denial must be stated below.)

☐    Good cause based on the reasons given by the prisoner.

Other comments (if applicable):

_____

_____

| Signatures of BPT Commissioners | | | | |
|---|---|---|---|---|
| 1. _____ | | | Date | _____ |
| 2. _____ | | | Date | _____ |

| BPT Action taken at: | ☐ BPT Headquarters | ☐ Institution | | |
|---|---|---|---|---|
| Name | CDC Number | Institution | Calendar | Date |
| MOSS, ANDREW | E-74525 | SAN QUENTIN | SUB 6 | DUE 11-2008 |

## 1. PURPOSE OF HEARING:

The purpose of a parole consideration hearing is to determine whether you are a suitable for parole (15 CCR Secs. 2281/2402). The purpose of a progress hearing is to determine whether a parole release date should be advance (15 CCR Sec. 2269(a)). The purpose of a rescission hearing is to determine whether a parole date should be rescinded or postponed (15 CCR Sec. 2450).

## 2. RIGHT TO HEARING:

One year prior to your minimum eligible parole date a parole suitability hearing will be held (PC Sec. 3041(a)). You are entitled to a formal parole suitability hearing each year thereafter unless the hearing panel denies parole for more than one year (PC Secs. 3041(c), 3041.5 (b) (2)).

## 3. RIGHT TO BE PRESENT, SPEAK: WAIVER: CONSEQUENCE OF ABSENCE:

You have a right to attend the hearing, ask and answer questions, and speck on your own behalf (PC Sec. 3041.5(a)(2)). You may waive this right (see In re Sydney M. (1984) 162 CA3d 39, 48 (juvenile haring)). If you do not attend the hearing (unless you waive the hearing), a decision will be made in your absence (15 CCR Sec. 2248).

## 4. ATTORNEY:

You are entitled to be represented by an attorney at the hearing (except progress hearings) (PC Sec. 3041.7). You may waive that right (15 CCR Sec. 2256(b)). If you are unable to afford counsel (i.e., you have less than $1,500 in cash and/or accounts), an attorney will be provided at state expense (15 CCR Sec. 2256(c)).

## 5. NOTICE:

You will be notified of the week during which the hearing will be held at least one month before the hearing (15 CCR Sec. 2246). You will be given reasonable notice of the time, date, and place of the hearing.

## 6. WITNESSES:

At a rescission hearing you are entitled to present and confront witnesses. At parole consideration and progress hearing you are not entitled to witnesses (see PC Secs. 3041.5(a)(5), 2932 (x)).

## 7. OTHERS WHO MAY ATTEND THE HEARING:

At paroles consideration hearings the prosecutor (or representative) at the trial on the charges for which you are incarcerated will be invited to the hearing to represent the interests of the people (PC Sec. 3041.7). At parole consideration hearings notice of the hearing will also be given to the Judge, prosecutor and your attorney at your trial (PC Sec. 3042(a)). The victim or next of kin or their attorney may also attend and address the hearing panel (PC Sec. 3043).

## 8. REVIEW OF FILE: OPPORTUNITY TO PRESENT EVIDENCE:

You have the right to review non-confidential documents in your Department of Corrections central file and you may appeal insufficient disclosure. You may enter a written response to any material in the file and may present relevant documents to the hearing panel (15 CCR Secs. 2247, 2249). At a rescission hearing you may call witnesses and may request that witnesses (including adverse witnesses) or documents be subpoenaed (15 CCR Sec. 2465©).

| NAME | CDC NUMBER | INST/REGION |
|---|---|---|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

## LIFE PRISONER: NOTICE OF HEARING RIGHTS:

### 9. ASSISTANCE IN PREPARING FOR THE HRARING: ASSISTANCE IN COMMUNICATION:

You may receive reasonable assistance in preparing for the hearing. If you are unable to effectively communicate due to language difficulties or a physical or mental defect, appropriate assistance (e.g., an interpreter) will be arranged for you (15 CCR Sec. 2251).

### 10. POSTPONEMENTS:

A postponement is a delay of a hearing date requested and granted before the hearing actually starts. You may request a postponement by doing so in writing to department staff before the hearing or orally immediately prior to the hearing. Requests for postponements may be granted where good cause is found (see 15 CCR Sec. 2253). Where the hearing has already started, continuances may be granted where: (1) Insufficient information is present to determine any to determine any necessary fact (15 CCR Sec. 2238), or (2) the panel determines that a decision regarding parole cannot be made because of pending new criminal or disciplinary charges (15 CCR Sec. 2272).

### 11. IMPARTIAL PANEL:

You are entitled to a hearing by an impartial panel and may request the disqualification of one or more panel members where grounds for disqualification exist (15 CCR Sec. 2250).

### 12. RECORD: DECISION:

You are entitled to a copy of the record of the hearing upon request (15 CCR Sec. 2254). You are entitled to a copy of the decision which includes the information considered and the reasons for the decision (15 CCR Se. 2255).

Abbreviations:

    PC    = California Penal Code
    CCR   = California Code of Regulations, formerly California Administrative Code
    CA    = California Appellate Reports.

I have read and understand the list of rights and procedures (items 1 through 12, above) and I have had an opportunity to ask questions about any rights or procedures that I did not understand.

| Signature | CDC Number | Date |
|---|---|---|
| andrus B moss | E-74525 | 5-21-08 |

I explained the foregoing rights to the prisoner, provided him/her with an opportunity to ask questions, and answered all questions he or she asked

| Signature | | Date |
|---|---|---|
| M Jm'Hem    CCT | | 5-21-08 |
| Name | Title | |
| M-J McGARVEY    CCT | | |

| NAME | CDC NUMBER | INST/REGION |
|---|---|---|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

BPT 1002 (REV 9/90)                                    PAGE 2 OF 2 PAGES

**LIFE PRISONER: REQUEST FOR ATTORNEY / WAIVER OF ATTORNEY OR WITHDRAWAL OF REQUEST**

| Date of hearing: | Time of Hearing | Type of Hearing |
|---|---|---|
| DUE 11-2008 | T.B.D. | SUB 6 |

Please complete and return as instructed by staff as soon as possible but no later than 5 days after receipt.

## REQUEST FOR ATTORNEY

☐    I request the assistance of an attorney at my hearing.

    1.    ☐    I have or can retain my own attorney. The attorney is:

Attorney's Name                                                                                 Telephone Number

Attorney's Address

Signature of Prisoner                              CDC Number                       Date

    2.  ☐    I wish to have the state provide an attorney to assist me. 1 declare under penalty of perjury that I am indigent (I have less than $1,500 in cash and/or accounts, Title 15 CCR§2256© and cannot afford an attorney.

## WAIVER OF ATTORNEY

☑    I waive my right to have an attorney.

On ___5/4/08_____ (Date), I was informed that I have been scheduled to appear before the BOARD OF PRISON TERMS for a hearing. I was also informed of my right to be represented by an attorney at my Board hearing. I know that if I am indigent and cannot afford to retain an attorney the state will appoint an attorney to represent me at state expense. Knowing this, I have decided that **I DO NOT** wish the assistance of an attorney at my Board hearing.

| Signature of Prisoner | CDC Number | Date |
|---|---|---|
| andrew B moss | E-74525 | 5/4/08 |

## WITHDRAWL OF REQUEST FOR AN ATTORNEY

☐    I withdraw my request for an attorney.

I have reconsidered my request for an attorney at my Board hearing and have decided that **I DO NOT** wish to have the assistance of an attorney at my Board hearing. This decision to withdraw my request for an attorney is not being made as a result of any promises or duress. I know that if I withdraw my request for an attorney, I will not be able to later request an attorney again for this hearing.

Signature of Prisoner                              CDC Number                       Date

| NAME | CDC NUMBER | INISTITUTION |
|---|---|---|
| **MOSS, ANDREW** | **E-74525** | **SAN QUENTIN** |

BPT 1003 (REV 9/90)

## I. PRE-INTERVIEW FILE REVIEW (STAFF ONLY)

I acknowledge that I have reviewed all relevant and reasonably available central file and/or field file information prior to first contact with the inmate/parolee involved in this parole proceeding. For revocation proceedings, this file review must include, at the minimum, a review of the CDC Form 611 (revised 05/01) or a Parolee Disability Review Sheet (PDRS) and attached documents, if any.

Print Name: __M. J. McGARVEY__    Sign Name: __MJMV__    Date: __5-21-08__

Identified Disabilities

☐ Mental Health Concerns (Circle One)  CCCMS   EOP   MHCB   DMH   128C dated:_____

☐ Developmental Disability (Circle One)  DD1   D1A   DD2   DD3  128C-2 dated: _____

☐ Physical Disability (Circle all that apply) (verified on CDC Form 1845 ) Dated _____

    Mobility (DPW / DPO / DPM / DNM)  Vision: (DPV/DNV)  Hearing: (DPH / DNH)  Speech: (DPS / DNS)

☐ Other Disability (that may limit access): _____ documented on_____ dated: _____

☐ Learning Disability documented on_____ dated: _____

☒ NO DISABILITIES IDENTIFIED FROM THE FILE REVIEW.

*********************************************************************************

Other Potential Assistance Needs:_____

☒ Reading Level __11.2__ Total GPL _____ (If not available, note "N/A")

☐ Non-English Speaking (List language(s) inmate/parolee speaks):_____

## II. INMATE/PAROLEE RIGHTS & SELF IDENTIFICATION

You have a right to receive help for your hearing. If you need help talking, reading, hearing, seeing, understanding or getting to your hearing, you have a right to that help. You have a right to receive help in meeting with your attorney. If you do not speak English, you have a right to an interpreter. If you are deaf and use sign language, you have a right to a sign language interpreter. If you cannot read, the BPT or CDC must provide you with help to read the forms and papers. If you need special transportation, the BPT or CDC must provide it for you.

Check all that apply:

☐ I need help reading my documents.
☐ I need help understanding the procedures and forms.
☐ I need a sign language interpreter.
☐ I need a wheelchair and I  ☐ do have one.  ☐ do not have one.
☐ I do not speak English and need an interpreter in _____
                                    (language)

☐ I need the following help to hear _____
☐ I need the following help to see _____
☐ I need to communicate in writing.

☐ Other_____

☒ I do not need any help for my parole hearing.

X __andrew B moss__        __E-74525__        X __5/21/08__
Inmate/Parolee Signature        CDC #        Date Signed

## III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)

I have informed inmate/parolee of his/her rights and charges, if any, and have determined that he/she:

☒ Appears to understand        ☐ Appears to have difficulty understanding

☐ Effective Communication Method Used: (Foreign language interpreter, sign language interpreter, read/spoke slowly, assistive device, etc.)

Additional Comments:_____

__M. J. McGARVEY__        __MJMV__        __5-21-08__
Staff Name and Title (please print)        Staff Signature        Date

## IV. BPT REVIEW FOR INTERNAL USE ONLY (Non-Lifer Cases)

Accommodation(s)/Assistance to be provided at hearing(s): _____

_____

Staff Name and Title (please print)        Staff Signature        Date

| NAME | CDC # | TYPE OF HEARING | DATE OF HEARING | LOCATION |
|------|-------|-----------------|-----------------|----------|

(REV. 10/04)

## I. PRE-INTERVIEW FILE REVIEW (STAFF ONLY)

This section requires completion of a file review to determine whether or not the inmate/parolee (I/P) needs assistance with effective communication or has a disability which needs to be accommodated at the parole proceeding. The staff member shall print his/her name and date the form to acknowledge completion of the file review. (In revocation proceedings, the Agent must ensure either the CDC 611 (05/01 or later) OR a Parolee Disability Review Sheet is in the field file.)

When initiating the form, it is important for the staff member to first write the I/P's name, CDC number, the type of parole proceeding, and the institution/region/county jail where the I/P is located at the bottom of the form. When completing this form, the staff member shall review the file for the corresponding source documents as indicated below and designated staff shall attach a copy when a verified/identified disability is noted.

Mental Health Concerns – check this box if a CDC 128C indicates the inmate/parole is included in the Mental Health Services Delivery System. Circle the Level of Care and write the date of the chrono.

Developmental Disability – check this box if a CDC 128C-2 indicates the I/P is included in the developmental disability program. He/she must be categorized in one of the following DDP categories: DD1, D1A, DD2 or DD3. Circle the appropriate code and write the date of the chrono. (If the code is NDD or DDO, do not check this box.)

Physical Disability – check this box if there is a CDC 1845 which identifies a verified disability. Circle the appropriate disability (there may be more than one) and write the date of the CDC 1845.

Other Disability – check this box if there is a document which states the I/P has a disability other than those identified on the forms indicated above. Write the name of the document and its date.

Learning Disability – check this box if there is a document which states the I/P has a learning disability. Write the name of the document and its date.

No Disabilities Identified from the file review. – If all of the above boxes are unchecked, check this box.
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Reading Level – Check the box and write the I/P's reading level (if available) and his/her total grade point level (GPL). (If neither the reading level nor the GPL are in the file, do not check the box and write N/A.)

Non-English Speaking – If the I/P's primary language is not English, check this box and write the language he/she speaks as identified in the file review.

SPECIAL NOTE: If it has been determined in Section I an accommodation and/or interpreter is required, the employee shall provide that accommodation to the I/P prior to completing Section II. Sign language interpreters must be approved by the BPT.

## II. INMATE/PAROLEE ADA RIGHTS AND SELF IDENTIFICATION

The staff member shall advise the inmate/parolee that he/she has a parole proceeding pending and the reason for the proceeding. The staff member shall read or ask the parolee to read out loud the rights statement at the beginning of this section.

The remaining portion of this section is for the inmate/parolee to disclose assistance he/she needs for the proceedings. If the parolee cannot complete this section, the staff member shall provide assistance by recording the responses given by the inmate/parolee.

## III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)

In this section, the staff member shall document his/her observations. The staff member shall document whether I/P appeared to understand his/her rights (described on the form handed out with the BPT 1073) and charges, if any. If after providing assistance for effective communication and the I/P still appears to have difficulty understanding, the staff member shall check the appropriate box. If an alternate method of communication is used, the staff member shall check the appropriate box and indicate the type of accommodation. Any observations from the interview the staff member believes are pertinent should be written in the "Additional Comments" portion of this Section.

## IV. BPT REVIEW FOR INTERNAL USE (Non-Lifers Only)

In Revocation cases where a DRU is involved, DRU staff will complete this section prior to attorney assignment and review it after the attorney consultation. In cases where a DRU is not involved, the DC will complete this section as part of their review.

Distribution:    Original-Central File. Copies – BPT, Inmate/Parolee and Field File

PRINTED ON BACK OF PAGE 1 OF BPT 1073 (FIRST PAGE OF NCR PAPER)

BOARD OF PRISON TERMS — STATE OF CALIFORNIA
REQUEST FOR REASONABLE ACCOMMODATION - GRIEVANCE PROCESS
BPT 1074 Log Number:

## INSTRUCTIONS TO INMATE OR PAROLEE

If you have already had your hearing, did not like the decision made about the kind of help given, and want a new hearing, then fill out Section C, on page 2.

## C. INMATE OR PAROLEE TO COMPLETE AFTER THE HEARING

I did not get all the help with my disability that I needed during the hearing. Earlier, I requested that help on the BPT Form 1073, or a new disability problem came up at the hearing. I need a new hearing with more help, because: ______________________________

______________________________

______________________________

______________________________

Inmate/Parolee Print Name ______ Inmate/Parolee Sign Here ______ CDC Number ______ Date ______

## D. RESPONSE TO A GRIEVANCE FILED AFTER THE HEARING

Date Received by Quality Control Unit: ___________ Type of Parole Proceeding: ___________

Decision

☐ Granted ☐ Granted with Changes ☐ Denied ☐ Dismissed

______________________________

______________________________

______________________________

______________________________

Chief Deputy Commissioner/Designee Signature ______ Date Completed ______

## E. TO INMATE OR PAROLEE

1. After the hearing the inmate, parolee, or their attorney may file the grievance, concerning denial of disability accommodations at the hearing, by mailing this form to:

   Board of Prison Terms
   Quality Control Unit
   1515 K Street, Suite 600
   Sacramento, CA 95814

2. All ADA grievances related to parole revocations shall be answered within 10 days from the time they were received at BPT.

3. All ADA grievances for life prisoners shall be answered within 30 days from the time they were received at BPT.

NAME | CDC NUMBER | TYPE OF PROCEEDING | DATE OF PROCEEDING | LOCATION



Distribution: White – C-file, Canary – ADA Coordinator, Pink – BPT ADACU, Goldenrod – Inmate/Parolee

REQUEST FOR REASONABLE ACCOMMODATION - GRIEVANCE PROCESS
BPT 1074                                                                    Log Number:

| A. | INMATE OR PAROLEE TO COMPLETE <u>BEFORE</u> THE HEARING |
| --- | --- |

You have been given a state attorney to help you in preparation for and during your hearing. Fill out this form only if you did not get the other kinds of help for your disability that you asked for on your BPT Form 1073 or if new problems came up. You can ask your attorney or staff for help in filling out this form. If you need more space attach another sheet of paper.

1. Your complaint: _____

_____

_____

2. What you want done: _____

_____

_____

Before the hearing, you should send this form as soon as possible to the <u>BPT ADA Coordinator</u> at 1515 K Street, Suite 600, Sacramento CA 95814, or give this form to a staff person, or your Attorney to send to the BPT ADA Coordinator. The decision will be sent to you within five (5) days from the date it was received by the ADA Coordinator, or before your parole proceeding (which ever comes first). Grievances received by BPT less than forty-eight (48) hours before the proceeding might not be accommodated at the parole proceeding.

X_____
   (Print name)          (Inmate or parolee sign here)    CDC Number     Date

| B. | RESPONSE TO A GRIEVANCE FILED BEFORE THE HEARING |
| --- | --- |

Date received by BPT: _____

**Decision**
☐ Granted    ☐ Granted with Changes    ☐ Denied    ☐ No Action Required

DISCUSSION OF FINDINGS: _____

_____

_____

BASIS FOR DECISION: _____

_____

_____

_____          _____
BPT ADA Coordinator/Designee Signature          Date Completed

Distribution: White – C-file, Canary – ADA Coordinator, Pink – BPT ADACU, Goldenrod – Inmate/Parolee

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA

## REQUEST FOR INTERPRETER

Please complete and return as instructed by staff as soon as possible but no later than 5 days after receipt.

I do not speak or understand the English language, and I request the assistance of an interpreter at my hearing.

| Signature | CDC Number | Date |
|-----------|-----------|------|

------------------------------------------------------------------------------------------------

## SOLICITUD PARA INTÉRPRETE

Favor de llenar como le indique el miembro del personal y devolver tan pronot  como le sea posible, en cinco días a  más tardar.

No hablo ni entiendo el idioma inglês, y solicito la ayuda de un intêrprete en mi audiencia.

| FIRMA | NUMERO DE CDC | FECHA |
|-------|---------------|-------|

| NAME | CDC NUMBER | INST/REGION |
|------|-----------|-------------|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

BPT 1079 (REV 9/1/82)

**BOARD OF PRISON TERMS**                                                              **STATE OF CALIFORNIA**

## NOTICE OF DATE, TIME AND PLACE OF HEARING

Your_____ <u>SUBSEQUENT 6</u>_____ hearing is scheduled for
                    (Type)

_____ <u>T.B.D.</u>_____ on _____ <u>T.B.D.</u>_____
                    (Time)                                    (Date)

at _____ <u>SAN QUENTIN STATE PRISON – BOARD ROOM</u>_____

_____.

**CERTIFICATE OF SERVICE**

On <u>MAY  21, 2008</u>_____

I (X) gave    ( ) mailed this notice to the prisoner/parolee.

**Signature of State Agent**                                          **Date**

_M Mr_____, Cef_                                   _5-21-08_  .

**Receipt Acknowledged** *(For Institutional Use Only)*

| Signature | CDC Number | Date |
|---|---|---|
| andrew B moss | E-74525 | 5/21/08 |

| NAME | CDC NUMBER | INST/REGION |
|---|---|---|
| MOSS, ANDREW | E-74525 | SAN QUENTIN |

BPT 1080  (REV 8/1/81)

# EXHIBIT D

This chrono is aknowledging the participation of the above named inmate, for the 3rd quarter of 2006 in Developing a Positive Attitude Group. Developing a Positive Attitude is a group that provides each member the tools in healing relationships and bringing about peace of mind. Developing a Positive Attitude Group conducts discussions on Anger Management, Family Relationships, Group Therapy. They also work on various methods of addressing substance abuse issues and learning the problem solving and conflict resolution skills needed to return to the community as law abiding and productive citizens. The group also focuses on developing a moral and ethical character and re-training their mind to make different choices in their lives to bring about a positive result.

June Fesler
Academic Instructor

Original: Central File
  cc: Inmate
      Counselor

**DATE:  02-Oct-06**         **(Laudatory Chrono)**         **GENERAL CHRONO**

---

**NAME: MOSS**         **CDC# E74525**         **HOUSING:  4  N  027U**

The above named inmate facilitated Module 1, Sessions 1-3, of the T.R.U.S.T. (*Teaching Responsibility by Utilizing Sociological Training*) for the Development of Incarcerated Men. Session 1 consists of weekly workshops (four weeks, three hours each) and includes Session 1(a) **Self-Assessment & Self-Evaluation;** 1(b), **Human Development;** and 1(c), **Self-Esteem/Self-Image.** Session 2 focused on **Substance Abuse and Lifestyle,** while Session 3 consisted of workshops dealing with **Associations, Hustling and Crime** – along with **Old Value Systems.** In collaboration with sponsors from the University of San Francisco (e.g., professional sociologists, criminologists, psychologists, and other trained facilitators) facilitators research related material and construct presentation, assisting participants in seeking to identify, examine, and evaluate their values and behavior in a nondestructive manner. Facilitators teach participants how these issues affect their family, community, and self. Facilitators assist participants to examine and discuss the importance of creating a positive environment for themselves, their families and their communities.

Dr. G. Mendez, Ph. D
Executive Director

K. Richman, Ph. D.
S.Q. T.R.U.S.T. Executive Advisor
USF Dept of Sociology

Original: Central File
cc: Inmate
Counselor

DATE:  20-Nov-06         **Laudatory Chrono**

---

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC 128-B

**NAME AND NUMBER    MOSS         E74525         4N027U**

Inmate **MOSS, E74525,** has been an active **Fourth Quarter** participant in an advanced restorative justice group at San Quentin called The Next Step. The Next Step program is an outgrowth of the V.O.E.G. 20 WEEK program where inmates voluntarily meet weekly to address issues of offender accountability and victim impact in relation to their own crimes. The Next Step allows participants to deepen and broaden their understanding of the materials and allows them to integrate more fully the tools to allow them to make the necessary and lasting changes in their lives. In addition to self-education, The Next Step also works to educate others in the greater San Quentin Community about restorative justice as well as others in the large community outside of San Quentin through workshops and dialogues. Inmate **MOSS,** should be commended on his ongoing commitment to this process and to his own personal healing. Inmate **MOSS** is a valued member of The Next Step for this **Fourth Quarter.**

CC: C-File
    INMATE

Rochelle Edwards M.S., MFT

**Tuesday, December 19, 2006**         **INFORMATIONAL CHRONO**

**NAME AND NUMBER  MOSS**                    **E74525**          **4N027U**

This is to acknowledge that Inmate **MOSS, E74525,** has completed **68** that equal **136** hours in the advanced Victim Offender Education Group called the "Next Step". The Next Step allows inmates to continue to focus on the principles of Restorative Justice related to offender accountability and victim impact. In addition, it encourages participants to utilize the tools learned regarding these issues and incorporate them into their everyday lives at the prison and with their loved ones. Inmates in the Next Step group are committed to living a life of non-violence, authentic communication, conflict resolution and personal accountability. Inmate **MOSS** should be commended for his participation in this program.

CC: C-File
INMATE            Rochelle Edwards M.S., MFT

**TUESDAY, DECEMBER 27, 2006**        **4TH QUARTER**      **INFORMATIONAL CHRONO**

**NAME and NUMBER**      **MOSS**            **E74525**      **4-N-027U**      CDC-128-B(Rev.4/74)

This chrono is aknowledging the participation of the above named inmate, for the 4th quarter of 2006 in Developing a Positive Attitude Group. Developing a Positive Attitude is a group that provides each member the tools in healing relationships and bringing about peace of mind. Developing a Positive Attitude Group conducts discussions on Anger Management, Family Relationships, Group Therapy. They also work on various methods of addressing substance abuse issues and learning the problem solving and conflict resolution skills needed to return to the community as law abiding and productive citizens. The group also focuses on developing a moral and ethical character and re-training their mind to make different choices in their lives to bring about a positive result.

Original: Central File
cc: Inmate                June Fesler
Counselor              Academic Instructor

**DATE: 18-Jan-07**            **(Laudatory Chrono)**            **GENERAL CHRONO**

**NAME AND NUMBER**      MOSS,      ANDREW      E74525    4N030U          CDC 128 B Rev. 4/74

Inmate MOSS has been a solid participant of "KATARGEO" – San Quentin's longest running Rehabilitation Program, as sponsored by the Insight Prison Project. The central themes are personal responsibility and radical accountability.   The curriculum provides a group-therapy setting that deals with the topics of anger management, impulse control training and substance abuse. It also provides training in self-confrontation and anchors these insights into actual behavioral changes.  Finally, it teaches social skills geared towards the re-integration of the inmate into society. MOSS weekly attendance and participation during the **Fourth Quarter of 2006** has met, if not exceeded, the standards set forth by the program director.  We commend Inmate MOSS for his level of motivation.

CC:    C-File                      J. Verduin, MA              K. J. Williams, Captain Unit III
Unit III Counselor            Facilitator                Inmate Program Coordinator
Inmate                                          San Quentin State Prison

**DATE**  January 22, 2007                                          **GENERAL CHRONO**

**NAME AND NUMBER  MOSS        E74525        4N027U**

This is to acknowledge that Inmate **MOSS, E74525,** has completed **78** that equal **156** hours in the advanced Victim Offender Education Group called the "Next Step". The Next Step allows inmates to continue to focus on the principles of Restorative Justice related to offender accountability and victim impact. In addition, it encourages participants to utilize the tools learned regarding these issues and incorporate them into their everyday lives at the prison and with their loved ones. Inmates in the Next Step group are committed to living a life of non-violence, authentic communication, conflict resolution and personal accountability. Inmate **MOSS** should be commended for his participation in this program.

CC: C-File
    INMATE

_R. Edwards_
Rochelle Edwards M.S., MFT

**TUESDAY, MARCH 27, 2007**          **1ST QUARTER**          **INFORMATIONAL CHRONO**

---

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-67)

**NAME and NUMBER        MOSS                        E-74525        CELL:    4N27L**

It should be acknowledged that inmate MOSS E-74525, continues to be a Victim Offender Education Group (V.O.E.G.) STEWARD. As a STEWARD, inmate MOSS has accepted the responsibility of being a leader and role model for others involved in the V.O.E.G. program. His responsibilities include educating and supporting other inmates in areas of accountability for their crime, victim impact and offending behavior. Mr. MOSS achieved the status of STEWARD through his ongoing hard work and dedication to the program and his exemplary behavior. As a STEWARD, Mr. MOSS educates inmates, free staff, Correctional Staff and professionals about the V.O.E.G. program and Restorative Justice programs within corrections. Mr. MOSS should be acknowledged for his leadership role within the prison population and helping both victims and offenders heal from the impact of crime.

ORIG  :  C-File
cc    :  INMATE
         Writer

**DATE**    4/3/07

_R. Edwards_
**Rochelle Edwards, M.S., MFT**
**Victim Offender Education Group**
**Facilitator**

**LAUDATORY CHRONO**

---

**NAME: MOSS**                **CDC#: E74525**            **HOUSING:  4 N  027U**

Inmate MOSS        participated in an August 29, 2006, donation of $500 to provide 45 uniforms for low income children form the West Contra County Unified School District. The donation was a joint effort between the San Quentin T.R.U.S.T. (*Teaching Responsibility Utilizing Sociological Training*) for the Development of Incarcerated Men, the incarcerated men from the City of Richmond, and the Richmond Improvement Association. The donation spurred matching commitments from the Richmond Police Department, Community Leaders, and businesses. The University of San Francisco donated an additional $600 for school supplies. These donations brought the total amount raised to more than $8,000. Inmate MOSS        should be commended for showing himself as an asset to the community.

_A. Shumake_
Rev. A. Shumake
Richmond Improvement Assoc.

_S. Robinson_
S. Robinson, CCII.
Chief Sponsor

Original: Central File
cc: Inmate
    Counselor

DATE: April 9, 2007              **Laudatory Chrono**

This chrono is aknowledging the participation of the above named inmate, for the 1st quarter of 2007 in Developing a Positive Attitude Group. Developing a Positive Attitude is a group that provides each member the tools in healing relationships and bringing about peace of mind. Developing a Positive Attitude Group conducts discussions on Anger Management, Family Relationships, Group Therapy. They also work on various methods of addressing substance abuse issues and learning the problem solving and conflict resolution skills needed to return to the community as law abiding and productive citizens. The group also focuses on developing a moral and ethical character and re-training their mind to make different choices in their lives to bring about a positive result.

Original: Central File
    cc:  Inmate
         Counselor

June Fesler
Academic Instructor

**DATE:  03-May-07**             **(Laudatory Chrono)**                    **GENERAL CHRONO**

- - - - - - - - - - - - - - - - - - - - - -

**NAME AND NUMBER**      MOSS,        ANDREW   E74525   4N027U              CDC 128 B Rev. 4/74

Inmate MOSS has been a solid participant of "KATARGEO" – San Quentin's longest running Rehabilitation Program, as sponsored by the Insight Prison Project. The central themes are personal responsibility and radical accountability. The curriculum provides a group-therapy setting that deals with the topics of anger management, impulse control training and substance abuse. It also provides training in self-confrontation and anchors these insights into actual behavioral changes. Finally, it teaches social skills geared towards the re-integration of the inmate into society. MOSS weekly attendance and participation during the **first quarter of 2007** has met, if not exceeded, the standards set forth by the program director. We commend Inmate MOSS for his level of motivation.

CC:    C-File
       Unit III Counselor
       Inmate

J. Verduin, MA
Facilitator.

L. Bowman
Inmate Program Coordinator
San Quentin State Prison

**DATE**  05/08/07                                               **GENERAL CHRONO**

**NAME:  MOSS**            **CDC#: E74525**            **HOUSING:  4 N  027U**

This Chrono is to acknowledge that inmate MOSS         participated in my Anger Management program at San Quentin State Prison, attending ___6___ of the ___8___ sessions from September 2006 to December 2006. This intensive program teaches concepts leading to an understanding of how anger is generated and how to use effective coping strategies to reduce levels of anger and resolve conflicts even in provocative situations.

Peter Richman, Ph.D.
Sponsor

Original: Central File
cc: Inmate
Counselor

**NAME and NUMBER**    MOSS         E74525    4-N-027U         CDC-128-B(Rev.4/74)

This chrono is aknowledging the participation of the above named inmate, for the 2nd quarter of 2007 in Developing a Positive Attitude Group. Developing a Positive Attitude is a group that provides each member the tools in healing relationships and bringing about peace of mind. Developing a Positive Attitude Group conducts discussions on Anger Management, Family Relationships, Group Therapy. They also work on various methods of addressing substance abuse issues and learning the problem solving and conflict resolution skills needed to return to the community as law abiding and productive citizens. The group also focuses on developing a moral and ethical character and re-training their mind to make different choices in their lives to bring about a positive result.

Original: Central File
    cc:  Inmate
         Counselor

June Fesler
Academic Instructor

**DATE:  02-Jul-07**          **(Laudatory Chrono)**          **GENERAL CHRONO**

---

**NAME AND NUMBER**    ANDREW,   MOSS      E74525    4N027U        CDC 128 B Rev. 4/74

Inmate ANDREW has been a solid participant of "KATARGEO" – San Quentin's longest running Rehabilitation Program, as sponsored by the Insight Prison Project.  The central themes are personal responsibility and radical accountability.  The curriculum provides a group-therapy setting that deals with the topics of anger management, impulse control training and substance abuse.  It also provides training in self-confrontation and anchors these insights into actual behavioral changes.  Finally, it teaches social skills geared towards the re-integration of the inmate into society.  ANDREW weekly attendance and participation during the **second quarter of 2007** has met, and exceeded, the standards set forth by the program director.  We commend Inmate ANDREW for his level of motivation.

CC:    C-File                    J. Verduin, MA            L. Bowman
       Unit III Counselor        Facilitator               Inmate Program Coordinator
       Inmate                                              San Quentin State Prison

**DATE**  07/06/07                                          **GENERAL CHRONO**

---

**NAME: MOSS**              **CDC#: E74525**          **HOUSING:  4 N  027U**

Inmate MOSS       has remained an active member of the San Quentin T.R.U.S.T. (*Teaching Responsibility Utilizing Sociological Training*) for the Development of Incarcerated Men throughout the third quarter of 2007.  As a member, he is responsible for participating in workshops, annual Health Fairs, Fund Raisers, Awards Ceremonies, and all other functions of the San Quentin T.R.U.S.T. Inmate  MOSS       is also responsible for being a mentor to incarcerated men and a role model to his peers, staff, and community members at all times.  He must also facilitate workshops designed to teach and assist incarcerated men to become responsible, functional and healthy assets to their communities.  His continued membership reinforces his dedication to self-improvement as well as the improvement of the condition of incarcerated men and the outside community.  His continued membership in a firm, demanding and selective group with high standards demonstrates his sincere commitment to the organization's developmental objectives. Inmate  MOSS       should       be commended for his devotion to himself and others.

Garry A. Mendez, Ph. D
National Executive Director

CCII S. Robinson,
Chief Sponsor

Original: Central File
cc: Inmate

**NAME: MOSS**                    **CDC#: E74525**              **HOUSING: 4 N 027U**

Inmate MOSS         has remained an active member of the San Quentin T.R.U.S.T. (*Teaching Responsibility Utilizing Sociological Training*) for the Development of Incarcerated Men throughout the third quarter of 2007. As a member, he is responsible for participating in workshops, annual Health Fairs, Fund Raisers, Awards Ceremonies, and all other functions of the San Quentin T.R.U.S.T. Inmate MOSS         is also responsible for being a mentor to incarcerated men and a role model to his peers, staff, and community members at all times. He must also facilitate workshops designed to teach and assist incarcerated men to become responsible, functional and healthy assets to their communities.   His continued membership reinforces his dedication to self-improvement as well as the improvement of the condition of incarcerated men and the outside community.  His continued membership in a firm, demanding and selective group with high standards demonstrates his sincere commitment to the organization's developmental objectives. Inmate MOSS         should        be commended for his devotion to himself and others.

Garry A. Mendez, Ph. D                    CCII S. Robinson,
National Executive Director               Chief Sponsor

Original: Central File
cc: Inmate
    Counselor

DATE:  August 3, 2007                     **Laudatory Chrono**

**NAME and NUMBER**    **MOSS**          **E74525**     **4-N-027U**          CDC-128-B(Rev.4/74)

This chrono is aknowledging the participation of the above named inmate, for the 3rd quarter of 2007 in Developing a Positive Attitude Group. Developing a Positive Attitude is a group that provides each member the tools in healing relationships and bringing about peace of mind. Developing a Positive Attitude Group conducts discussions on Anger Management, Family Relationships, Group Therapy. They also work on various methods of addressing substance abuse issues and learning the problem solving and conflict resolution skills needed to return to the community as law abiding and productive citizens. The group also focuses on developing a moral and ethical character and re-training their mind to make different choices in their lives to bring about a positive result.

Original: Central File
    cc: Inmate
        Counselor

                                          June Fesler
                                          Academic Instructor

**DATE:  14-Sep-07**          **(Laudatory Chrono)**          **GENERAL CHRONO**

**DECLARATION OF SERVICE BY MAIL**
(Moss v. Ayers, case number C 08-2891 PJH (PR))

I, Andrew Bernard Moss, declare that I am over the age of eighteen (18) years; I am a party to the attached action; I served the attached document entitled: **PETITIONER'S REPLY TO THE DISTRICT COURT'S JUNE 16, 2008, ORDER FOR PETITIONER TO SHOW CAUSE** on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendered said envelope to the staff of San Quentin State Prison entrusted with the logging and mailing of inmate legal mail addressed as follows:

State of California
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

There if First Class mail delivery service by the United States Post Office between the place of mailing and the address indicated above.

I declare under the penalty of perjury laws of the United States and the State of California that the foregoing is true and correct and that I executed this service this 14th day of July 2008, in San Quentin, California.

Andrew B Moss
Andrew Bernard Moss
Declarant

ANDREW B MOSS E·74525
S.Q.S.P. 4N27 U
SAN QUENTIN CA 94964

CONFIDENTIAL



0000

OFFICE OF TI

NORTHERN

450 G(

SAN FRAN(

LEGAL MAIL

CONFIDENTIAL





U.S. POSTAGE
PAID
SAN QUENTIN.CA
94964
JUL 16.'08
AMOUNT

$0.00
00022457-02

94102

CONFIDENTIAL

IE CLERK U.S. DiSTRic COURT

DiSTRic OF CALIFORNiA

olden GATE AVENUE

Lisco CA 94102

7-15-8