UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW BERNARD MOSS,

        Petitioner,

  vs.

ROBERT L. AYERS, JR.,

        Respondent.

No. C 08-2891 PJH (PR)

**ORDER OF DISMISSAL**

      This is a habeas case brought pro se by a state prisoner. The petition is directed to petitioner's conviction of violating a prison rule against possession of a controlled substance. Among the sanctions imposed for violation of the rule was a loss of 130 days of good time. Petitioner asserts that his due process rights were violated when the institution did not send the marijuana for testing until forty-five days after it was seized and thirty days after he and his cellmate tested positive for THC, the active ingredient in marijuana, and that there was not "some evidence" to support his conviction for violating a rule against possession and distribution of a controlled substance.

      In its initial review the court noted that petitioner is serving a sentence of seven years to life, and expressed doubt that the loss of 130 days of good time would necessarily have any effect upon the length of his sentence. Because habeas traditionally can be used only to attack the fact of one's confinement or the length of that confinement, the court ordered petitioner to show cause why the case should not be dismissed as not properly brought in habeas. Petitioner has filed an excellent response.

      In his response petitioner relies primarily upon *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004). In *Docken* the court stated that although traditionally challenges to prison conditions have been cognizable only via a § 1983 civil rights action, while challenges

implicating the fact or duration of confinement must be brought through a habeas petition, the two remedies are not always mutually exclusive. *Id.* at 1026, 1031; *see also id.* at 1027 n.2. The actual holding in *Docken* is: "when prison inmates seek only equitable relief in *challenging aspects of their parole review* that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute." *Id.* at 1031 (emphasis added). Because the petition here does not challenge a parole review proceeding, it may be that *Docken* does not apply. This is a difficult question, however, and it is one that need not be answered, because the petition must be dismissed for failure to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes. "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

Petitioner's first issue is his contention that his due process rights were violated when the institution did not send the marijuana for testing until forty-five days after it was seized and thirty days after he and his cellmate tested positive for THC, the active ingredient in marijuana. The United States Supreme Court has not recognized any due

2

process right to have evidence in prison disciplinary proceedings tested with any particular speed, and the California regulations petitioner cites are, of course, not relevant to the question whether a federal due process right was violated. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). Petitioner's allegations as to his first issue therefore are not sufficient to show a real possibility of constitutional error. *See* 28 U.S.C. § 2254(d) (court may grant federal habeas relief only if the state courts' rejections of the claim were contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority).

Petitioner's second issue is a contention that the conviction was not supported by "some evidence." In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the revocation of good-time credits does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record. The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. *Id.* at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *Id.* The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Id.*

The evidence supporting the conviction was (1) the report by the officer who seized the marijuana saying that he found it in petitioner's tennis shoe;(2) the toxicological report saying that the substance was marijuana, and (3) the lab report saying that petitioner tested positive for THC, the active ingredient in marijuana. Petitioner says that because the reporting officer did not note his confiscation of the tennis shoes and the marijuana on the search receipt, as allegedly required by DOCR procedures, doubt is cast on the evidence that it was found in his shoe. This ignores that the officer wrote a rules violation report regarding the contraband, and in any event *Hill* does not require an examination of the entire record; rather, a court reviewing for "some evidence" must focus on the evidence

3

supporting the outcome.  Petitioner also ignores the undisputed fact that he tested positive for THC, which tends to support the conclusion that he possessed the contraband.  On petitioner's own allegations, there was more than "some evidence" to support the disciplinary conviction.

Petitioner's second contention therefore is not sufficient to show a real possibility of constitutional error.  The petition will be summarily dismissed.  *See Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring) ("Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal.").

## CONCLUSION

For the reasons discussed above, this case is **DISMISSED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  July 28, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\MOSS2891.dsm.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDREW B MOSS ,

        Plaintiff,

  v.

ROBERT L AYERS JR,

        Defendant.

Case Number: CV08-02891 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Bernard Moss E-74525
San Quentin State Prison
4-N-27 Up
San Quentin, CA 94964

Dated: July 29, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk