ORIGINAL

1  Andrew Bernard Moss
   CDCR # E-74525
2  4-N-27
   San Quentin State Prison
3  San Quentin, CA 94964

4  Petitioner In Pro Se

5

6

7

FILED

08 AUG 12 PM 2:57

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8              UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  Andrew Bernard Moss,                )    No. C 08-2891 PJH (PR)
                                        )
11              Petitioner,             )    MOTION FOR
                                        )    RECONSIDERATION;
12                                      )    MEMORANDUM OF POINTS AND
                                        )    AUTHORITIES
13         v.                           )
                                        )
14  Robert L. Ayers, Jr., Warden,       )
                                        )
15              Respondent.             )
    _____)

16      Pursuant to Federal Rules of Civil procedure, Rule 59(e),

17  petitioner moves the Court for a reconsideration of its July

18  28, 2008 Order of Dismissal ("Dismissal") and Judgment summarily

19  dismissing petitioner's petition for writ of habeas corpus

20  in the above-entitled action.

21      Petitioner contends that because the Court is required

22  make its Rule 4, Rules Governing Section 2254 Cases inquiry in

23  its initial review of the Petition, the Court's summary

24  dismissal of the Petition after ordering petitioner to 'show

25  cause why the case should not be dismissed as not properly

26  brought in habeas', was untimely made and amounts to an abuse

27  of the Court's discretion. In light of the Court's error,

28  petitioner requests the Court to reconsider her July 28, 2008

                            1

1  Dismissal and Judgment, vacate said Dismissal and Judgment,

2  reopen petitioner's habeas case, and direct respondent to answer

3  the Petition.

4      This request is made base upon the attached memorandum

5  of points and authorities, attached exhibits, and for good

6  cause shown.

7  Date: August 8, 2008                    Respectfully Submitted,

8                                          _Andrew B Moss_
                                           Andrew Bernard Moss
9                                          Petitioner In Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**
(Moss v. Ayers, case number C 08-2891 PJH (PR))

### INTRODUCTION

On June 9, 2008, petitioner filed a federal petition for writ of habeas corpus with this Court therein challenging a prison disciplinary report and the subsequent disciplinary findings against petitioner. In return, on June 16, 2008, the Court "ordered petitioner to show cause why the case should not be dismissed as not properly brought in habeas." See, Exhibit "A" at 1.

Petitioner filed his "Reply To The District Court's June 16, 2008 Order For Petitioner To Show Cause" ("Reply") specifically addressing the Court's concern and demonstrated for the Court how expungement of the disciplinary conviction from petitioner's record and the return of petitioner's loss good time will necessarily affect petitioner's duration of confinement.

Subsequently, on July 28, 2008, the Court issued its Dismissal therein refusing to reach the merits of the Court's OSC and petitioner's Reply, SEE Exhibit "B" at 2:6-8, and instead summarily dismissed the Petition pursuant to Rule 4 of Rules Governing Section 2254 Cases ("Rule 4"). SEE, Exhibit "B" at 2-4.

Pursuant to Federal Rules of Civil Procedure, Rule 59(e), petitioner now seeks reconsideration of the Court's July 28, 2008 Dismissal and Judgment on the basis that the Court committed "clear error."

///

3

1 | **STANDARD OF REVIEW**

2 |     Under **Federal Rules of Civil Procedure**, **Rule 59(e)** ("Rule

3 | 59(e)"), judgment amendments are appropriate if the district

4 | court "(1) is presented with newly discovered evidence, (2)

5 | committed clear error or the initial decision was manifestly

6 | unjust, or (3) if there is an intervening change in controlling

7 | law." **In re Syncor ERISA Litigation**, 516 F.3d 1095, 1100 (9th

8 | Cir. 2008).

9 | **LAW AND ARGUMENT**

10 | **I.**

11 | **THE COURT ERRED BY ITS UNTIMELY DISMISSAL OF PETITIONER'S**
    **PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO RULE 4 OF THE**
12 | **RULES GOVERNING SECTION 2254 CASES**

13 |     Acting on the instant Petition, on June 16, 2008, the

14 | Court ordered petitioner to show cause why the case should

15 | not be dismissed as not properly brought in habeas." See,

16 | Exhibit "A" at 1. After receiving petitioner's Reply addressing

17 | the Court's concerns, the Court, applying Rule 4, dismissed

18 | the Petition and expressly refused to reach the merits of

19 | petitioner's argument to the Court's OSC.

20 |     Rule 4 provides for a federal habeas court's summary

21 | dismissal of a habeas corpus petition which, from the face

22 | of the petition, appears that the habeas petitioner is not

23 | entitled to relief. To wit, Rule 4 instructs:

24 |     The clerk must promptly forward the petition to a judge
    under the court's assignment procedure, and the judge
25 |     must promptly examine it. If it plainly appears **from the**
    **face** of the petition and any attached exhibits that the
26 |     petitioner is not entitled to relief in the district court,
    the judge **must** dismiss the petition and direct the clerk
27 |     to notify the petitioner. If the petition is not dismissed,
    the judge **must** order the respondent to file an answer,
28 |

1           motion, or other response within a fixed time, or to take
2           other appropriate action the judge may order.

3 Id. (emphasis added) A federal court's summary dismissal of

4 a habeas corpus petition in accordance with Rule 4 must be

5 an initial, or first, action by the court. In other words,

6 if a federal court fails to dismiss a habeas petition from

7 the outset, Rule 4 dismissal is foreclosed and the court must:

8 (1) order the respondent to file an answer, motion, or other

9 response; or, (2) take other action the court deems necessary.

10 Ibid. Several appellate courts have glossed over the issue

11 and affirm Rule 4 dismissal as being a federal court's first

12 action. See, for example, **Scott v. Collins**, 286 F.3d 923, 930

13 (6th Cir. 2002) ("Rule 4 permits sua sponte court action only

14 as an **initial** matter.") (emphasis added); **Hill v. Braxton**,

15 277 F.3d 701, 705 (4th Cir. 2002) ("Rule 4 addresses § 2254

16 petitions that are meritless on their face.") (emphasis added).

17     The terms "from the face" and "summary dismissal" in Rule

18 4 are unequivocal. **Black's Law Dictionary**, (9th ed. 2006)

19 defines face as "2. By extension, the apparent or explicit

20 part of a writing or record" and summary as "3. Immediate;

21 done without delay." In light of the appellate court decisions

22 examining Rule 4 application and the precise meaning of the

23 terms from the face and summary dismissal, there can be no

24 ambiguity as to Rule 4's operation: a federal court utilizing

25 a Rule 4 dismissal must do so as an initial matter, otherwise

26 such authority lapses. See, Scott, supra 286 F.3d at 930 ("In

27 short, Rule 4 gives a district court the ability to dismiss

28 habeas petitions sua sponte, but that ability expires when

1    the judge orders a respondent to file an answer or take other
2    appropriate action.").[1]/

3        In the instant case, this Court did not dismiss the
4    Petition as an initial matter, on the contrary, as conceded
5    by the Court, the Court "ordered petitioner to show cause why
6    the case should not be dismissed as not properly brought in
7    habeas." Exhibit "A" at 1. Indeed, this was the Court's central
8    and sole concern. Therefore, after conducting its preliminary
9    review, when the Court issued its OSC to petitioner, this was
10   the Court's equivalent determination that the Petition survived
11   Rule 4 dismissal.

12       It may very well be argued that the Court retained liberty
13   to subject the Petition to Rule 4 dismissal after ordering
14   'petitioner to show cause why the case should not be dismissed
15   as not properly brought in habeas,' and after receipt of
16   petitioner's Reply; however, a closer examination undermines
17   any such argument. That is, if the Petition did not state facts
18   which point to a 'real possibility of constitutional error,'
19   the issue of whether the case was properly brought in habeas
20   or not would be moot. In other words, petitioner addressing
21   the Court's concern as to whether habeas was proper would serve
22   absolutely no purpose as the Petition itself would have stated
23   no grounds on which the Court could grant relief. However,

24
25   [1]/ A district court ordering a respondent to answer a habeas
     petition, or, ordering a petitioner to engage in further
26   litigation as was done in the instant case, is immaterial.
     The gist of Rule 4 dismissal is that it be clear from the face
27   of the habeas petition that it does not state facts in which
     relief can be granted, and, as a result, the district court
28   summarily dismisses the petition as its first response.

1 | the Court's interests in ascertaining whether the case was
2 | properly brought in habeas, in and of itself proves the Petition
3 | survives Rule 4.

4 |     Accordingly, the Court erred by untimely dismissing the
5 | Petition under Rule 4, and such dismissal amounts to an abuse
6 | of discretion[2/] and 'clear error' under Rule 59(e) thus
7 | warranting the Court's reconsideration.

8 | **CONCLUSION**

9 |     In light of the foregoing, petitioner respectfully requests
10 | the Court: (1) grant the instant motion to reconsider; (2)
11 | vacate its July 28, 2008 dismissal and judgment; (3) reopen
12 | petitioner's habeas case; and, (4) direct respondent to answer
13 | the petition for writ of habeas corpus.

14 | Date: August 8, 2008              Respectfully Submitted,

15 |

                          Andrew Bernard Moss
16 |                           Petitioner In Pro Se

---

[2/] Based upon the foregoing facts and arguments, and the Ninth
Circuit's observation in **Bateman v. United States Postal
Service**, 231 F.3d 1220, 1223 (9th Cir. 2000) ("A district court
abuses its discretion if it does not apply the correct law
or if it rests its decision on a clearly erroneous finding
of material fact."), petitioner submits the Court abused its
discretion with its untimely Rule 4 dismissal of the Petition.

# EXHIBIT A

ORIGINAL
FILED

JUL 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW BERNARD MOSS,

        Petitioner,

    vs.

ROBERT L. AYERS, JR.,

        Respondent.

      No. C 08-2891 PJH (PR)

      **ORDER OF DISMISSAL**

        This is a habeas case brought pro se by a state prisoner. The petition is directed to petitioner's conviction of violating a prison rule against possession of a controlled substance. Among the sanctions imposed for violation of the rule was a loss of 130 days of good time. Petitioner asserts that his due process rights were violated when the institution did not send the marijuana for testing until forty-five days after it was seized and thirty days after he and his cellmate tested positive for THC, the active ingredient in marijuana, and that there was not "some evidence" to support his conviction for violating a rule against possession and distribution of a controlled substance.

        In its initial review the court noted that petitioner is serving a sentence of seven years to life, and expressed doubt that the loss of 130 days of good time would necessarily have any effect upon the length of his sentence. Because habeas traditionally can be used only to attack the fact of one's confinement or the length of that confinement, the court ordered petitioner to show cause why the case should not be dismissed as not properly brought in habeas. Petitioner has filed an excellent response.

        In his response petitioner relies primarily upon *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004). In *Docken* the court stated that although traditionally challenges to prison conditions have been cognizable only via a § 1983 civil rights action, while challenges

United States District Court
For the Northern District of California

1   implicating the fact or duration of confinement must be brought through a habeas petition,

2   the two remedies are not always mutually exclusive. *Id.* at 1026, 1031; *see also id.* at 1027

3   n.2. The actual holding in *Docken* is: "when prison inmates seek only equitable relief in

4   *challenging aspects of their parole review* that, so long as they prevail, could potentially

5   affect the duration of their confinement, such relief is available under the federal habeas

6   statute." *Id.* at 1031 (emphasis added). Because the petition here does not challenge a

7   parole review proceeding, it may be that *Docken* does not apply. This is a difficult

8   question, however, and it is one that need not be answered, because the petition must be

9   dismissed for failure to state facts that point to a 'real possibility of constitutional error.'"

10  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

11  1970).

12         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

13  custody pursuant to the judgment of a State court only on the ground that he is in custody

14  in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

15  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

16  heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

17  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

18  pursuant to a judgment of a state court must "specify all the grounds for relief which are

19  available to the petitioner ... and shall set forth in summary form the facts supporting each

20  of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

21  foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

22  that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes.

23  "Habeas petitions which appear on their face to be legally insufficient are subject to

24  summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108

25  (9th Cir. 1996) (Schroeder, J., concurring).

26         Petitioner's first issue is his contention that his due process rights were violated

27  when the institution did not send the marijuana for testing until forty-five days after it was

28  seized and thirty days after he and his cellmate tested positive for THC, the active

United States District Court

For the Northern District of California

2

1  ingredient in marijuana. The United States Supreme Court has not recognized any due
2  process right to have evidence in prison disciplinary proceedings tested with any particular
3  speed, and the California regulations petitioner cites are, of course, not relevant to the
4  question whether a federal due process right was violated. *See Estelle v. McGuire*, 502
5  U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged
6  error in the interpretation or application of state law). Petitioner's allegations as to his first
7  issue therefore are not sufficient to show a real possibility of constitutional error. *See* 28
8  U.S.C. § 2254(d) (court may grant federal habeas relief only if the state courts' rejections of
9  the claim were contrary to, or an unreasonable application of, clearly-established United
10  States Supreme Court authority).

11       Petitioner's second issue is a contention that the conviction was not supported by
12  "some evidence." In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that
13  the revocation of good-time credits does not comport with the minimum requirements of
14  procedural due process unless the findings of the prison disciplinary board are supported
15  by some evidence in the record. The standard for the modicum of evidence required is
16  met if there was some evidence from which the conclusion of the administrative tribunal
17  could be deduced. *Id.* at 455. An examination of the entire record is not required nor is an
18  independent assessment of the credibility of witnesses or weighing of the evidence. *Id.*
19  The relevant question is whether there is any evidence in the record that could support the
20  conclusion reached by the disciplinary board. *Id.*

21       The evidence supporting the conviction was (1) the report by the officer who seized
22  the marijuana saying that he found it in petitioner's tennis shoe;(2) the toxicological report
23  saying that the substance was marijuana, and (3) the lab report saying that petitioner
24  tested positive for THC, the active ingredient in marijuana. Petitioner says that because
25  the reporting officer did not note his confiscation of the tennis shoes and the marijuana on
26  the search receipt, as allegedly required by DOCR procedures, doubt is cast on the
27  evidence that it was found in his shoe. This ignores that the officer wrote a rules violation
28  report regarding the contraband, and in any event *Hill* does not require an examination of

United States District Court
For the Northern District of California

3

1  the entire record; rather, a court reviewing for "some evidence" must focus on the evidence

2  supporting the outcome. Petitioner also ignores the undisputed fact that he tested positive

3  for THC, which tends to support the conclusion that he possessed the contraband. On

4  petitioner's own allegations, there was more than "some evidence" to support the

5  disciplinary conviction.

6  Petitioner's second contention therefore is not sufficient to show a real possibility of

7  constitutional error. The petition will be summarily dismissed. *See Calderon v. United*

8  *States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

9  concurring) ("Habeas petitions which appear on their face to be legally insufficient are

10  subject to summary dismissal.").

**CONCLUSION**

12  For the reasons discussed above, this case is **DISMISSED**. The clerk shall close

13  the file.

14  **IT IS SO ORDERED.**

15

16  Dated:  July 28, 2008.

PHYLLIS J. HAMILTON
United States District Judge

28  G:\PRO-SE\PJH\HC.08\MOSS2891.dsm.wpd

*United States District Court*
*For the Northern District of California*

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDREW B MOSS ,

Plaintiff,

v.

ROBERT L AYERS JR,

Defendant.

/

Case Number: CV08-02891 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Bernard Moss E-74525
San Quentin State Prison
4-N-27 Up
San Quentin, CA 94964

Dated: July 29, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

# EXHIBIT B

FILED

JUN 16 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4

5

6  ANDREW BERNARD MOSS,

7            Petitioner,                    No. C 08-2891 PJH (PR)

8  vs.                                      **ORDER FOR PETITIONER TO
                                            SHOW CAUSE; GRANT OF**
9  ROBERT L. AYERS, JR.,                    **LEAVE TO PROCEED IN
                                            FORMA PAUPERIS**
10           Respondent.
                                    /
11

12        Petitioner, a California prisoner currently incarcerated at San Quentin State Prison,

13  has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

14  also requests leave to proceed in forma pauperis.

15        Venue is proper because petitioner is confined in this district.  *See* 28 U.S.C.

16  § 2241(d).

17                                  **BACKGROUND**

18        The petition is directed to petitioner's conviction of violating a prison rule against

19  possession of a controlled substance.  Among the sanctions imposed for violation of the

20  rule was a loss of 130 days of good time.

21                                  **DISCUSSION**

22  *A.    Standard of Review*

23        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

24  custody pursuant to the judgment of a State court only on the ground that he is in custody

25  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

26  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

27  heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

28  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

United States District Court
For the Northern District of California

1    pursuant to a judgment of a state court must "specify all the grounds for relief which are
2    available to the petitioner ... and shall set forth in summary form the facts supporting each
3    of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.
4    foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts
5    that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes
6    (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which
7    appear on their face to be legally insufficient are subject to summary dismissal." *Calderon*
8    *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,
9    concurring).

10   *B.    Legal Claims*

11         As grounds for federal habeas relief, petitioner asserts that: (1) His due process
12   rights were violated when the institution did not send the marijuana for testing until forty-
13   five days after it was seized and thirty days after he and his cellmate tested positive for
14   THC, the active ingredient in marijuana; and (2) there was not "some evidence" to support
15   his conviction for violating a rule against possession and distribution of a controlled
16   substance.

17         Although the rule may be different for state habeas petitions, federal habeas
18   petitions can be used only to attack the legality of a petitioner's confinement or the length
19   of it. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931
20   F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions
21   of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
22   dismissal of habeas petition on basis that challenges to terms and conditions of
23   confinement must be brought in civil rights complaint). Habeas jurisdiction is not proper
24   "where a successful challenge to a prison condition will not necessarily shorten the
25   prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

26         Although petitioner lost good time credits in the rule violation hearing, which might
27   seem to affect the duration of his confinement, that is not necessarily so.  He says that his
28   sentence for attempted murder was seven years to life. California law provides that an

United States District Court
For the Northern District of California

2

1  indeterminate sentence such as this is a life sentence, and that the Board of Parole

2  Hearings is not required set a the term of years for such prisoners until it finds the prisoner

3  suitable for parole. *In re Dannenberg*, 34 Cal. 4th 1061, 1082-83 (2005). It thus appears

4  that return of the lost good time would not "necessarily" shorten his sentence, in which

5  case the rule violation decision would not be the proper target of a habeas petition.

6  Petitioner will be afforded an opportunity to show cause why the case should not be

7  dismissed as not properly brought in habeas.

8                                    **CONCLUSION**

9         1. Leave to proceed in forma pauperis (document number 2 on the docket) is

10  **GRANTED**.

11        2. Petitioner shall show cause within thirty days of the date this order is entered why

12  the case should not be dismissed as not properly brought in habeas. To do so, he must

13  show that the alleged violations of his rights will necessarily have an effect on the length of

14  his sentence. If he does not, the case will be dismissed.

15        3. Petitioner is reminded that all communications with the court must be served on

16  respondent by mailing a true copy of the document to respondent's counsel. Petitioner

17  must keep the court informed of any change of address and must comply with the court's

18  orders in a timely fashion. Failure to do so may result in the dismissal of this action for

19  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v.*

20  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

21        **IT IS SO ORDERED.**

22
    Dated: June __16__, 2008.                    _____
23                                                PHYLLIS J. HAMILTON
                                                 United States District Judge
24

25

26

27

28  G:\PRO-SE\PJH\HC.06\ONEAL746.OSC-P

United States District Court
For the Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDREW B MOSS,

Case Number: CV08-02891 PJH

Petitioner,

**CERTIFICATE OF SERVICE**

v.

ROBERT L AYERS JR,

Respondent.

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Bernard Moss E-74525
San Quentin State Prison
4-N-27 Up
San Quentin, CA 94964

Dated: June 16, 2008

*Nikki Hu*

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

1    **DECLARATION OF SERVICE BY MAIL**
2    (Moss v. Ayers, case number C 08-2891 PJH (PR))

3    I, Andrew Bernard Moss, declare that I am over the age

4    of eighteen (18) years; I am a party to the attached action;

5    I served the attached document entitled: **MOTION FOR**

6    **RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES** on the

7    persons/parties specified below by placing a true copy of said

8    document into a sealed envelope with the appropriate postage

9    affixed thereto and surrendered said envelope to the staff

10   of San Quentin State Prison entrusted with the logging and

11   mailing of inmate legal mail addressed as follows:

12                    State of California
                Office of the Attorney General
13               455 Golden Gate Ave., Suite 11000
                   San Francisco, CA 94102
14

15   There is First Class mail delivery service by the United

16   States Post Office between the place of mailing and the address

17   indicated above.

18   I declare under the penalty of perjury laws of the United

19   States and the State of California that the foregoing is true

20   and correct and that I executed this service this **8th** day of

21   **August 2008**, in San Quentin, California.

22                                _Andrew B Moss_
                                 Andrew Bernard Moss
23                               Declarant

24

25

26

27

28

Andrew B Moss E-74525
S.Q.S.P. 4N27 UPPER
SAN QuentiN CA 94964

LEGAL MAIL

OFFicE OF THE CLERK U.S. DistRic
NORTHERN DistRic OF California
450 Golden GATE AVENu
SAN FRANciSco CA 9414...

RECEIVED
AUG 1 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PJH











c/o Tram   8·10·08